UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Christopher James Mansoori,
(2019-1007189),

    *Plaintiff,*

v.

Doe, *et al.*,

    *Defendants.*

No. 22 CV 1642

Judge Lindsay C. Jenkins

## ORDER

    Plaintiff's amended complaint [Dkt. 70] may proceed against the following Defendants: Cook County Jail Superintendents Beacham, Queen, and McCray; Lieutenant Holmes; Sergeant Amador; and Nurse Alesia Hines. The other Defendants are dismissed. The Defendants who have already been served shall respond to the amended complaint by April 5, 2024. As to Nurse Hines, the Clerk shall issue summons for her, and by April 5, 2024, Plaintiff must file a completed USM-285 service form, which will be forwarded to the Marshal to serve. The Marshal may again charge Plaintiff the cost to serve Hines since Plaintiff is not proceeding *in forma pauperis*. Plaintiff's motion for more time to serve Hines and to toll the statute of limitations for his claim against her [Dkt. 72] is denied. Though Fed. R. Civ. P. 4(m) states a complaint must be served within 90 days of its filing, complaints filed by prisoners cannot proceed until screened by a district court. See 28 U.S.C. § 1915A. As to Plaintiff's request to toll the statute of limitations, the Court will not address the issue at this time but may address it Defendant Hines raises a time-bar defense. The Clerk is directed to send: (1) a copy of this order to Plaintiff and the U.S. Marshal and (2) a USM-285 form to Plaintiff.

## STATEMENT

    Currently before the Court is Christopher Mansoori's amended complaint for initial review. [Dkt. 70.] Similar to his original complaint, the amended complaint alleges that, while housed in different tiers in Divisions 2, 4, and 6 at the jail, he endured excessive amounts of second-hand smoke from inmates smoking papers infused with cannabinoids (synthetic marijuana) and other chemicals to get high. *Id.* at 6-17. He believes the other chemicals were meth, fentanyl, paint thinner, and roach spray, some of which was smuggled into the jail by guards and a teacher's assistant. *Id.* at 7, 10, 13. According to Plaintiff, inmates light twisted or rolled up toilet paper to use as a "wick," which stays lit to ignite the papers being smoked. *Id.* at 7. He asserts this is a systemic, "widespread condition" that exists in every tier where he was housed from December of 2020 to August of 2022, and that for more than 20

months, he inhaled "toxic chemicals and burnt toilet paper." *Id.* at 8-9. He alleges that superintendents and other "ranking officials … knowingly condone" the situation by taking inadequate steps to remedy it. *Id.* at 14.

Plaintiff further explains that: he has a valvular heart backflow condition, for which the "smoke is extremely detrimental," *id.* at 9 and 17; he experienced illnesses because of the smoke; his "aorta has narrowed by 3%"; and tests for his lungs and respiratory tracts have been ordered but not yet performed. *Id.* at 8, 16-17.

On July 18, 2022, the Court allowed Plaintiff's original complaint to proceed with its claims of exposure to second-hand smoke against five jail supervisory officers and one nurse—Superintendents Beacham, Queen, and McCray; Lieutenant Holmes; Sergeant Amador; and Nurse Lorraine (later identified as Alesia Hines). [Dkt. 7.] The Court determined that, at the pleading stage, it could infer "the personal involvement of senior jail officials" with respect the alleged systemic problem of second-hand smoke. *Id.* at 3-4 (quoting *Smith v. Dart*, 803 F.3d 304, 310 n.2 (7th Cir. 2015)). The complaint was also allowed to proceed against Nurse Lorraine (Hines), who allegedly provided inadequate care for his health conditions related to consistently inhaling the smoke and who said she was referring him a doctor but never did. *Id.* at 4. The Court, however, dismissed non-supervisory Defendants Correctional Officers Adams, Mintah, and unidentified John Does because the allegations against them were conclusory and speculative. *Id.* Except for Nurse Hines, the Defendants not dismissed in the July 18, 2022 order have been served and appearances have been entered for them. [Dkts. 10, 17-21.]

For the same reasons stated in its July 18, 2022 order, the Court allows the amended complaint to proceed against the supervisory officers (Superintendents Beacham, Queen, and McCray, Lt. Holmes, and Sgt. Amador) and against Nurse Hines. These Defendants allegedly knew about the smoke in the jail areas they supervise, but allowed the condition to continue, thus condoning such conduct. *Smith v. Dart*, 803 F.3d at 310 n.2 ("the personal involvement of senior jail officials" may be inferred at the pleading stage of a case with respect systemic, as opposed to localized, adverse conditions). Also, Plaintiff alleges that Hines intentionally provided inadequate care for his health conditions related to smoke inhalation and never referred him to a doctor for testing or additional care. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (jail medical personnel may violate the Fourteenth Amendment if a detainee suffered an objectively serious health condition, and their action or inaction was intentionally or recklessly inadequate).

Like Plaintiff's original complaint, his amended one seeks to include Correctional Officers Adams and Mintah as Defendants. For the same reasons stated in the Court's July 18, 2022 order, the amended complaint's allegations are insufficient to support claims against these officers. Plaintiff alleges only: "Adams

2

never cared [that] inmates smoked or that they had wicks," and "Mintah tried to catch wicks and smokers, but there were so many he could hardly combat it." (Dkt. 70, pg. 8.) The allegation against Adams simply describes his indifference to the smoke condition but states no action or inaction by him. The allegation against Mintah asserts no intentional or reckless behavior, but instead simply acknowledges one officer's unsuccessful attempts to control an apparently uncontrollable condition. "To state a Fourteenth Amendment conditions-of-confinement claim, a plaintiff must allege that the complained of conditions were objectively serious, that the defendant acted purposefully, knowingly, or perhaps even recklessly with respect to the consequences of his actions, and that the defendant's actions were objectively unreasonable." *Flemino v. Eau Claire Cnty. Jail*, 2023 WL 1927694, at *2 (W.D. Wis. Feb. 10, 2023) (citing *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022)). Plaintiff alleges no conduct by Adams, nor any objectively unreasonable conduct by Mintah. These Defendants are dismissed.

Plaintiff's amended complaint seeks to include two new Defendants, Nurses Olikaqu Kingson and Velinda Llorens. As to Kingson, Plaintiff alleges only that Kingson, while delivering medications to inmates' cells, told Plaintiff that Kingson could not treat him for secondhand smoke and that "it's a security issue." [Dkt. 70, pg. 16.] Plaintiff states that "[t]his was the only time I had a conversation with this man." *Id.* As to Nurse Velinda Llorens, Plaintiff alleges only that on one occasion, while visiting inmates in their cells, she told Plaintiff that there was nothing she could do for him at that time because "the doctor is too busy, we're backed up, that's why I'm coming to your cell." *Id.*

Plaintiff's allegations about one conversation with each of these nurses—both of whom provided reasons why he or she could not treat Plaintiff at a particular time—are insufficient to support claims against them. To satisfy Fed. R. Civ. P. 8(a)(2)'s notice-pleading requirement, a complaint must "state a claim to relief that is plausible on its face," meaning its allegations must indicate "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Nurse Kingson's single comment while delivering medications—that the smoke problem was a security and not a medical issue—does not support a Fourteenth Amendment claim. Whether Plaintiff required treatment at that time and whether Kingson could provide treatment when he was only there to deliver medications are unclear from Plaintiff's amended complaint. This single allegation does not "raise [his] right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Similarly, Plaintiff's allegation that Nurse Llorens wouldn't treat Plaintiff for smoke-related medical issues on one occasion when "the doctor [wa]s too busy," (Dkt.

3

70, pg. 16), asserts too little to state a claim beyond the speculative level. These Defendants are dismissed.

      Accordingly, for the reasons stated above, Plaintiff's amended complaint may proceed against Defendants Cook County Jail Superintendents Beacham, Queen, and McCray, Lt. Holmes, Sgt. Amador, and Nurse Hines. The other Defendants are dismissed. Beacham, Queen, McCray, Holmes, and Amador have already been served in this case and attorneys have entered appearances for them. They need not be served again. Nurse Hines, however, is a newly added (or identified) Defendant who must be served. The Clerk of this Court will issue summons for service of the amended complaint on Hines.

Enter: 22-cv-1642
Date:  March 13, 2024

                                                  Lindsay C. Jenkins
                                                  United States District Court Judge