MR  FILED 3/19/2024 MCF
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori,<br><br>Plaintiff<br><br>v.<br><br>Sgt. Amador et al.<br><br>Defendants | Case No. 22-cv-01642<br>Judge Lindsay C. Jenkins<br>Magistrate Jeffrey T. Gilbert |

## MOTION TO COMPEL

Now comes the Plaintiff, Christopher Mansoori, pro se, and hereby moves this Honorable Court to Compel Defendants to cooperate in Discovery, pursuant to Fed. R. Civ. P. 37(a)(3). In support of, Plaintiff argues the following:

1. Defendants have failed to produce all requested documents related to "wicks" spanning over specific time periods and tiers. Plaintiff seeks all incident reports related to wicks, including tickets for inmates for such, as requested.

2. Defendants have failed to produce "every incident report spanning three months before and three months after every tier he was ever confined to." Defendants have printed off approximately four reports and put one sentence on each page to make one report appear on ten to twelve pages,

1 of 4

Plaintiff seeks all evidence of Drugs, tobacco, smoke, smoking, coffee squares, and any report indicating use of the above mentioned things from every tier Plaintiff was held, at any time, as it was requested. Defendants have very manipulatively and minimally provided a couple of reports which barely scratches the surface of the request. The withheld Discovery extensively supports Plaintiff's allegations and Defendants are withholding the Discovery in bad-faith. Plaintiff seeks all reports to be printed on a single page or continuously in full text covering as much as a page can contain before utilizing the next page (not a sentence on each page). There are a vast amount of reports to be produced, that defendants are failing to do so uncooperatively, to unsubstantiate the extensive nature of Plaintiff's claims. This is prejudicial or prejudices Plaintiff and is a Discovery violation.

3. Defendants have failed to produce all statistical information from Cook County indicating how many inmates required medical information after smoking during the relevant locations and times complained of. They failed to Disclose how many times Narcane was administered there separately, how many were revived, and how many inmates died from overdose spanning from January 2021 through December 31, 2022. This Discovery was requested and Plaintiff still seeks it. Defendants are uncooperative in the Discovery requests, consciously.

4. Defendants have failed to produce All medical health requests related to the seeking of medical attention for plaintiff's lungs, respiratory tract, head/brain, and screening of. The written requests submitted by Plaintiff have not all been produced. Plaintiff seeks all of them.

2 of 4

5. Defendants have failed to produce any sheriff's own grievance or administrative filing related to smoke filled tiers while they work tiers. The suppression of this evidence extremely prejudices Plaintiff and is done in bad faith by Defendants to conceal issues raised by County sheriffs that support Plaintiff's claims. Plaintiff knows for a fact sheriffs filed reports complaining of smoke on the job.

6. Suggestions for potential sanctions.
If Defendants continue to be non-compliant in Discovery in any material listed in 1-5 above, Plaintiff asserts that it will extremely prejudice him in trying the case and he would seek a Default Judgement as a result of Defendants' conduct.

7. Defendants have generally not answered any interrogatories and objected to every question evasively and not entirely on proper grounds. This conduct is uncooperative within Discovery and Plaintiff highlights it. Defense Counsel stated, "It's a routine habit of ours to object to every interrogatory."

Wherefore, Plaintiff prays this Honorable Court grants his motion to compel and orders any remedy deemed appropriate and just. Plaintiff also seeks an order from the Court awarding pro se Plaintiff fees or costs for the extra time and effort spent drafting this motion, at the Defendants' expense, due to their flagrant uncooperative approach to the Discovery process and the bad-faith they have demonstrated concealing material evidence, in abundance.

Respectfully submitted,
Christopher Mansoori

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Christopher Mansoori 3-1-24
Christopher Mansoori
20191007189
2700 S. California
Chicago IL 60608

### Certificate of Service

I, Christopher Mansoori, swear under penalty of perjury, that I filed a Motion to Compel in case #22-CV-01642, with the Clerk of the U.S. District Court, by handing the document, in an envelope with proper postage, to jail staff for outgoing mail, on 3/7/24, addressed to: Prisoner Correspondence, United States District Courthouse, 219 S. Dearborn Street, Chicago IL 60604. I simultaneously sent a copy to Defense Counsel, addressed to: Joel Zeid, Cook County State's Attorney's Office, 50 W. Washington, Chicago IL 60602.

Christopher Mansoori
Christopher Mansoori

RECEIVED
2024 MAR 19 AM 9:12

RECEIVED
2024 MAR 19 AM 9:12

Christopher Mansoori
20191007189
2700 S. California
Chicago IL 60608

  

Prisoner Correspondence
United States District Courthouse
219 S. Dearborn Street
Chicago IL 60604



03/19/2024-19