UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | ) | Case No. 22-cv-01642 |
| | ) | |
| Plaintiff, | ) | Judge Lindsay C. Jenkins |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| SGT. AMADOR, LT. HOLMES, SUPT. MCCRAY, ASSIST. EXEC. DIR. QUEEN, EXEC. DIR. BEACHEM, and ALESIA HINES | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION
FOR ENTRY OF PROTECTIVE ORDER**

NOW COMES Defendant, ALESIA HINES, by and through her attorneys, Special Assistant State's Attorneys Jason E. DeVore and Zachary G. Stillman, of DeVore Radunsky LLC, in agreement with all other Defense Counsel of Record, in support of Defendants' Joint Motion for Entry of Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, state as follows:

**INTRODUCTION**

On June 11, 2024, *Pro se* Plaintiff Christopher Mansoori noticed and took the lead at the deposition of witness, Antoine Pierce. During the deposition, Hines' Defense counsel Troy Radunsky made reasonable, concise objections to numerous objectionable questions asked by Plaintiff. The objections were based upon improper form, speculation, argumentative, and assuming facts not in evidence. Plaintiff responded to the objections by becoming increasingly angry, ,belligerent, and hostile with opposing counsel. Defense counsel attempted, unsuccessfully, multiple times to defuse the situation with Plaintiff's escalating behavior. Plaintiff interrupted, attacked, threatened, and yelled at attorney Radinsky in the process, becoming entirely

1

unreasonable and uncivil. This movant will provide the written transcript and audio of the hearing as soon as it becomes available.

Following Plaintiff's repeated attacks on counsel and refusal to proceed in a civil, professional manner, Defense counsel terminated the deposition. Unfortunately, the actions of Plaintiff on June 11, 2024, reflect Plaintiff's pattern of engaging in uncivil and abusive behavior towards counsel during at least two depositions. Plaintiff's unprofessional conduct and incivility cannot be allowed to continue.

Accordingly, this Defendant seeks an order requiring Plaintiff to stop his abusive behavior at any deposition to ensure fairness, civility and decorum in all future depositions.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 26(c)(1) provides that Courts may issue a protective order to protect a party from annoyance, embarrassment, or oppression, where good cause is found for such. Fed. R. Civ. P. 26(c)(1). The moving party moving has the burden of establishing the existence of good cause. Fed. R. Civ. P. 26(c). Good cause is difficult to define in absolute terms, but generally signifies a sound basis or legitimate need to take judicial action. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir.1987)). In determining whether there is good cause for a protective order, courts must balance the interests involved. *Doe v. Marsalis*, 202 F.R.D. 233, 237 (N.D. Ill. 2001); *Wiggins*, 173 F.R.D. at 229.

Additionally, Rule 30(d)(3) provides that at any time during a deposition, a party may move to terminate or limit it "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3).

**ARGUMENT**

I. **The Need for Entry of a Protective Order is Evident from Plaintiff's Conduct at the June 11, 2024, Deposition of Antoine Pierce**

A protective order is needed to allow this case to proceed in a fair and safe manner. During the June 11, 2024, deposition of Antoine Pierce, Plaintiff refused to allow Defense Counsels to assert objections to his lines of questioning. As plaintiff's anger rose over what he perceived to be "interruptions" to his questioning, he grew increasingly more erratic, and he began screaming. Plaintiff also threatened to report Defense counsels to the ARDC, seek sanctions, and relentlessly attacked counsel while demanding that Defense Counsel leave the deposition so Plaintiff could continue his antics Plaintiff has cited no source for his believed immunity from objections from opposing counsels' deposition, and his belief is improper.

Federal Rule of Civil Procedure 30(c)(2) establishes that objections in depositions are to be noted on the record at the time of examination. The rules specifically state that such objections "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Federal rules also provide that the Court may impose sanctions on any party "who impedes, delays, or frustrates the fair examination" of a deponent. Fed. R. Civ. P. 30(d)(2).

Counsel at depositions may object to the form of a question by making short, simple, and "concise[]," objections. *See* Fed. R. Civ. P. 30(c)(2). Such short-and-simple objections preserve any and all objections to the form of the question, *see* Fed. R. Civ. P. 32(d)(3)(B), including (1) leading; (2) vague; (3) ambiguous; (4) argumentative; (5) lack of personal knowledge; (6) lack of foundation; (7) calls for speculation; (8) calls for a legal conclusion; (9) assumes facts not in evidence; (10) misstates the facts, or the testimony; (11) hearsay; (12) compound; (13) the document speaks for itself; and so on. Acceptable objections include "object to the form," "objection; form," and "object to the form of the question." *Id.* The Seventh Circuit's Standards

3

for Professional Conduct also support that counsel may object to deposition questions when necessary under the applicable rules, to preserve an objection or privilege for resolution by the court. *See Standards for Professional Conduct Within the Seventh Federal Circuit*, No. 21.

Where a questioning attorney or other party desires clarification about the nature of an objection, they are free to ask the objecting attorney to explain the objection and thus request an opportunity to "correct[]" the "form of a question . . . at the time." *See* Fed. R. Civ. P. 32(d)(3)(B)(i). However, when there is a breakdown of decorum at a deposition, a court should use "its authority to maintain standards of civility and professionalism. It is precisely when animosity runs high that playing by the rules ... is vital ... for the judge has no direct means of control [at a deposition]." *United States ex. rel Baltazar v. Warden*, 302 F.R.D. 256, 267 (N.D. Ill. Sept. 8, 2014) (quoting *Redwood v. Dobson*, 476 F.3d 462, 469 (7th Cir. 2007)).

As to terminating a deposition, Rule 30(d)(3)(a) states that "at any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(a).

Many courts have ruled repeatedly that misconduct such as belligerent and uncivil behavior at deposition justifies termination of such proceedings. In *NDK Crystal, Inc v. Nipponkoa Ins. Co. Ltd.*, No. 10C1824, 2011 WL 43093 at *4 (N.D. Ill. Jan. 4, 2011) (quoting *Smith v. Logansport Comm. School. Corp.*, 139 F.R.D. 637, 643 (N.D. Ind. 1991)), the Northern District of Illinois specifically noted that where it is believed that questioning turns into harassment, it is proper to "suspen[d] the deposition at that junction, stat[e] ... complaints on the record, and appl[y] immediately to the court for protection." But this consideration of misconduct does not end only at harassing questions. Where plaintiffs have committed such acts as physically throwing chairs,

4

or using vulgarity or threats of violence, directed at the court reporter, or any other party, courts have affirmed the ability of parties to terminate such proceedings, and have even issued sanctions for such conduct up to and including dismissal. *It v. Duckert*, 18CV1289bnl, 2021 WL 778425 at *4 (E.D. Wis. Mar. 1, 2021). Other courts have also affirmed termination of deposition proceedings as proper where provoked by a plaintiff's counsel physically standing out of his chair and screaming at the top of his lungs to defense counsel to "Stop talking now!" *Baker v. Welker*, 438 Fed. Appx. 852, 855 (11th Cir. 2011).

Most courts would also note objections at deposition to be permissible, even where the party taking the deposition felt them to be harassing or improper. *See NDK Crystal, Inc v. Nipponkoa Ins. Co. Ltd.*, No. 10C1824, 2011 WL 43093 (N.D. Ill. Jan. 4, 2011). In *Johnson v. Statewide Investigative Services, Inc.*, the plaintiff's deposition was terminated after Defense counsel accused Plaintiff's counsel of "general obstructiveness" for making speaking objections and objecting to questions as "asked and answered." 20C1514, 2021 WL 825653 at *1 (N.D. Ill. Mar. 4, 2021). That decision specifically noted sanctions to be inappropriate in such case. *Id.* at 9 ("counsel's dislike for each other, combined with a level of unprofessionalism, has resulted in any dispute in this case going from an intensity level of zero to ten in a moment's notice").

There is also precedent for the type of Protective Order sought by Defendants. This Court has specifically ordered additional respect and decorum type guidelines for depositions to be conducted pursuant to. For example, in *United States ex rel. Baltazar v. Warden*, 302 F.R.D. 256, 267-68 (N.D. Ill. Sept. 8, 2014), this Court, upon finding that counsel leading the deposition of the plaintiff was intimidating and harassing the witness, ordered such relief as forbidding interruptions, forbidding characterizations of answers, forbidding arguments between the

5

examining counsel and witness, forbidding any calling of any party a liar, and demanding that examining counsel be courteous, respectful, and civil, to all counsel and witnesses present.

Here, Defendants request a protective order with similar such provisions to those enacted in *United States ex rel. Baltazar v. Warden*. Plaintiff's conduct towards other parties at the deposition of Antoine Pierce was not tolerable, and he must be made to understand that his participation in this litigation on a *pro se* basis is a *privilege* requiring adherence to the standards of professionality and decorum expected by this Court. Plaintiff's refusal to permit the parties to assert permitted objections to his lines of questioning necessitates explicit affirmation of the protection of this right among the parties. Further, as Plaintiff's behavior and anger got out of hand, his outright screaming over all other parties of demands to stop talking/interrupting, threats, and profanity, further necessitate an order permitting the termination of any such deposition proceedings on reoccurrence of such conduct.

Accordingly, Defendants jointly request that this Court grant their Motion for Entry of a Protective Order.

WHEREFORE, Defendants jointly respectfully request an order entered by this Court as follows:

1. Defendants' Joint Motion for Entry of Protective Order is granted;
2. Find that Plaintiff must follow the standards of professionality and decorum befitting a litigant in this Court when taking depositions of witnesses and not engage in threatening, belligerent behavior, including screaming or yelling;
3. Any other further relief that this Court deems appropriate.

                                                        Respectfully Submitted,

                                   By:   */s/ Zachary G. Stillman*

                                                        Zachary G. Stillman, One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone
jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that **Defendants' Joint Motion for Entry of Protective Order** was filed on June 12, 2024, with the Northern District of Illinois ECF System, serving a copy to all parties.

                                                      */s/ Zachary Stillman*
                                                      Zachary G. Stillman