```
 1              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3

 4    CHRISTOPHER MANSOORI,          )
                                     )
 5              Plaintiff,           )
                                     )
 6         -vs-                      )    No. 22-cv-1642
                                     )
 7    SERGEANT ARMADORE, et al,      )
                                     )
 8              Defendants.          )
      _____)
 9

10

11              DEPOSITION OF ANTIONE PIERCE

12                  Appearing Via Zoom

13                    June 11, 2024

14                     10:00 a.m.

15

16

17

18

19

20

21

22

23

24    REPORTED BY:
      Stacy S. Warpool, CSR, RPR
25    License No. 084-003577
```

1        The deposition of ANTIONE PIERCE, appearing

2    via remote videoconference, called by the Plaintiff

3    for examination, pursuant to notice and pursuant to

4    the Federal Rules of Civil Procedure for the United

5    States District Courts pertaining to the taking of

6    depositions, taken before Stacy S. Warpool, CSR, RPR,

7    commencing at the hour of 10:33 a.m. on the 11th day

8    of June, A.D., 2024.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    REMOTE APPEARANCES:

 2

 3         MR. CHRISTOPHER MANSOORI
           ID No. 2019 1007 189 - Division 6
           Cook County Jail
 4         2700 South California Avenue
           Chicago, Illinois  60608
 5

 6         MR. JOEL ZEID
           Assistant State's Attorney
 7         Civil Rights/Torts Litigation
           500 Richard J. Daley Center
 8         Chicago, Illinois  60602
           (984) 666-0654
 9         joel.zeid@cookcountysao.org

10

11         DEVORE RADUNSKY, LLC
           MR. JASON E. DeVORE
           MR. TROY S. RADUNSKY
12         MR. ZACHARY G. STILLMAN
           Special State's Attorney
13         230 West Monroe Street, Suite 230
           Chicago, Illinois  60606
14         (312) 300-4479
           tradunsky@devoreradunsky.com
15

16

17         TRIBLER ORPETT & MEYER, P.C.
           MR. KEVIN C. KIRK
           Special State's Attorney
18         225 West Washington Street, Suite 2250
           Chicago, Illinois  60660
19         (608) 963-3654
           kckirk@tribler.com
20

21    Also Present:

22

23         Ms. Hannah Cohen
           Ms. Abigail Holtzman

24

25
```

```
 1                            INDEX

 2

 3    WITNESS                      DX   CX   RDX   RCX

 4    ANTIONE PIERCE

 5        By Mr. Mansoori           5

 6

 7

 8

 9                          EXHIBITS

10
          PIERCE
11    DEPOSITION EXHIBIT              MARKED FOR ID

12
              ***  NO EXHIBITS MARKED  ***
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    (Witness duly sworn.)
 2                    ANTIONE PIERCE,
 3    called as a witness herein, having been first duly
 4    sworn, was examined and testified as follows:
 5                    DIRECT EXAMINATION
 6    BY MR. MANSOORI:
 7        Q.   Good morning, Mr. Pierce.  Can you state your
 8    name for the record and spell it.
 9        A.   Antione Pierce.  A-N-T-I-O-N-E.  Last name
10    Pierce, P-I-E-R-C-E.
11             MR. MANSOORI:  Today I'm going to be
12    conducting a series of questions in regard to Case
13    No. 22cv1642.  Let the record reflect that.
14    BY MR. MANSOORI:
15        Q.   Mr. Pierce, can you also state your Cook
16    County Booking ID number for the record.
17        A.   2020 0715 063.
18        Q.   And currently you are in IDOC custody?
19        A.   Yeah.  Yes.
20        Q.   All right.  For how long have you been in
21    IDOC custody as of now?
22        A.   Since May 23rd.
23        Q.   Okay.  Do you know your IDOC Booking number?
24        A.   Yes.
25        Q.   Can you state that for the record.
```

1    A.    M12662.

2    Q.    All right.  How long were you at Cook County

3  Jail before you went to IDOC?

4    A.    Since July 15 of 2020.

5    Q.    All right.  Mr. Pierce, were you and I,

6  during your stay at Cook County Jail, were we housed

7  on some of the same tiers repeatedly?

8    A.    Yes.

9    Q.    Okay.  I would like to bring your attention

10  to -- I'm going to ask you a series of questions.  Do

11  you remember being on Tier 2N, Nancy, with me?

12    A.    Yes.

13    Q.    Do you remember what time period that was

14  exactly?

15    A.    Probably in '22.

16    Q.    Okay.  Would January of 2022 sound correct?

17    A.    Yes, exactly.

18    Q.    All right.  And while we were on 2N -- well,

19  first of all, do you know what a wick is?

20    A.    Yes.  I've smelt it so many times.

21    Q.    All right.  What is a wick?  Can you describe

22  it?

23    A.    It's a -- it's a tissue braided up and lit.

24    Q.    What purpose does it serve?

25    A.    For people to smoke.

1    Q.   Okay.  And while we were on 2N, was there a

2    lot of smoking going on?

3    A.   It was like a smoke -- it was a smoke unit.

4    It was cloudy.

5    Q.   All right.

6    A.   Hard to breathe.

7    Q.   All right.  Can you describe a little bit

8    more how frequently were wicks being burned on this

9    Tier 2N while you and I were housed together?

10   A.   24 hours a day.

11   Q.   How many inmates were burning them 24 hours a

12   day?

13   A.   At least half of the deck.  Like at least --

14   like at least like 15 guys.

15   Q.   All right.  When you say 24 hours a day, does

16   that mean even while people are sleeping --

17   A.   Yes.

18   Q.   -- they're burning?

19   A.   Yes.  They put it in their vent and make a

20   long one or they'll put it in the vent under the bed

21   so when the officer walk past, he can't see it and

22   have it burning into the next morning.  They just keep

23   them going.

24   Q.   And why do inmates do that?

25   A.   To get high.

```
 1                    MR. RADUNSKY:  Objection, speculation.
 2                    You can answer.
 3      BY MR. MANSOORI:
 4          Q.   By keeping the wicks lit, do the inmates get
 5      to keep relighting drugs?
 6          A.   Yes.
 7          Q.   Okay.
 8          A.   To keep getting high.
 9                    MR. RADUNSKY:  Same objection, speculation.
10                    MR. MANSOORI:  I'm going to make an offer of
11      proof.  Mr. Pierce has firsthand knowledge and he
12      witnessed what people do with the wicks so it's beyond
13      speculation because he witnessed it with his own eyes.
14      BY MR. MANSOORI:
15          Q.   Mr. Pierce, what were people smoking?
16          A.   They were smoking the paper, the paper.
17          Q.   Was this just regular paper?  What kind of
18      paper is this?
19          A.   It was regular paper --
20                    MR. RADUNSKY:  Hold on one second, sir.  Hold
21      on.
22                    Objection.  It's foundation, speculation,
23      assumes facts not in evidence.
24                    You can answer.
25                    THE WITNESS:  I can answer?
```

```
1              MR. RADUNSKY:  You can answer.

2              MR. MANSOORI:  I'm going to strike the

3      question and I'm going to start from scratch.

4      BY MR. MANSOORI:

5          Q.   All right.  Mr. Pierce, you said inmates burn

6      wicks so they can light drugs; correct?

7          A.   Correct.

8              MR. RADUNSKY:  Objection, leading.

9              MR. MANSOORI:  I'm just quoting his previous

10     testimony.

11             MR. RADUNSKY:  I don't care.  It's leading.

12             MR. MANSOORI:  I'm making the offer of proof.

13             MR. RADUNSKY:  You don't have to do that in a

14     deposition but thanks for doing it anyway.

15     BY MR. MANSOORI:

16         Q.   Okay.  All right.  Mr. Pierce, were drugs on

17     the tier?

18         A.   Yeah --

19             MR. RADUNSKY:  Objection -- hold on,

20     Mr. Pierce.  You've got to let the attorneys object if

21     they have them before you answer; okay.  So give us a

22     chance.  I appreciate that.

23             My objection is objection to form,

24     foundation, speculation, assumes facts not in

25     evidence.
```

1      You can answer, sir.  Go ahead.

2      MR. MANSOORI:  Time out.  Time out.

3 Mr. Radunsky, let's keep this polite, but the man

4 already testified that they're smoking drugs.  That's

5 the foundation.  You making multiple objections on

6 different grounds is not allowed.  You're

7 interrupting.  There's clearly a foundation.  Let the

8 man answer the questions.

9      MR. RADUNSKY:  I'm going to make my

10 objections, Chris.  If you've got a problem with it,

11 then you can take it to the judge.  Don't tell me how

12 to defend my client.  I've been a lawyer for 25 years.

13 I know what I'm doing.

14      MR. MANSOORI:  Your client isn't testifying

15 right now.

16      MR. RADUNSKY:  Chris, you're not going to

17 yell either or raise your voice.  You're --

18      MR. MANSOORI:  You're interrupting --

19      MR. RADUNSKY:  Let me finish.  Can you let me

20 finish or are you going to continue --

21      MR. MANSOORI:  Let me finish asking my

22 questions.

23      MR. RADUNSKY:  Let me finish, Chris.  Are you

24 going to interrupt me?  I'll let you finish and then

25 I'm going to finish.  You tell me when you're done and

1    then I'll continue; okay.  If you interrupt me again,

2    then we will take the transcript to the Court.  Go

3    ahead and make your record and then I'll make mine.

4          MR. MANSOORI:  You're done?  Because you're

5    interrupting me.

6    BY MR. MANSOORI:

7      Q.   Okay.  Mr. Pierce, while we were on 2N, you

8    previously testified people were using wicks to smoke

9    drugs; correct?

10     A.   Correct.

11     Q.   What kind of drugs were they smoking?

12          MR. RADUNSKY:  Objection, foundation,

13   speculation, assumes facts not in evidence.

14          You can answer.

15          Also form of the question.

16          You can answer.

17          MR. MANSOORI:  That's all you're supposed to

18   say.  You keep rambling on and on.

19   BY MR. MANSOORI:

20     Q.   Please answer the question.  Ignore what he's

21   saying.  Please answer the question.

22     A.   It's a paper substance with something sprayed

23   on it.  I don't know exactly what it is, but it's

24   sprayed with something, some type of chemical that

25   gets these guys high.

1    Q.   All right.  Were there different kinds of

2  chemicals?

3           MR. RADUNSKY:  Objection, form, foundation,

4  speculation, assumes facts not in evidence.

5           You can answer.

6           MR. MANSOORI:  The man has not {sic}

7  firsthand knowledge.

8           THE WITNESS:  They have -- they have plenty

9  of drugs in Division 6 -- well, all through the

10 Cook County Jail.

11 BY MR. MANSOORI:

12   Q.   All right.  People who don't choose to smoke,

13 are they forced to breathe the fumes of either of

14 these wicks or a by-product of these drugs?

15          MR. RADUNSKY:  Objection, form, foundation,

16 speculation.

17          MR. ZEID:  I'm going to also object to

18 speculation.

19          You can go ahead and answer.

20          And just for a second, Mr. --

21          MR. MANSOORI:  I'm going to be honest.  This

22 is really ridiculous.  You guys keep saying

23 speculation when the man was on the tier and watched

24 with his own eyes.

25          MR. RADUNSKY:  Chris, I'm going to explain

1   this to you one time, all right.  I'm going to explain

2   this to you one time and that's it.  I'm not going to

3   argue with you and neither are --

4         MR. MANSOORI:  You're wrong.  You're

5   interrupting --

6         MR. RADUNSKY:  It's speculation, Chris.  I'm

7   going to tell you why; because he doesn't know what

8   every inmate was doing, all right, every single time

9   they were doing it, all right.  That's why it's

10  speculation.

11        You're asking a broad-based question saying

12  it applies to every single inmate on the tier so

13  that's why it's speculative and most likely a court

14  would agree with me.  So stop arguing with me, Chris.

15        I'm telling him to answer the question.

16  You're the one that's taking up all this time going

17  back and forth.  Let Mr. Pierce answer the questions

18  after I make my objection.  Stop arguing with me about

19  my objections, all right, because they're legally

20  valid, all right.  You're not the judge.

21        MR. MANSOORI:  He said half of the deck was

22  lighting wicks and he watched it happen and so you're

23  speculating about the rest of it.  You're interrupting

24  my question without a basis.

25        MR. RADUNSKY:  Do me a favor, Chris.

```
 1    Terminate the dep and let's take the transcript to the
 2    judge.  If I'm wrong -- if I'm wrong -- if I'm wrong
 3    --
 4              MR. MANSOORI:  You're wrong.  You're clearly
 5    wrong --
 6              THE REPORTER:  Whoa.  Stop.  I cannot make a
 7    record.
 8              MR. RADUNSKY:  Let the record reflect that
 9    he's screaming at me, literally screaming, leaning up
10    in his chair, getting in my face, bullying --
11              MR. MANSOORI:  I would like to question the
12    witness.  I would like to question the witness.  You
13    have a terrible habit of doing this.  You're talking
14    more than I am.
15              MR. RADUNSKY:  You mean me defending my
16    client, Chris?
17              MR. MANSOORI:  You're client's not here.
18              MR. RADUNSKY:  You don't know what you're
19    doing.  Stop yelling at me, Chris.  This is getting
20    old, man; I mean, your attitude --
21              MR. MANSOORI:  Can I question the witness?
22              MR. RADUNSKY:  -- your belligerence.
23              MR. MANSOORI:  Can I question the witness?
24              MR. RADUNSKY:  I'm going to object whenever I
25    feel like it.
```

```
1            MR. MANSOORI:  Can I question the witness?
2    I'm going to say it again.  Can I question the
3    witness?
4            MR. RADUNSKY:  Chris, if you don't stop
5    yelling at me, we're terminating the dep.
6            MR. MANSOORI:  I'm yelling at you:  Can I
7    question the witness?
8            MR. RADUNSKY:  Stacy -- Stacy --
9            THE REPORTER:  Yes.
10           MR. MANSOORI:  If you don't like it, log out.
11           MR. RADUNSKY:  Stacy --
12           MR. MANSOORI:  Can I question the witness?
13           MR. RADUNSKY:  Stacy, for the record --
14           MR. MANSOORI:  For the record, you keep
15   talking.  There are other state's attorneys for the
16   record.  You can log out.
17           MR. RADUNSKY:  We are --
18           MR. MANSOORI:  Be quiet.
19           MR. RADUNSKY:  -- going to terminate the
20   deposition.
21           MR. MANSOORI:  Be quiet.
22           MR. RADUNSKY:  We are going to terminate --
23           MR. MANSOORI:  Be quiet.  I'm not going to
24   tell you again.  Be quiet.  Your objections have no
25   foundation.  You're talking more than I am.  I'm not
```

1   going to keep telling you.  You're wrong.  You have no

2   right to interrupt this deposition.  The man is trying

3   to answer questions and you keep talking.

4           Thank you.

5           MR. RADUNSKY:  All right.  Stacy, I want to

6   terminate the deposition.

7           MR. MANSOORI:  Terminate yourself and log

8   out.  You don't like it, log out.

9           MR. RADUNSKY:  Nope.  I'm not going to do

10  that.

11          MR. MANSOORI:  You're interrupting my

12  deposition.  You don't control my deposition.

13          MR. RADUNSKY:  Joel, Kevin, would you agree

14  we are terminating the deposition, please.

15          MR. ZEID:  I think we should terminate the

16  deposition.

17          MR. MANSOORI:  I would like to conduct this

18  -- I'm going to charge you for this.

19          MR. RADUNSKY:  I don't care what you do,

20  Chris.

21          MR. MANSOORI:  You're going to pay for --

22          MR. RADUNSKY:  I don't care.

23          MR. MANSOORI:  It's not the first one.  I'm

24  going to bring the transcript and the other one and

25  this one and you're going to lose both the arguments.

1    You don't like it, log out.

2        MR. RADUNSKY:  Kevin and Joel, will you agree

3    to terminate the deposition?

4        MR. MANSOORI:  Don't call on them.  They

5    would object if they wanted to.

6        {Cross-talk}

7        THE REPORTER:  I'm sorry.  Stop.  Stop.  I am

8    not taking anything down.  I would like to get what

9    Mr. Zeid is saying.

10       MR. ZEID:  I said that I did object to

11   speculation and I do think at this time that we need

12   to terminate the deposition and resolve some of these

13   issues that have just come up.

14       MR. MANSOORI:  I don't agree.  I don't agree.

15   You've interrupted my deposition without foundation

16   with no basis for objection.  You're not following the

17   rules.  All you're supposed to say is objection, form,

18   not a list of objections interrupting over and over

19   when he clearly made a foundation that people are

20   smoking drugs, and you're trying to be dramatic.  And

21   if you don't like it, you can log out because you're

22   not following the etiquette and the rules of the

23   deposition.  I guarantee when I bring in the other

24   deposition, what you did the other time and what you

25   are doing right now, not only are you going to pay for

1   this deposition, the Court will sanction you for your

2   conduct.  I make myself very clear about that.

3           I want to ask the questions that I want to

4   ask.  You don't like it, make your brief objection and

5   move on.  Don't talk over me.  Don't interrupt my

6   witness.  It's not your deposition.  He's not your

7   client.  It's my deposition.  Thank you.

8           MR. RADUNSKY:  Anything else?

9           MR. MANSOORI:  No.

10          MR. RADUNSKY:  Okay.  Stacy, Kevin, Joel,

11  Jason and I have all agreed that we want to terminate

12  this deposition and take it before the judge.  We are

13  terminating this deposition.

14          MR. MANSOORI:  Well, go ahead and do that.

15          {Cross-talk}

16          MR. RADUNSKY:  Let me finish.  I let you

17  finish.

18          MR. MANSOORI:  You'd like to terminate it --

19  I'm telling you right now, I'm going to -- I'm going

20  to put in all the professional misconduct I withheld

21  when you manipulated from the start and tried to block

22  my motions for summary judgment and responses when you

23  lied to the courtroom, all of you when you signed the

24  status --

25          MR. RADUNSKY:  Stacy, I want the audio of

1   this.  Stacy, please send me the audio.

2          MR. MANSOORI:  I'm going to put it all

3   together, okay.  You don't like it.  I'm going to

4   write it out and you're going to waste my time if you

5   want to waste my time.

6          MR. RADUNSKY:  Stacy, please send me the

7   audio and a copy of the transcript and let the record

8   reflect that the deposition is terminated.

9          Sorry, Mr. Pierce.  I hate to have you come

10  in and do this.  We'll let the judge handle it.  None

11  of us --

12         MR. MANSOORI:  I want to ask my questions.

13  You're interrupting me.

14         MR. RADUNSKY:  The dep is terminated so we're

15  done.

16         MR. MANSOORI:  It's not up to you to come

17  in and just terminate --

18         MR. RADUNSKY:  Yes, it is.  You wanna bet?

19  Watch.  It is, Chris, up to me.

20         MR. MANSOORI:  No, it's not.

21         MR. RADUNSKY:  You don't understand.  Okay.

22  Watch this.

23         MR. MANSOORI:  You're not professional at

24  all.  You're not professional.  I want to take this to

25  the ARDC, too, because it's not your first time doing

1    it.  When you sign that status report with the dates
2    when it was due the next day and you lied to the
3    courtroom to get a continuance because you tried to
4    make it where I couldn't make a response, yeah, and
5    the other deposition when you did the same thing.
6           MR. RADUNSKY:  Are you done, Chris?  We're
7    all sick of this.  You've made your point.
8           MR. MANSOORI:  I'm tired of your stuff.
9    You're a drama queen.  You're a drama queen and you're
10   interrupting everything.  We're going to take this
11   into the courtroom then if that's what you want to do.
12          MR. RADUNSKY:  I do.
13          MR. MANSOORI:  I refrained from doing it
14   because I don't want to waste my time.  I want to
15   litigate the cases.  Since you want to make it about
16   you and your conduct and what you feel without a
17   basis, we're going to take you and your drama into the
18   courtroom and pay attention to you; okay.
19          MR. RADUNSKY:  Can we do that?  Can we do
20   that then please?
21          MR. MANSOORI:  We're going to take all of --
22          MR. RADUNSKY:  Can we terminate the dep and
23   do that?  Okay.  You've made your point.  You've made
24   your point.  Anything else, Chris, that you want to
25   say?

```
1            MR. MANSOORI:  I want to say I would like to
2     depose Mr. Pierce.
3            MR. RADUNSKY:  The judge is going to hear all
4     of this.
5            MR. MANSOORI:  I would like to depose
6     Mr. Pierce.
7            MR. RADUNSKY:  No.  It's been terminated.
8            MR. MANSOORI:  Because you would like to
9     argue with me rather than let me ask a question.
10           MR. RADUNSKY:  No.  Chris, I'm not going to
11    argue with you.  You've been abusive in this entire
12    process.  I'm terminating the dep, Chris.
13           MR. MANSOORI:  -- you keep talking.
14           MR. RADUNSKY:  All right.  I'm going to check
15    out.  Stacy, I'm terminating the dep.
16           {Cross-talk}
17           MR. MANSOORI:  I did not pay to depose
18    Mr. Pierce so you can talk and interrupt over my lines
19    of questions.
20           MR. RADUNSKY:  Stacy, I'm going to go.
21           MR. MANSOORI:  Please do.  Please go because
22    you can't handle yourself.
23           MR. RADUNSKY:  Jason, let's go.  Kevin, let's
24    go.  Joel, let's go.  I want to all leave at the same
25    time.
```

```
 1            MR. MANSOORI:  Keep in mind, once you do
 2   that --
 3            MR. RADUNSKY:  All of us will go.  Good
 4   talking to you.  Have a nice day.
 5                      (Whereupon, Messrs. Radunsky,
 6                       DeVore, and Stillman exited the
 7                       deposition proceedings.)
 8            MR. MANSOORI:  Ms. Warpool, you can terminate
 9   if you have to.  I don't want to but that's what
10   they're doing.  Since we're going to do that, we're
11   going to collectively address all of your conducts
12   together for all of the things from the get-go.  I
13   wrote it all down.  It's all there.  I just never
14   addressed it.  That's what you want to do, then that's
15   what we're going to do; okay.  You want to play games,
16   we can play games.  I'm all for the games.  I enjoy
17   it.  Thank you very much.
18            MR. ZEID:  All right.  We'll go ahead and
19   take a copy, Stacy, if Troy ordered the original.  I
20   sent you my email and then likewise -- we're off the
21   record now, I assume?
22            THE REPORTER:  Let me just ask Mr. Kirk if he
23   wanted a copy.
24            MR. KIRK:  We can conclude this.
25            THE REPORTER:  Did you want to order a copy
```

1    also?

2         MR. KIRK:  I don't need a copy.  Joel is

3    getting one.

4         MR. MANSOORI:  Get it and let's bring it in

5    the courtroom.  It's going to be great.  I'm going to

6    enjoy it.

7         MR. KIRK:  You can order one if you would

8    like, Mr. Mansoori.

9         MR. MANSOORI:  Mr. Kirk, you did absolutely

10   nothing wrong.  I have absolute -- I have respect for

11   you, sir.  I have respect for you.  Thank you for your

12   decency and respect.  Thank you.  I appreciate it.

13        MR. ZEID:  Chris, do you want a get a copy of

14   the dep?  If you want one, this would be the time to

15   order it.

16        MR. MANSOORI:  I can ask her at any time I

17   would like it.  It's the same company.  I apologize.

18   I'll call in -- this is their initiative to cancel my

19   deposition on their own move.  They want to do like

20   that, they can pay for it.  Since you're forcing me to

21   address your conduct, I'm going to address all of it

22   at the same time, all of it for everybody.

23        MR. KIRK:  All right.  Mr. Mansoori, you can

24   certainly do that.

25        MR. MANSOORI:  If you guys don't like it, you

1   should check each other.  Don't let Mr. Radunsky

2   control what you do.

3           MR. KIRK:  Chris, yelling is not going to

4   help the situation.

5           {Cross-talk}

6           THE REPORTER:  You're both talking.

7           MR. KIRK:  There's no need to yell at me,

8   Mr. Mansoori.  I've given you respect throughout this.

9           MR. MANSOORI:  I feel strongly about it.

10          MR. KIRK:  I'm sure you do.  You can address

11  it to Judge Gilbert.

12          MR. MANSOORI:  It's not the first time.  It's

13  Mr. Radunsky's habit.  You haven't done anything

14  wrong.  Like I said, respect to you.  Mr. Radunsky

15  makes a habit of doing this as a tactic.  He thinks

16  that it's called for and that he'll get away with it.

17          MR. KIRK:  He can make his objections that he

18  thinks are valid.

19          MR. MANSOORI:  That has nothing to do with

20  interrupting my deposition so I can keep asking

21  questions.

22          MR. KIRK:  -- make an objection.

23          MR. MANSOORI:  I would like -- I would like

24  to continue to do the deposition.

25          MR. KIRK:  You can't.  The attorneys have

```
 1    left because you wouldn't stop yelling at them.
 2            MR. MANSOORI:  No.  He was yelling at me.  He
 3    was yelling at me.
 4            MR. KIRK:  Chris, I don't mean to argue.
 5    You've been yelling --
 6            MR. MANSOORI:  I'm not going to do this.  I
 7    didn't pay for this so that -- you know, to argue with
 8    you.  I wanted to depose.
 9            MR. KIRK:  None of us want to argue.
10            MR. MANSOORI:  You guys shouldn't have did
11    what you did.  I mean, it's real simple.  You
12    shouldn't have did what you did.
13            MR. ZEID:  He's made his position clear.
14            MR. KIRK:  We're going to be leaving now.
15            MR. MANSOORI:  Mr. Pierce, thank you very
16    much.  I might try to do this again, but this is
17    what's going to happen now, is I have to address their
18    conduct in the courtroom first because they're
19    interfering with the deposition not following rules.
20    Rather than do what's called for and what I'm looking
21    to do, I have to deal with their behavior first since
22    that's the tactics they're resorting to.  I'll
23    probably call you again to do this.  Thank you very
24    much.
25            THE WITNESS:  No problem, bro.
```

```
 1              MR. KIRK:  Mr. Pierce, are you going to be
 2     transferred to a new facility soon, I assume?
 3              THE WITNESS:  Yeah.
 4              MR. KIRK:  Do you know where you're going?
 5              THE WITNESS:  No, not yet.
 6              MR. KIRK:  We'll check back with IDOC.  Thank
 7     you.
 8              All right.  Logging off.
 9                      (Whereupon, the deposition was
10                       continued sine die.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1

2          I, Stacy S. Warpool, CSR, RPR, do hereby

3      certify that on the 11th of June, A.D., 2024, the

4      deposition of the witness, ANTIONE PIERCE, appearing

5      via remote videoconference, called by the Plaintiff,

6      was taken before me, reported stenographically and was

7      thereafter reduced to typewriting through

8      computer-aided transcription.

9          The said witness, ANTIONE PIERCE, was first

10     duly sworn to tell the truth, the whole truth, and

11     nothing but the truth, and was then examined upon oral

12     interrogatories.

13         I further certify that the foregoing is a

14     true, accurate and complete record of the questions

15     asked of and answers made by the said witness, at the

16     time and place hereinabove referred to.

17         The signature of the witness was waived by

18     agreement.

19         The undersigned is not interested in the

20     within case, nor of kin or counsel to any of the

21     parties.

22

23

24

25

1           Witness my official signature on this 13th

2    day of June, A.D., 2024.

6                      _____
                  Stacy S. Warpool, CSR, RPR
                  License No. 084-003577