## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Christopher James Mansoori

                    Plaintiff,

v.                                                   Case No.: 1:22–cv–01642
                                                           Honorable Lindsay C. Jenkins

Sergeant Armadore, et al.

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 18, 2024:

      MINUTE entry before the Honorable Jeffrey T. Gilbert: Defendants' Joint Motion for Entry of Protective Order [114] is set for hearing via the WebEx platform on 6/27/24 at 2:00 p.m. If Plaintiff would like to respond to that Motion, he should do so by 6/24/24 (assuming he receives this order promptly). Otherwise, a written response to the Motion [114] is not required. The Court has reviewed the audio transcript of the deposition of fact witness Antoine Pierce commenced on 6/11/24 [116][117]. There clearly was an extreme breakdown in civil communication during that deposition between Plaintiff Christopher Mansoori, who was taking the deposition, and defense counsel Troy Radunsky, who was defending the deposition on behalf of Defendant Alesia Hines (though it is not clear from the CM/ECF docket that Mr. Radunsky has filed an appearance on behalf of Defendant Hines in this case). The Court will address that breakdown at the hearing on Defendant's Motion [114] but the Court, in the meantime, cautions and admonishes all parties and counsel that such a breakdown must not happen again. Plaintiff is admonished that raising his voice to the point of yelling at defense counsel about objections made during a deposition is completely unacceptable, pure and simple. Counsel are allowed to state objections "concisely in a nonargumentative and nonsuggestive manner" in accordance with Federal Rule of Civil Procedure 30(c). Once an objection is made, the deposition proceeds. The examining party or counsel can ask objecting counsel to state the basis for an objection, if he or she wishes to do so, and the examining party and counsel then can rephrase a question if he or she believes that is necessary or appropriate. Otherwise, in most instances, the deposition proceeds and the witness must answer the question. There is absolutely no reason for an examining party or counsel and an objecting party or counsel to argue on the record in front of a witness about whether an objection is proper or not. That issue can and will be sorted out, as necessary, after the deposition and based on the transcript created. The parties and counsel also are admonished that an objection to the form of a question "includes objections to leading questions, lack of foundation, assuming facts not in evidence, mischaracterization, vague or misleading questions, lack of personal knowledge, speculative, asked and answered, argumentative, and compound questions." *Otis v. Demarasse*, 399 F. Supp. 3d 759, 765 (E.D. Wis. 2019). It therefore usually is not necessary to follow a "form" objection with reference to the reason the form of the question is objectionable, such as that it calls for speculation or lacks foundation, as happened during the Pierce deposition, unless the examining party or counsel asks for an

explanation. An objection to the "form" of a question generally is sufficient to preserve the objection on the record for the future. Loading a generic "form" objection with "calls for speculation" or "assumes facts not in evidence," for example, can be seen under some circumstances as coaching the witness which is not permitted. The Court expects the parties and counsel to conform to this guidance during all future depositions in this case. The filing of Defendants' Joint Motion for Entry of Protective Order [114] is not a reason for depositions that already have been scheduled and confirmed not to proceed. In addition, the parties shall meet and confer, as ordered, on 6/25/24 to schedule future depositions in this case as laid out in the Court's order of 5/29/24 [109], and to file a joint notice of confirmed depositions by 6/27/24, as they also were ordered to do on 5/29/24 [109]. Mailed notice(ber, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.