## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Christopher Mansoori (2019-1007189), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 C 1642 |
| v. | ) | |
| | ) | Hon. Jeffrey T. Gilbert |
| John Doe, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff's fully-briefed motion to compel [84] is denied without prejudice. As an initial matter, Defendant's objection on the basis of a lack of a Rule 37.2 certification is overruled. As ordered, Plaintiff has subsequently filed the required certification [113]. But he is again reminded that he needs to include a Local Rule 37.2 certification in his discovery motions.

Plaintiff's motion concerns his request for all incident reports, including disciplinary tickets, for wicks, issued on all tiers, and any evidence of drugs, tobacco, smoke, smoking, and coffee squares for all tiers where Plaintiff was housed at any time, and statistical information regarding inmates that sought medical treatment for exposure to other inmates' drug use during these time periods.

As currently drafted, the Court sustains Defendant's objections to Plaintiff's requests for production on the grounds of overbreadth and vagueness. However, evidence, such as incident reports, tending to show the presence and pervasiveness of wicks and second-hand smoke on tiers where Plaintiff was housed during the time he was housed there is, generally speaking, relevant to his claims in this action that he was exposed to and injured by the same. But Plaintiff must narrow his requests to the relevant time period and relevant scope to be proportional to the needs of the case.

In addition, Plaintiff's request for statistical information related to other inmates' medical records is not relevant and proportional to the needs of this case. Those records do not relate to Plaintiff's injuries or his alleged exposure to dangerous conditions. For the avoidance of doubt, however, this does not prevent Plaintiff from adducing fact witness testimony from other people who were housed on the tiers on which Plaintiff was housed during the time he was housed there as their testimony about the conditions on the tiers might be admissible to establish the conditions to which people including Plaintiff were exposed and is at least relevant for purposes of discovery.

The Court directs the parties to again meet and confer on this set of requests. If the parties are unable to resolve this issue, Plaintiff may again file a motion to compel. Any such motion must include a statement that complies with Local Rule 37.2's requirements.

Plaintiff is also advised that if Defendants are not in possession, custody, or control of the relevant documents, then he will need to subpoena them from Cook County. In that event, the Court will direct the Cook County State's Attorney's Office (through defense counsel) to accept the subpoenas.

It is so ordered.

Date: 7/12/2024

Jeffrey T. Gilbert
United States Magistrate Judge