# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>SGT. AMADOR et al.,<br><br>Defendants. | 22 C 1642<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffery T. Gilbert |

## THE PARTIES JOINT GLOBAL STATUS REPORT

The Plaintiff, Christopher Mansoori ("Plaintiff"), Pro Se and Defendants, by their respective attorneys, KIMBERLY M. FOXX, State's Attorney of Cook County, through her respective Assistant State's Attorneys, Joel Zeid, and Oliver Kassenbrock; Special State's Attorneys, Jason DeVore, Troy Radunsky, and Zach Stillman from DEVORE RADUNSKY LLC; and Special State's Attorneys, William B. Oberts, and Kevin C. Kirk from Oberts Galasso Law Group, in compliance with the Court's order (Dkt. 131) submit the following the following Joint Global Status Report:

## Executive Summary

Defendants group Plaintiff's fourteen pending cases together in three categories, discussed more fully below, for the purpose of this Global Status Report:

A) First, there are two cases that have pending Motions to Dismiss before them.

B) There are two cases with pending Motions for Summary Judgment pursuant to *Pavey v. Conley* based on the limited issue of exhaustion of administrative remedies prior to filing suit.

1

C) There are ten cases that are currently proceeding with merits-based discovery.

### A. Cases with Pending Motions to Dismiss Before the Court

| Case Name | Case Number | Status |
|---|---|---|
| Christopher Mansoori v. Ms. Pickens and Ms. Vanco | 2022 -CV- 3485 | There is a pending Motion to Dismiss being reviewed by the Court. |
| Christopher Mansoori v. Sergeant Amador, et. al. | 2022-CV-1642 | There is a pending Motion to Dismiss being reviewed by the Court. |

### 2022-CV-3485
### Christopher Mansoori v. Ms. Pickens and Ms. Vanco

**I. Status**

a. On June 3, 2024, the Court accepted Plaintiff's third Amended Complaint and ordered Defendants to answer by June 21, 2024. (Dkt. 105). On June 21, 2024, Defendants filed their Motion To Dismiss. (Dkt. 107). On July 16, 2024, the Court extended the deadline for Plaintiff's response until July 30, 2024 and stated it will set a date for a reply if necessary. (Dkt. 114). On July 22, 2024, Plaintiff filed his Response. (Dkt. 115). As of now no date for a reply has been set.

### 2022-CV-1642
### Christopher Mansoori v. Sgt. Amador, et al

**II. Status**

a. On January 22, 2024, Plaintiff filed his Amended Complaint alleging nine counts of unconstitutional conditions of confinement. (Dkt. 70). On May 6, 2024 Defendants filed their Motion to Dismiss. (Dkt. 100). Plaintiff filed his response on July 30, 2024. (Dkt. 129). The Court has given Defendants until August 14, 2024 to file their reply. (Dkt. 131).

**B. Cases With Pending Motions for Summary Judgment over Plaintiff's Failure to Exhaust his Administrative Remedies.**

Defendants identified Six cases where Plaintiff failed to exhaust his administrative remedies. As such, Defendants proceeded with discovery for the limited purpose on the issue of exhaustion in

these cases prior to any discovery taken for any issues on the merits. Exhaustion Discovery then concluded in all these matters and Defendants filed their Motions for Summary Judgment on the Limited issue of Exhaustion. Of those six cases, the two below cases are the only remaining cases in which a ruling .

| Case name | Case Number | Defendant(s) |
|---|---|---|
| Christopher Mansoori v. Dr. Montgomery | 2022-CV-2470 | Dr. Montgomery |
| Christopher Mansoori v. Christopher Stadnicki | 2022- CV- 2471 | Christopher Stadnicki – PA-C |

## 2022-CV-2470
## Christopher Mansoori v. Dr. Montgomery, et. al.

I. Defendant filed her motion for summary judgment on the limited issue for exhaustion on February 14, 2024.

II. On March 13, 2024, the Court entered a briefing schedule setting Plaintiff's response to be due on May 7, 2024 and Defendant's reply to be due by May 17, 2024. (Dkt. 82). On May 8, the Defendant filed her reply noting that Plaintiff had not filed a response on the docket and arguing he waived his right to do so or alternatively, asking the Court to grant Defendant 21 days to file a new reply, should Plaintiff's response be accepted. (Dkt. 88). On May 14, 2024, Plaintiff filed his Response. (Dkt. 89). Currently there has not been any order ruling on the motion or directing Defendant to file her second reply.

## 2022-CV-2471
## Christopher Mansoori v.
## Christopher Stadnicki

I. Defendant filed his motion for summary judgment on the limited issue for exhaustion on February 14, 2024.

II. On March 13, 2024, the Court entered a briefing schedule setting Plaintiff's response to be due on May 21, 2024, and Defendant's reply to be due by May 31, 2024. (Dkt. 98). On May 22, Defendant filed his reply noting that Plaintiff had not filed a response on the docket and arguing he waived his right to do so or alternatively, asking the Court to grant Defendant 21

days to file a new reply, should Plaintiff's response be accepted. (Dkt. 104). On May 29, 2024, Plaintiff filed his Response. (Dkt. 108). Currently there has not been any order ruling on the motion or directing Defendant to file his second reply.

### C. Cases that are Proceeding with a Regular Merits Discovery Schedule.

The Parties identified the below ten cases where discovery is currently proceeding with a normal discovery schedule and scheduling of depositions.

| Case Name | Case Number | Discovery Status |
|---|---|---|
| Christopher Mansoori v. Correctional Officer Squires, et al. | 2021-CV-5881 | On August 2, 2024, the Court granted in part and denied in part the Defendants' Motion for Summary Judgment and dismissed Defendant Mintah from the case. Further, the Court is allowing claims against Defendant Holmes to proceed except for the time period of March 4, 2020, through May 1, 2020. The case remains referred to Judge Gilbert. On August 5, 2024, the parties met to discuss Plaintiff's outstanding discovery responses, and have agreed to meet again to continue those discussions on August 13, 2024. |
| Christopher Mansoori v. Director Morrison | 2021-CV-6173 | On July 11, 2024, the Court ruled on Plaintiff's Motion to Compel, granting it in part and denying it in part. On August 5, 2024, the parties met to discuss Plaintiff's discovery request and Defendants are working on their supplemental answer and have agreed to meet again August 13, 2024. |

4

| | | |
|---|---|---|
| Christopher Mansoori v. Mellicent Ear ("Ms. Milly) | 2021-CV-6379 | Fact Discovery is ongoing and set to close on August 31, 2024. On August 5, 2024, the parties met to discuss Plaintiff's discovery request and have agreed to meet again August 13, 2024. |
| Christopher Mansoori v. Christopher Stadnicki, et. al. | 2022-CV-1632 | Fact Discovery is ongoing and set to close on August 31, 2024. The parties met on August 5, 2024, to address the discovery issues in this case and have agreed to meet again on August 13, 2024. |
| Christopher Mansoori v. Sgt. Williams | 2022-CV-1635 | Fact Discovery is ongoing and set to close on August 31, 2024. The parties have agreed to meet on August 13, 2024, to discuss discovery in the case. |
| Christopher Mansoori v. Superintendent Brown, et. al. | 2017-CV-8846 | Fact Discovery is ongoing and set to close on August 31, 2024. |
| Christopher Mansoori v. Sheriff Dart, et. al. | 2022-CV-1638 | Fact Discovery is ongoing and set to close on August 31, 2024. On August 5, 2024, the parties met to discuss Plaintiff's discovery request regarding outstanding production and have agreed to meet again on August 13, 2024 to resolve any remaining issues. |
| Christopher Mansoori v. C.O. Smith, et. al. | 2021-CV-6242 | There is currently a pending motion to compel before the Court that is awaiting a reply by Plaintiff due to be filed on August 8, 2024. Fact Discovery is ongoing and set to close on August 31, 2024. |
| Christopher Mansoori v. C.O. Riyaz Patel | 2022-CV-3484 | On July 25, 2024, this Court denied Defendant's MSJ on the limited issue of exhaustion and ordered fact discovery to begin, referring the matter to Judge Gilbert. |

5

| | | |
|---|---|---|
| Christopher Mansoori v. Jovante Thomas | 2022-CV-1634 | Defendant Thomas issued six interrogatories and Requests to Admit on March 29, 2023, that are still outstanding. The parties discussed the matter at their meeting on August 5, 2024, and Plaintiff was given an extension of two weeks to provide the outstanding responses. The parties have agreed to meet on August 13, 2024, and discuss the outstanding discovery responses. |

**PARTIES JOINT DISCOVERY DEPOSITION SCHEDULE FOR PLAINTIFF**

1. On May 30, 2024, this Court issued an order stating that "Defendants shall schedule Plaintiff for each of the Zoom depositions he will be taking in this case while in custody at the Cook County Jail, provided that defense counsel receive a Zoom link for the deposition at least 7 days prior to the date that the deposition is scheduled."

2. On June 27, 2024, the parties filed their Joint Status Report, outlining that they had agreed to depose C.O Alojzy Dabrowski on July 19, 2024; Sgt. Milton Bozeman on July 24, 2024; and C.O. Luis Pena on August 2, 2024.

3. On July 18, 2024, Defense counsel informed Plaintiff's agent George Pontikes that no Zoom link had yet been provided to Defendants to allow them to set up the deposition of C.O. Dabrowski and that the deposition thus had to be cancelled.

4. George Pontikes responded that day asking for a copy of the June 27, 2024, Joint Status Report, which was provided to him that day ASA Zeid.

5. Subsequently, the Defense Counsel learned that Sgt. Bozeman, who was scheduled to be deposed on July 24, 2024, was on vacation and would not be back in time to be presented for his deposition on July 24 and informed Plaintiff of this.[1]

6. On July 24, 2024, Defense counsel spoke to Mr. Mansoori who agreed to depose Sgt. Bozeman on August 16, 2024, at 10am. Plaintiff explained that he and his agent George Pontikes were having communication issues and asked ASA Zeid to inform Mr. Pontikes of the new deposition date for Sgt. Bozeman. Defense Counsel confirmed that his client is available to be presented for deposition as scheduled. Mr. Pontikes was informed of this change, and he then promptly sent the Zoom link to Defense Counsel.

7. On July 29, 2024, at 5:27 pm, George Pontikes emailed Defense Counsel and stated that he had spoken to Plaintiff and wanted to depose C.O. Luis Pena on August 2, 2024, and asked for the case numbers he was to be deposed in and Defense Counsels availability. It is worth noting that the parties had already agreed to the deposition of C.O. Luis Pena to occur on that date.

8. On July 30, 2024, Defense Counsel replied to George Pontikes and informed him that once again, despite having provided the June 27, 2024, Joint Status Report, Defendants had not received any Zoom link 7 days ahead of the deposition and thus would need to cancel.

9. During the Court's July 1, 2024, Status hearing held before the Honorable Judge Gilbert, the Court requested that the parties file an updated Joint Global Status Report relating to the scheduling and progress of depositions by July 30, 2024.

---

[1] Paragraph Five was the last paragraph of the parties Joint Global Status Report that they were able to discuss together. Plaintiff was taken from the parties call after the parties were informed by an officer that his time for the call was up. The parties reviewed and agreed on the content of the status report jointly up to the start of paragraph Six.

7

10. On July 30, 2024, the Court granted the Defendants' Motion for an extension of time and set a new deadline of August 6, 2024, at noon for the parties to file their Joint Global Status Report.

11. The parties met on August 5, 2024, pursuant to this Court's order, and agreed on the below-listed deponents and proposed deposition dates.

12. The parties will continue to work on scheduling further deposition dates.

**A. The following depositions have been completed.**

1. Defendant Sgt. Aaron Williams, deposed in 22-cv-1635 and 22-cv-1642, on May 28, 2024.

2. Witness Detainee Antoine Pierce, 20200715063, deposed in 22-cv-1642 on June 11, 2024, until terminated by Defense Counsel.

3. Defendant Nurse Alecia Hines, deposed in 22-cv-1638, 22-cv-1642, and 21-cv-6173, on June 13, 2024.

4. Witness Detainee Quincy Cole, deposed in 21-cv-6173, 21-cv-6379, and 22-cv-1642, on June 17, 2024.

5. Defendant Millicent Ear, deposed in 21-cv-6379, on June 21, 2024.

**B. As of today's date, the following depositions have been scheduled without any objections:**

6. Defendant James Morrison, 21 cv 6173, scheduled for August 8, 2024, at 10 am.

7. Sgt. Bozeman, 21 cv 6379, scheduled for August 16, 2024, at 10am.

**C. Plaintiff and Defendants are in the process of scheduling or rescheduling the following depositions:**

1. Lt. James Holmes, *Mansoori v. Sheriff Dart,* et. al. 22 cv 1638; *Mansoori v. Ofc. Squires*, et al., 21 cv 5881; *Mansoori v. Amador*, 22 - cv - 1642

2. Plaintiff Christopher Mansoori, in his facility conditions cases: *Mansoori, Christopher v. Ofc. Squires*, et al. 21 cv 5881, *Mansoori, Christopher v. C/O Patel* 22 cv 3484, and *Mansoori, Christopher v. Brown*, 17 CV 8846.

3. Plaintiff Christopher Mansoori, in his medical care cases: *Mansoori v. Montgomery*, 22 cv 2470; *Mansoori v. Stadnicki* 22 cv 2471; *Mansoori v. Stadnicki*, et. al. 22-cv-1632; *Mansoori v. Sheriff Dart*, et. al. 22-cv-1638.

4. Plaintiff Christopher Mansoori, in his excessive force case, *Mansoori v Smith*, 21-cv-6242.

5. Lt. Damita Delitz, *Mansoori v. Sheriff*, 22-cv-1638, *Mansoori v. Squires*, 21-cv-5881, and *Mansoori v Amador*, 22-cv-1642.

6. Sgt. Cierra Reid (formerly Ford), *Mansoori v. Ofc. Squires*, et. al. 21 cv 5881 *Mansoori v. Sgt. Williams*, 22-cv-1635.

7. Director (formerly superintendent) Erica Queen, *Mansoori v. Amador*, 22-cv-1642 and *Mansoori v. Ofc. Squires*, et. al. 21-cv-5881.

8. Director (formerly Executive Director) Don Beachem, *Mansoori v. Amador*, 22-cv-1642.

9. C.O. Kimberly Squires, *Mansoori v. Ofc. Squires, et. al*, 21 cv 5881; *Mansoori v Amador et al*, 22-cv-1642.

D. **Not yet scheduled.** The parties are unable to schedule the following depositions at this time because the individual being sought is not in the custody of control of the Sheriff's Office:

1. Former employee Akeel Abdelhadi, *Mansoori v. Amador*, 22 - cv – 1642

2. Former employee Carlos Toscano, *Mansoori v. Amador*, 22 - cv - 1642

3. Former detainee Albert Hill, witness in *Mansoori v. Sheriff Dart*, 22-cv-1638

4. Former detainee Earnest Hall, witness in *Mansoori v. Amador*, 22-cv-1642 and *Mansoori v. Morrison*, 22-cv-6173. Upon information and belief, this individual is currently in custody of the Illinois Department of Corrections at Big Muddy Correctional Center.

5. Former detainee Earlton Murray, 20220622088, witness in *Mansoori v. Ear*, 21-cv-6379. Upon information and belief, this person is enrolled in electronic home monitoring.

E. **Objections**. The following depositions remain subject to objections by one or more parties.

1. Defendant Antonio Amador, *Mansoori v. Amador, 22-cv-1642*. Defense counsel objects that this deposition is premature due to the fact that the Court has not yet ruled on a Pending Motion to Dismiss this Defendant.

2. Defendant Latoya Pickens. Objection to producing Ms. Pickens until the court rules on the pending Motion to Dismiss in 21-cv-6379.

3. Sheriff Thomas Dart. The Sheriff objects to this deposition on the ground that Plaintiff has not plead an adequate individual capacity claim against Sheriff Dart and has failed to add color or detail to the claim in response to discovery issued to Plaintiff in this case. Should Plaintiff demand this deposition via a Motion to Compel, Defendant request the opportunity to brief the issue, to properly put

before the court the law pertaining to depositions of elected government officials in such lawsuits.

4. Alojzy Dabrowski, to be deposed *Mansoori v. Sgt. Amador*, et. al 22-cv-1642, *Mansoori v. Ofc. Squires, et. al.* 21 cv 5881, and *Mansoori v. Sgt. Williams*, 2022-CV-1635. This deposition was scheduled to take place in July 2024. No Zoom link was sent at least 7 days before and it was cancelled. Defendants object to producing this individual, as they were not noticed in time to comply with the court order and thus should not have to be produced once again.

5. Luis Pena, to be deposed in *Mansoori v. Jovante Thomas*, 22-cv-1634 and *Mansoori v. Sheriff Dart, et al.*, 22-cv-1638. This deposition was scheduled to take place in early August 2024. No Zoom link was sent at least 7 days before and it was cancelled. Defendants object to producing this individual, as they were not noticed in time to comply with the court order and thus should not have to be produced once again.

F. **Remaining potential deponents.** The remaining potential deponents, along with pertinent details, are listed below.

1. C.O. Fisher: Case: 21 cv 6379 – *Mansoori v Mellicent Ear* ("Ms Milly")

2. CO Goodson: Case: 21 cv 6379 – *Mansoori v Mellicent Ear* ("Ms Milly")

3. Danita Reese: Case: 22-cv-1638 – *Mansoori v. Dart*, et al.

4. C.O. William Mintah: Case: 22-cv-1642 *Mansoori v. Amador;* 21-cv-5881 *Mansoori v. Ofc. Squires*, et al

5. C.O Vilella: Case: 22-cv-1642 - *Mansoori v. Amador*

6. C.O. Serna: Case: 22-cv-1642 - *Mansoori v. Amador*

7. C.O. Garcia: Case: 22-cv-1642 - *Mansoori v. Amador*

8. Sgt. Miller: Case: 22-cv-1642 - *Mansoori v. Amador*

9. C.O. Miskell: Case: 22-cv-1635 *Mansoori v. Sgt. Williams*

10. OPR- Rodriguez (male): Case: 22-cv-1642 - *Mansoori v. Amador*

11. Manisha Patel: Case: 22-cv-1632 *Mansoori v. Stadnicki*, et al; 22-cv-2471 - M*ansoori v. Stadnicki*

12. Cendi Morgan: The parties are still working on gathering this information for this deponent.

13. Kirsten Bain: The parties are still working on gathering this information for this deponent.

14. Kingson Olikagu: The parties are still working on gathering this information for this deponent.

15. Velinda Llorens: The parties are still working on gathering this information for this deponent.

16. Melanie Watson Montgomery: Case: 22-cv-2470 - *Mansoori v. Dr. Montgomery*

17. Christopher Stadnicki: Case: Mansoori v. Stadnicki 22 cv 2471 - *Mansoori v. Stadnicki;* 22 cv 1632 - *Mansoori v. Stadnicki*

18. Dr. Jonathan – Cardiologist: The parties are still working on gathering this information for this deponent.

19. Christopher Mansoori: Case: 22-cv-1642 - *Mansoori v. Amador;*22-cv-3485 *Mansoori v. Pickens and Vanco*: Waiting for pending Motions to dismiss.

G. **Additional information for the Court:**

None at this time.

Respectfully submitted,

*/s/ Joel Zeid*
Joel Zeid
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
Joel.Zeid@cookcountysao.org

*/s/ Oliver Kassenbrock*
Oliver Kassenbrock
Assistant States Attorney
Conflicts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
oliver.kassenbrock@cookcountysao.org

*/s/ Troy S. Radunsky*
Special State's Attorney
DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479

*/s Kevin C. Kirk*
Special State's Attorney
William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
161 N. Clark St. – Suite 1600
Chicago, IL 60660
wboberts@obertsgalasso.com
kckirk@obertsgalasso.com

## **CERTIFICATE OF SERVICE**

I, Joel Zeid hereby certify that I have caused true and correct copies of ***Joint Global Status Report*** and foregoing to be served on all Parties pursuant to ECF and in accordance with the rules of electronic filing of documents a copy was mailed via U.S. Mail on this 6 day of August 2024.
To:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

                 */s/ Joel Zeid*
                 Joel Zeid