**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Christopher James Mansoori<br><br>*Plaintiff,*<br><br>v.<br><br>Defendants, *et al*<br><br>*Defendants* | 2017-CV-8846<br>2021-CV-5881<br>2021-CV-6173<br>2021-CV-6242<br>2021-CV-6379<br>2022-CV-1632<br>2022-CV-1634<br>2022-CV-1635<br>2022-CV-1638<br>2022-CV-1642<br>2022-CV-2470<br>2022-CV-2471<br>2022-CV-3484<br>2022-CV-3485<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

Status hearing held on 8/7/24. The Court reviewed the parties' Joint Global Status Report submitted on 8/6/24. The fact discovery deadline in all cases in which fact discovery is proceeding (other than cases 21-cv-05881, 22-cv-03484, and 22-cv-1642) is extended to 10/31/24 for good cause for the reasons discussed on the record. Any Rule 26(a)(2) expert disclosure and discovery dates previously set are stricken and will be reset at the conclusion of fact discovery. The parties shall continue to meet and confer to schedule depositions with the goal of completing discovery by the end of October 2024.

The parties shall file a joint global status report by 8/30/24 that reports on the status of all cases, in the format they have used for prior status reports, and that specifically includes the following information for specific cases: (1) With respect to cases <u>21-cv-05881 *Mansoori v. Squires et al*</u> and <u>22-cv-03484 *Mansoori v. Patel,*</u> in which potentially dispositive motions recently were denied in whole or in part, a date by which Defendant(s) will make their Rule 26(a)(1) disclosures; a date by which all parties will serve written discovery; the identity of all fact witnesses that either side intends to depose before the close of fact discovery based on then available information (this list is not preclusive); and a proposed fact discovery

close date. (2) With respect to case 22-cv-01638 *Mansoori v. Dart, et al*, the status of written discovery; and (3) In all cases, an update on depositions that have been taken, that have been scheduled, and that remain to be scheduled.

Discovery in case 22-cv-01642 *Mansoori v. Armadore et al* is stayed pending a ruling on the motion to dismiss in that case for the reasons stated on the record.

With respect to Plaintiff's request that Defendant produce his library request slips in case 21-cv-6379 *Mansoori v. Milly*, the parties requested clarification. For the reasons discussed on the record, Mr. Mansoori should identify for Defendant a date or date ranges for which he requests production of his library request slips. Consistent with the Court's ruling in that case on 7/12/24, Defendant should produce relevant documents created during those time periods as long as Plaintiff has asserted a claim or claim that arises during those time periods.

As discussed on the record, in the exercise of its discretion, the Court overrules Defendants' objections to rescheduling the depositions of Morrison, Dabrowski, and Pena because of Plaintiff's failure to send Zoom video links sufficiently in advance of those depositions or for any other reasons that caused Defendants to object to those depositions proceeding. The parties shall reschedule those depositions at the earliest possible time based on the schedules of Plaintiff, Defense counsel, and the witnesses. Plaintiff should continue to attempt to adhere to the procedure the Court previously approved for his scheduling of depositions. *See Mansoori v. Milly*, No. 21-cv-6379, at ECF No. 83.

The parties agree that Ms. Pickens should be deposed only once, and as such agree that her deposition will proceed only after a ruling on the pending motion to dismiss in *22-cv-3485 Mansoori v. Pickens*.

A continued global status hearing is set for 9/11/24 at 10:30 a.m. Defense counsel and Plaintiff's liaison counsel, Mr. Pontikes, shall appear in person in Courtroom 1386. The Court will arrange for Mr. Mansoori to appear by video.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 7, 2024