THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>SGT. AMADOR et al.,<br><br>Defendants. | 22 C 1642<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffery T. Gilbert |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Now come Defendants, Sergeant Amador, Director Beacham, Lieutenant Holmes, Superintendent McCray, and Director Queen ("Defendants"), who present the following Reply in support of their Motion to Dismiss, (Dkt. 100,) as follows:[1]

**ARGUMENT**

**A. Plaintiff Fails to Plead Sufficient Injury in All Counts of the Amended Complaint.**

In addition to Plaintiff's concession that Count 1 should be dismissed, Plaintiff's response in defense of Counts 2 through 8 generally reflect a misunderstanding of the requirements of pleading an injury. Plaintiff does not truly dispute the law, which says that an inmate must show that he has suffered an objectively, sufficiently serious injury. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that deprives the inmate "the minimal civilized measure of life's necessities." *Dvorak v. Racine County Jail Sheriff*, 2007 U.S. Dist. LEXIS 29892 at *13 (E.D.Wis. 2007).

---

[1] The medical defendant identified in Count 9 has answered Plaintiff's Complaint, and this Motion only pertains to Defendants employed by the Cook County Sheriff's Office, as set forth in Counts 1 through 8.

1

Plaintiff wrote that he was forced to breathe smoke and that he would wake up sick, his lungs hurt and the smoke smelled bad. (Dkt 70 at 8). This is not enough, according to 42 U.S.C. § 1997e(e), "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because Plaintiff is incarcerated this action is governed by the Prison Litigation Reform Act ("PLRA"), and Plaintiff is unable to bring a suit absent physical injury greater than *de minimis*. 42 U.S.C. § 1997e(e), (h). *Wade v. Haida*, 2013 U.S. Dist. LEXIS 119992 at *17-18 (S.D. Ill 2013). *See also Oliver*, 289 F.3d at 626-28 (back and leg pain is *de minimis*); *Alexander v. Tippah Cty, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (vomiting and nausea is *de minimis*); *Dolberry v. Levine*, 567 F. Supp. 2d 413, 418 (W.D. NY 2008) (skin rash is *de minimis*). Thus, while the smoke and smell may be irritating to Plaintiff, the fact remains that Plaintiff's Amended Complaint has failed to state an injury greater than *de minimis*.

B. **Plaintiff's Amended Complaint Fails to State a Cause of Action.**

At best, over the course of nine separate counts in his Amended Complaint, Plaintiff repeats the same allegations in which he claims he was exposed to smoke from other detainees on the tier, and that it smelled bad and caused him congestion. (Dkt. 70 at 8, 10, 13). Although the names of the individual Defendants are mentioned sporadically through the text, the claims generally sound in *respondeat superior*, alleging liability of the named Defendants based on negligent management or supervision. By and large, rather than identifying any specific/discrete instances of conduct or examples of inaction of the named Defendants, Plaintiff blames the named Defendants for the "culture" of the facility, premised entirely upon their supervisory roles. Because Plaintiff fails to

2

sufficiently describe the basis for individual liability on the part of the Defendants, his Amended Complaint must be dismissed.

### A. Counts 1, 7, and 8 Should Be Dismissed in their Entirety.

As Plaintiff himself states, "Plaintiff concedes to Defendants' argument that Count 1 should be dismissed." (Dkt. 129 at 6). Without belaboring the point, Count 1 fails to identify any named Defendant at all. There is no way to tell which, if any, of the named Defendants the allegations in Count 1 are directed toward. The only individual who is mentioned in the entirety of Count 1 is John Doe Officer. (Dkt. 70 at 6).

Count 7 also does not provide any facts, and merely asserts "I name the same exact defendants from Count 6, for this count, even for the injury sustained on tier 2N April 3, 2022, for knowingly upholding the culture that caused me injury in many forms." *Id.* at 14. But group pleading is insufficient to show individual liability. See *Safari Childcare, Inc. v. Penny,* 2018 U.S. Dist. LEXIS 147943, at *7 (N.D Ill. Aug. 30, 2018). Although Plaintiff attempts to save this count by claiming in his Response that "he intended to hold Lt. Holmes, Superintendent McCray, and Beachem responsible", (Dkt. 129 at 7), Plaintiff did not state that in the Operative Complaint. There is no way to tell what Plaintiff is specifically alleging each Defendant did, and grouping all the Defendants into one unclear count sounding in *respondeat superior* liability is improper.

To the extent in Count 7 that Plaintiff alleges that the "executive" defendants are responsible for a "culture they knowingly condone," Plaintiff failed to allege facts sufficient to suggest that any of the Defendants "knowingly condoned" the conduct. (Dkt. 70 at 14). Other parts of the Amended Complaint may allege that Defendants Queen, Beachem or Holmes did not do enough to combat smoke on the tiers, but it fails to allege that they took no action to combat smoke,

3

turned a blind eye to smoke, encouraged detainees to create smoke, encouraged officers to allow detainees to smoke, or in any way condoned smoking on CCDOC tiers.

Plaintiff similarly names Superintendents McCray, Assistant Executive Director Queen, Executive Director Beachem, and Lt. Holmes in Count 8 of his Amended Complaint, without setting forth *any* facts upon which individual liability may be inferred. Even under the notice pleading standards, Count 8 is insufficiently pled. In lieu of any specific allegation or example of any unreasonable conduct by any Defendant, Plaintiff's vague, conclusory group pleading is not enough to state a claim against any of these Defendants. Plaintiff's Response argues that "a majority of his claims are cumulative, where the facts in one count carry over into the next or subsequent counts." (Dkt. 129 at 8). But in fact, not only are the facts of his counts unique as to location and time, but also different Defendants are named in different counts. Plaintiff would have this Court "infer" liability to Defendants in Count 8 of his Amended Complaint, without setting forth *any* facts upon which individual liability may be inferred. *Id.* That does not meet even the liberal notice pleading standard, and it is prejudicial to the Defendants because it fails to sufficiently put them on notice of what wrong Plaintiff believes they have committed. A plaintiff "may not rely on 'vague references to a group of defendants, without specific allegations tying the individual defendants to the alleged unconstitutional misconduct." *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013) (quoting *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008).

Plaintiff continues, in what can be only described as a Hail Mary attempt, to claim that this fatal error should be excused because "[t]he Defendants also suppressed a lot of requested Discovery, as set forth in the Motion to Compel…" *Id.* Throughout his Response he accused Defendants of withholding discovery from him, yet this baseless accusation should not be considered. "[T]he liberal notice pleading allowed by the federal rules requires the complaint to

4

include the operative facts upon which a [P]laintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir. 1985). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. *See R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). This case is in the pleading stage, and while Defendants certainly dispute any allegations of wrongdoing as alleged by the Plaintiff, there should not be any discovery needed in the pleading stage for Plaintiff's Operative Complaint to state a claim, something Count 8 fails to do.

For the reasons discussed above, Counts 1, 7 and 8 should be dismissed with prejudice.

**B. Plaintiff Fails to State a Claim Against Sergeant Amador.**

Sergeant Amador's name appears only in Count 4, where Plaintiff pleads himself out of court "Sergeant Amador worked in Division 4 and he only came on the tier once to catch a wick.". (Dkt. 70 at 9). In other words, Plaintiff alleges that Sgt. Amador is liable to Plaintiff under Section 1983 because Amador was a supervisor who was not present to properly supervise searches for contraband "wicks." Plaintiff unquestionably seeks to hold Sgt. Amador liable for the actions, or inactions, of those supervised by Amador. This is a *respondeat superior* claim, for which no liability can be found in a Section 1983 claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). *See also Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 637 (7th Cir. 2009) ("*Monell* and a host of later cases firmly establish that there is no *respondeat superior* liability under § 1983."); *Potts v. Moreci*, 12 F. Supp. 3d 1065, 1072 (N.D. Ill. 2013) ("Agency principles of *respondeat superior* and vicarious liability do not apply to § 1983 claims."). Rather than pointing to any language in the Amended Complaint that seems to hold Amador liable for Amador's own actions or inactions, Plaintiff's Response Brief doubles down on

5

Defendant Amador's purported liability as an "indifferent" supervisor. Indifference, or negligence, is not enough. *McCann v. Ogle Cty.*, Ill., 909 F.3d 881, 887 (7th Cir. 2018).

Yet, as Plaintiff pointed out on the face of the Amended Complaint, Sgt. Amador was not indifferent because he personally came onto the tier and caught an inmate with a wick. (Dkt. 70 at 9). If anything, Plaintiff's own Complaint demonstrates that Sgt. Amador was setting an example to others by catching an inmate with a wick. Plaintiff's opinion that he did not personally see Sgt. Amador come on the tier as often as Plaintiff would like does not indicate that Sgt. Amador's actions were objectively unreasonable. Plaintiff cannot legitimately claim, and does not allege in the Amended Complaint, that he constantly monitored Sgt. Amador's actions, knew what his duties or schedule were, or that there were times Sgt. Amador should have found other wicks but intentionally chose not to take action without good cause. The only fact actually alleged in the Amended Complaint relating to Sgt. Amador that goes beyond unsupported speculation, is a citation to an example where Sgt. Amador was doing the exact thing Plaintiff contends he failed to do, by personally taking action to confiscate a wick after learning of its presence. *Id.* Nothing in this Count provides a factual basis for the allegation that Sgt. Amador's actions were objectively unreasonable.

In an attempt to sidestep this shortcoming, Plaintiff's Response attaches and cites to an exhibit. (Dkt. 129 at 9). First, this tactic is improper, as complaints must stand complete on their own, and the fact that Plaintiff needed to supplement his Amended Complaint in Response only demonstrates that insufficiency of the Amended Complaint. Second, Plaintiff's proposed exhibit contains no reference to Sgt. Amador. *Id.* Plaintiff pleaded no facts supporting the conclusory allegation that "C.O.'s need his presence to search cells, which never happened," (Dkt. 70 at 9), and in his Response, Plaintiff merely argues "[p]ursuant to judicial rulings, a regular sheriff is

6

not supposed to enter an inmates' cell without higher ranking supervisor." (Dkt. 129 at 9). But Plaintiff does not provide any legal citation to those alleged judicial rulings, nor is he an employee of the Sheriff's Department such that Plaintiff is in a position to dictate the rule of the CCDOC (and even if he was, internal policy violations are not Constitutional violations). Again, the Court should reject Plaintiff's unsupported, and inaccurate, speculation.

Plaintiff relies on allegations of inaction – that Defendant Sgt. Amador "did not combat the smoke or do much to prevent me from having to breathe smoke constantly..." *Id*. While this satisfies an allegation of negligence, it does not constitute a 42 U.S.C. § 1983 or a 14th Amendment violation. Further, Plaintiff pleads no facts indicating that Sgt. Amador even knew that there was smoke on the tier, instead responding to this argument by saying that upon finding a lit wick a layperson could deduce there are more drugs to be lit and smoked, a plausible fact Amador would have been presented to have known." (Dkt. 129 at 10). Plaintiff did not include any facts to support this claim in his Amended Complaint. (Dkt. 70). Accordingly, Plaintiff has failed to state a claim against Segreant Amador, and he must be dismissed from this action.

### C. Plaintiff Fails to State a Claim Against Defendant Supt. Beechem

Plaintiffs' claims against director Beecham appear in counts 2, 3, 5, 7, and 8. Although from the face of each of these counts, it is abundantly clear that Defendant Beecham is named simply because of his role as a Superintendent or Director. Plaintiff never alleges that Beachem was present and personally involved. Rather, Plaintiff concludes that Beachem must have knowledge, because he was a Supt. or Director, and must be held responsible.

In Count 2, Plaintiff alleges that Superintendent Beecham didn't supervise his division resulting in smoke on the tier, and that he didn't direct staff to conduct many searches to confront the smoke. (Dkt. 70 at 8). As to Count 3, Plaintiff alleges that Superintendent Beecham moved to

7

Division 6 where he again did not implement a standard to prevent smoking or instruct his subordinates to stop the drug use on tiers. In Count 5, Plaintiff again merely pleads that Superintendent Beecham oversaw the division and did not instruct staff to efficiently combat or change the smoking environment of the tiers. In other words, Plaintiff has pled that the Defendant is responsible for the fact that those under his supervision were not as effective as Plaintiff would have liked when combating the smoking. (Dkt. 70 at 10). In Count 7, Plaintiff alleges the executive Defendants named in this Amended Complaint are responsible for the conduct or culture they knowingly condone. That's it, that is all that is said about Defendant Beecham in Count 7. Count 8, has a similar allegation in which Defendant Beecham's name is more explicitly mentioned, alleging that executive defendants named in this Amended Complaint and other counts for tiers in division six are also responsible in this count for the smoking culture they allowed. Count 8 simply says that the Defendants responsible because of their titles, not because of any action they took and doesn't plead additional facts about the actions of their subordinates whom they may have supervised. These claims are all by nature *respondeat superior* claims and is not sufficient to state a claim against Defendant Beecham.

      D.      **Plaintiff Fails to State a Claim Against Superintendent McCray**

Plaintiff tries to argue that this Court should be able to infer that Defendant McCray had personal knowledge of the smoke on the tiers because she was combatting the wicks for three weeks. (Dkt. 129 at 12). Without any legal support Plaintiff argues this Court should simply disregard Defendants arguments and that his subjective opinion should be dispositive. By Plaintiff's admission, Superintendent McCray was doing an effective job of addressing smoke on the tiers, "…Superintendent McCray Personally did an outstanding job to combat smoking and wicks." (Dkt. 70 at 11). He attempts to backtrack in his Response, arguing that the Court should

8

infer that she overlooked the smoke and that is why she should be a Defendant. Plaintiff has not properly pled any personal involvement that would state a claim against Defendant McCray.

Plaintiff also argues that Defendant McCray failed to hire more staff and failed to keep enough officers on duty to prevent smoke on the tiers. (Dkt. 129 at 11). Yet again, he provides no facts indicating that it was her duty to hire more staff, retain staff, or even that she had the ability to do so. (Dkt 70). Plaintiff's *respondeat superior* claims are not actionable and he does not make any dispute otherwise. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Similarly misplaced are Plaintiff's allegations that McCray failed to hire or staff, which is both conclusory and insufficient to establish a constitutional violation. Accordingly, Defendant McCray should be dismissed with prejudice.

### E. Plaintiff Fails to State a Claim Against Superintendent Queen in any Count.

Plaintiff responds to Defendants by denying that he has pled Superintendent Queen conducted at least one search of the cells. (Dkt 129 at 12.) Yet, Plaintiff first mentions Superintendent Queen in Count 4 of his Amended Complaint, where he explicitly points out that the Superintendent conducted at least one search of cells. (Dkt. 70 at 9). Plaintiff once again cites to a document outside the pleading, identified as Exhibit C, in a flawed attempt to demonstrate that Defendant Queen had personal knowledge of the allegations he failed to properly plead. (Dkt 129 at 12.) Even if the Court were to consider Plaintiff's improperly cited exhibit, the exhibit simply states that the jail was conducting searches to prevent the start of fires, a very reasonable response. Although Plaintiff argues that a higher standard should have been implemented, all that is required is that Defendants act objectively reasonable. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019). Therefore, Superintendent Queen should be dismissed from the Amended Complaint with prejudice.

### F. Plaintiff Fails to State a Claim Against Lt. Holmes

Plaintiff responds to the Defendant's argument by saying that he sued Defendant Holmes not because he replied to a grievance but because the grievance gave him knowledge of Plaintiff's discontent. Yet, the Amended Complaint is crystal clear, the first time it mentions Lt. Holmes in Count 6, stating that he named him as a Defendant because "he replies to my grievances about combating smoke, and he hasn't changed more than 20% of the smoke-filled environments, during the time complained of." (Dkt. 70 at 12). Plaintiff admits that Holmes improved the smoking problem by 20%, but he would have preferred Holmes to have a larger impact. Yet, his preference is not the standard of reasonableness, and Plaintiff further offers no facts to support that Lt. Holmes was not effective or that his efforts were not objectively reasonable. Plaintiffs Response argues that, "…the Executives of the jail have meetings to discuss grievance issues, which would have officially put him or all Defendants on notice officially…" (Dkt 129 at 13). This argument, if accepted, would have this Court find that since the executives of the jail all have meetings, they all have notice of all issues grieved about in the entire jail. Defendant Lt. Holmes should be dismissed with prejudice from this action because the only allegations against him are that he processed Plaintiff's grievances, a claim upon which no relief can be granted.

### **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that this Honorable Court enter an order granting Defendants' Motion to Dismiss, with prejudice, award all applicable costs and fees, assess Plaintiff a "strike" under the PLRA, as well as any other remedies this Court deems just and appropriate.

        Respectfully submitted,

        KIMBERLY M. FOXX

        State's Attorney of Cook County

        */s/ Joel Zeid*
        Joel Zeid
        Assistant States Attorney
        Civil Rights/Torts Litigation
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        Joel.Zeid@cookcountysao.org

## **CERTIFICATE OF SERVICE**

I, Joel Zeid hereby certify that I have caused true and correct copies of **Defendants' Reply In Support of their Motion to Dismiss Plaintiff's Amended Complaint** and/or a Request for Extension of Time to Reply and foregoing to be served on all Parties pursuant to ECF and in accordance with the rules of electronic filing of documents a copy was mailed via U.S. Mail on this 20th day of August 2024.

To:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

        */s/ Joel Zeid*
        Joel Zeid