**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Christopher Mansoori, *Plaintiff*, v. Sgt. Armador, *et al.*, *Defendants.* | No. 22 CV 1642 Judge Lindsay C. Jenkins |

### ORDER

Defendants Cook County Jail Superintendents Beacham, Queen, and McCray, Lieutenant Holmes, and Sargeant Amador moved to dismiss [dkt. 100] Plaintiff's amended complaint [dkt. 70]. Their motion is denied for the reasons given below.

Plaintiff Christopher Mansoori brought this *pro se* civil rights action under 42 U.S.C. § 1983, claiming that Cook County Jail knowingly exposed him to excessive amounts of second-hand smoke from inmates smoking papers infused with cannabinoids and other chemicals to get high and then provided him with inadequate medical care to treat his exposure. On March 13, 2024, the Court screened Mansoori's amended complaint [dkt. 70] under § 1915A, and after dismissing several Defendants and claims, allowed the amended complaint to proceed against Defendants Cook County Jail Superintendents Beacham, Queen, and McCray, Lieutenant Holmes, Sargeant Amador, and Nurse Hines.[1] [Dkt. 83.]

Initial reviews pursuant to § 1915A are decided under the same standard as a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). In its March 13, 2024, screening order (and also in its original July 18, 2022 screening order), the Court concluded that under notice pleading standards, Plaintiff had sufficiently stated plausible claims against the remaining Defendants other than Nurse Hines related to the conditions of confinement, that is, for knowingly allowing exposure to second-hand smoke; and against Nurse Hines for providing inadequate medical care. [Dkt. 83.]

In their present motion to dismiss, Defendants do not acknowledge, let alone address, the Court's review order. Having failed to do so, the Court stands on its prior analysis and again concludes that the allegations in the amended complaint sufficiently state conditions of confinement claims against Defendants Beacham,

---

[1] Nurse Hines subsequently answered Mansoori's complaint. [Dkt. 127.]

Queen, and McCray, Lieutenant Holmes, and Sargeant Amador. [Dkt. 83 at 2 ("These Defendants allegedly knew about the smoke in the jail areas they supervise, but allowed the condition to continue, thus condoning such conduct." (citing *Smith v. Dart*, 803 F.3d 304, 310 n.2 (7th Cir. 2015).] To the extent Defendants' motion to dismiss is premised on an alleged lack of personal involvement of each Defendant, the Court has already explained why, at least at the pleading stage, it is permissible to "infer 'the personal involvement of senior jail officials' with respect to the alleged systemic problem of second-hand smoke." [Dkt. 83 at 2 (quoting *Smith*, 803 F.3d at 310 n.2.] Defendants' motion fails to demonstrate any error in that analysis or elsewhere in the Court's screening order. Accordingly, the motion to dismiss is denied.

Enter: 22 CV 1642
Date: October 22, 2024

_____
Lindsay C. Jenkins
United States District Judge

2