UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori | 2017-CV-8846 |
| | 2021-CV-5881 |
| | 2021-CV-6173 |
| Plaintiff, | 2021-CV-6242 |
| | 2021-CV-6379 |
| | 2022-CV-1632 |
| | 2022-CV-1634 |
| v. | 2022-CV-1635 |
| | 2022-CV-1638 |
| | 2022-CV-1642 |
| Defendants, et al | 2022-CV-2471 |
| | 2022-CV-3484 |
| | 2022-CV-3485 |
| Defendants | |
| | Magistrate Judge Jeffrey T. Gilbert |

## ORDER

Status hearing held on 12/6/24. Mr. Mansoori and defense counsel Ashlee Doss appeared by telephone. All other defense counsel appeared in person. This Order memorializes certain matters discussed at the hearing. The parties are referred to a transcript of the hearing for a complete record.

The Court and the parties agree that oral depositions should pause pending a ruling on Plaintiff's Motion for Attorney Representation filed in all of Mr. Mansoori's cases. This includes Defendants' noticed depositions of Plaintiff in four cases noted on the record.

There are six cases in which written discovery is not yet complete. Plaintiff will respond to discovery served in cases 17-cv-08846 *Mansoori v. Brown et al*, 21-cv-05881 *Mansoori v. Squires et al*, 22-cv-03484 *Mansoori v. Patel*, and 22-cv-1632 *Mansoori v. Stadnicki* by 1/30/25. If Mr. Mansoori wants to issue discovery in these four referenced cases, he should do so by 1/30/25 as well.

Defendants in 22-cv-3485 *Mansoori v. Pickens* shall make their Rule 26(a)(1) disclosures by 1/7/25. Defendants in 22-cv-01642 *Mansoori v. Armadore et al* shall

make their Rule 26(a)(1) disclosures within 10 days of their filing of an answer in that case. Plaintiff and Defendants in *Pickens* and *Armadore* will issue discovery, if they want to do so, in these cases by 1/30/25. Plaintiff shall respond to written discovery requests previously served on his prior counsel by Defendants in 22-cv-3485 *Mansouri v. Pickens* by 1/30/25.

In the Court's view, the 1/30/25 date for the issuance of and response to written discovery in the cases referenced above is reasonable whether Mr. Mansoori's Motion for Attorney Representation is granted or not. If that turns out to be incorrect, then the Court can address the matter down the road after it hears from the parties. It is important to have a schedule, however, even if the schedule needs to be modified.

Mr. Mansoori requests that Defendants send to him any written discovery requests or correspondence that were sent to his prior counsel, Ms. Haywood, when she was counsel of record in these cases. The Court requests that defense counsel do so in the cases in which such discovery was served on prior counsel.

The Court will set a continued status hearing as necessary after a ruling on Plaintiff's Motion for Attorney Representation.

Finally, during the status hearing, I expressed some doubt that a lawyer could be appointed for Mr. Mansoori with the caveats, provisos, and limitations outlined in his Affidavit in Support of Assignment of Counsel recognizing, however, that ultimately is a matter for the assigned District Judge. In response, Mr. Mansoori indicated he is willing to accept appointment of counsel with a more traditional role if the District Judge deems that appropriate though he would prefer for the attorney-client relationship to be structured as much as possible in the manner he has outlined. Mr. Mansoori's position is noted here because it is not clearly stated in this way in his Motion for Attorney Representation or in his supporting Affidavit filed in each case. Mr. Mansoori requested that I communicate his position to the assigned District Judge. For the avoidance of doubt, I also indicated there are other matters to be considered in connection with any request for assignment of counsel including without limitation whether Mr. Mansoori can continue to prosecute these cases effectively by himself *pro se* as he has been doing.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 6, 2024

2