**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI, | ) | |
| | ) | |
| Plaintiff, | ) | 22 CV 1642 |
| | ) | |
| v. | ) | |
| SGT. AMADOR, et al, | ) | Judge Andrea R. Wood |
| | ) | |
| Defendants. | ) | Magistrate Jeffrey T. Gilbert |
| | ) | |

**DEFENDANT SUPERINTENDENT MCCRAY'S**
**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant, Superintendent McCray through his attorney EILEEN

O'NIELL BURKE, State's Attorney of Cook County, by her Assistant State's Attorneys Ashlee

Doss and Jessica Ratner and answers Plaintiff's First Amended Complaint as follows:

**Count I**

1.      From December 15 through December 27, 2020 I was held in Cook County jail

Division 2, Dorm 1.

**ANSWER: Defendant Superintendent McCray admits that Plaintiff was housed in Division**

**2 Tier D 1 from December 15, 2020 to December 29, 2020 at the Cook County Department**

**of Corrections.**

2.      On this tier, inmates would keep twisted up tissue burning all day and night to

light drugs they'd smoke in the wrappers for toilet paper rolls.  The drugs were infused into

paper and would be rolled up and smoked collectively and frequently.

**ANSWER: Defendant Superintendent McCray admits that detainees in the Cook County**

**Department of Corrections frequently light "wicks" using any available material, in**

**violation of facility rules. Defendant Superintendent McCray deny the allegations in this**

**paragraph.**

3.      John Doe sheriff would come onto the tier and say, "The sergeant is coming you better stop smoking and let it clear out."  I was forced to breathe the 2nd hand smoke of the burnt drugs and the constantly burning tissue.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations of this paragraph.**

4.      John Doe Officer was indifferent to the smoke except when his superior officer would be present.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations of this paragraph.**

5.      Although the smoke was terrible to breathe, this was the easiest situation to endure because the windows would vacuum out the smoke partially, they were broken open.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations of this paragraph and therefore it is denied.**

### Count II

6.      From December 29, 2020 through approximately February 12, 2021 I was housed in Division 4 Tier 1J.

**ANSWER: Defendant Superintendent McCray admits that Plaintiff was housed in Division 4 Tier J1 from December 29, 2020 to February 12, 2021 at the Cook County Department of Corrections.**

12.      Everyday inmates would smoke in the dayroom and their cells, constantly. The air was completely smoke filled a majority of the time. Inmates would keep rolled or twisted up, toilet paper, burning to keep a means to light the drugs they smoke. The inmates and staff refer

to this as a "wick." From this point forward in the compliant, wick will be used as the term to distinguish the slowly burning tissue. Inmates would keep wicks burning all day and night in their cell, so they never lose the opportunity to light the drugs and smoke. Smoke would pour out of their cell through the chuckhole, and it would seep through cells, through the vents. The drugs they would smoke are believed to be cannabinoids, or analogs of them, which are synthetically created. There are a wide array of them that affect humans in different ways, but they are extremely dangerous and toxic. The drugs bind to the receptors in the brain that THC would, except they engulf the receptors completely and because they are synthetic, no one knows for sure what exactly they do. Each variant has a different potency. Depending on how strong the effect is, inmates demand it more. A strong one they refer to it as "Death," and it is desired more because it is so toxic and euphoric. Many inmates die and are revived (after the original complaint was filed, I found out meth, fentanyl, and paint thinner were also infused with the cannabinoids in different versions, increasing desire, effects, and profits). On tier 1J inmates smoked in groups and the entire dayroom would be a cloud of smoke. I never smoked. I kept my mask on but I was still forced to breathe it, as I was confined. At the time, I didn't complain much because the smoke was a means to try to warm up the tier. I breathed the wick smoke everyday and inhaled the 2nd hand smoke, from the drugs smoked in the dayroom.

**ANSWER: Defendant Superintendent McCray admits that detainees in the Cook County Department of Corrections frequently light "wicks" using any available material, in violation of facility rules. Defendant Superintendent McCray lacks information sufficient to admit or deny the remaining allegations of this paragraph.**

13.     C.O Adams  never cared inmates smoked or that they had wicks.

**ANSWER: The allegation in this paragraph is not directed towards Defendant**

Superintendent McCray and therefore requires no response. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph.

14. Superintendent Beachum *(SIC)* also didn't supervisor his division in regard to smoke and he didn't have staff conduct many searches to confront the smoke.

**ANSWER: The allegation in this paragraph is not directed towards Defendant Superintendent McCray and therefore requires no response. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph.**

15. Most staff were indifferent to the smoke.

**ANSWER: Defendant Superintendent McCray denies the allegations contained in this paragraph.**

16. I have a heart condition and I was forced to breath toxic, brain altering chemicals I seek redress.

**ANSWER: Defendant Superintendent McCray lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph.**

<u>**Count III**</u>

17. From March 9, 2021 through May 13, 2021 I was housed in Division 6 tier 1H. Inmates would do the same exact thing in Count 1 and 2.

**ANSWER: Defendant admits that Plaintiff was housed in Division 6 Tier H1 from March 9, 2021 to May 13, 2021 at the Cook County Department of Corrections.**

18. The jail had a huge problem; they were indifferent to for a long time.

**ANSWER: Defendant Superintendent McCray denies the allegations contained in this**

**paragraph.**

19.     Half of the deck would smoke "death", and it was hard to breathe at all.  I wear a face mask just for the smoke, but it hardly worked.  It was torture, my lungs hurt, the smoke smelled so bad and there was nowhere to go to get away from it.  In my cell, at night, the smoke would fill my cell in the night from my neighbor keeping a burning wick in the vent.  I'd wake up sick, not knowing I was breathing smoke while I was sleeping.

**ANSWER: Defendant Superintendent McCray admits that detainees in the Cook County Department of Corrections frequently light "wicks" using any available material, in violation of facility rules.  Defendant Superintendent McCray lacks information sufficient to admit or deny the remaining allegations of this paragraph.**

20.     My cellmate Rayquan Alexander and I both hated it, so many inmates participated in smoking and promoting the use of the drugs for profit that there was nothing I could say or do in the masses to make them stop.  I was forced to breathe it.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the remaining allegations of this paragraph.**

21.     One inmate made his, and the same day he died and was induced from smoking. He obtained the substance from 1H.  Sergeant McCay witnessed his need for medical attention.

**ANSWER: Defendant Superintendent McCray lacks sufficient knowledge or information to form a belief as to the truth of the averments as to the unnamed inmate, and denied the remaining allegations in this paragraph.**

22.     I was forced to breathe the toxic drugs and wicks everywhere in a tier with sub-standard ventilation anyways.

**ANSWER: Defendant Superintendent McCray denies the allegations contained in this**

paragraph.

23.    C.O. Mintah tried to catch wicks and smokers, but there were so many he could hardly combat it.  I named him as a defendant because he personally didn't stop the smoke-filled tiers and the widespread condition I survived.

**ANSWER:  The allegation in this paragraph is not directed toward Defendant Superintendent McCray and therefore requires no response. To the extent a response is required, Defendant Superintendent McCray lacks information sufficient to admit or deny the remaining allegations of this paragraph.**

24.    Superintendent Beachem moved to Division 6 during this period again he did not implement a standard to stop smoking or instruct his subordinates to stop the drug use on tiers, nor were frequent searches conducted to deter all of the smoke.

**ANSWER:  The allegation in this paragraph is not directed toward Defendant Superintendent McCray and therefore requires no response. To the extent a response is required, Defendant Superintendent McCray lacks information sufficient to admit or deny the remaining allegations of this paragraph.**

25.    My heart backflows blood, so smoke is extremely detrimental to me. I also really love my brain, and I do whatever I can to protect it, but the indifference the jail staff had towards inmates smoking and 2nd hand smoke caused me to be exposed to consistently burnt toxins, that deteriorate the brain. I have been confined and literally kept in gas chambers. No one knows, at any given time, exactly what they are smoking, and what is in the 2nd hand smoke, that lingers heavily, in the air of Cook County Jail, on Tier 1H, at this time. All inmates know is that they get very high, and the defendants couldn't stop them.

**ANSWER: Defendant Superintendent McCray admits that detainees in the Cook**

County Department of Corrections frequently light "wicks" using any available material, in violation of facility rules. Defendant Superintendent McCray lacks information sufficient to admit or deny the remaining allegations of this paragraph.

### Count IV

28. From May 13, 2021 through June 21, 2021 I was housed in Division 4, tier 2H.

**ANSWER: Defendant Superintendent McCray admits that Plaintiff was housed in Division 4 Tier M2 from May 13, 2021 to June 21, 2021 at the Cook County Department of Corrections.**

29. Inmates smoked so much on the tier it was sickening. I kept a towel over my chuckhole to try to keep the plastic smelling smoke out. While I was in the dayroom large clouds of smoke would linger and I would try to get away, but I couldn't.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the remaining allegations of this paragraph.**

30. Many inmates passed out or couldn't function and they'd be rushed to medical.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the remaining allegations of this paragraph.**

31. C.O. Miklas and Miskell watched the tier and witnessed the inmates get sick and admit to smoking. They wouldn't allow smoking but would see huge clouds of smoke and see inmates high. No one stopped the state of the tier being filled with smoke from wicks and toxic drugs.

**ANSWER: The allegations in this paragraph are not directed towards Defendant Superintendent McCray, and therefore a response is not required. To the extent a response is required, Defendant Superintendent McCray denies the remaining allegations of this**

**paragraph, and therefore it is denied.**

32.     Sergeant Amadore *(SIC)* worked in Division 4 and he only came on the tier once to catch a wick.  He did not combat the smoke or do much to prevent me from having to breathe smoke constantly.  I name Sergeant Amadore *(SIC)* as a defendant for being indifferent 99% of the time.  C.O.'s need his pressure to search cells, which never happened

**ANSWER: The allegations in this paragraph are not directed towards Defendant Superintendent McCray and therefore requires no response. To the extent a response is required, Defendant Superintendent McCray lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and therefore it is denied.**

36.     Superintendent Queen also did nothing to instruct a higher standard for staff to enforce. Staff didn't care as long as they were safe in the bubble and didn't have to breathe the toxic smoke themselves. The superintendent did not conduct more than one, or did not have her subordinates conduct more than one search, during this time period.

**ANSWER: The allegations in this paragraph are not directed at Defendant Superintendent McCray and therefore requires no response. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and therefore it is denied.**

37.     I breathed in toxic chemicals and burnt toilet paper every single day on this tier. It was as if this became the jail's normal environment.  As a pretrial detainee I shouldn't be subjected to such detrimental conditions.  The Defendants were indifferent to my living conditions.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

**Count V**

38.     From June 23, 2021 through September 3, 2021 I was housed in Division 6 tier 2K.

**ANSWER: Defendant admits that Plaintiff was housed in Division 6 Tier 2K from June 23, 2021 to September 3, 2021 at the Cook County Department of Corrections.**

39.     At this point, the entire jail was saturated with drugs on paper. Inmates chain smoked the drugs, and it stayed in the air. Wicks never went out and drug supplies never ran out. On this tier, I watched inmates lose their mind. Some got so high and experienced euphoria / psychosis that their souls nearly left their bodies. Some were put into the shower fully clothed, to come back to reality. Others passed out and hit their head, white others convulsed and seized. I watched an inmate get wheeled out in a wheelchair after smoking, only to return a few hours later and immediately try to smoke more again.

**ANSWER: Defendant Superintendent McCray admits only that detainees in the Cook County Department of Corrections frequently light "wicks" using any available material, in violation of facility rules. Defendant Superintendent McCray lacks information sufficient to admit or deny the remaining allegations of this paragraph, and therefore it is denied.**

40.     It was then I learned, that inmates who died and were revived, had blood toxicity screenings, and were testing positive for K2 and roach spray. I was breathing burnt roach spray and analogs of cannabis in high volumes, just existing in the jail, on the tier, trying to perservere [sic] (paint thinner, acetone, meth, fentanyl, are also variations added in and smoked, I learned later). One day in the cell next to me, inmates fell asleep with a wick burning, hanging from the vent. The vent was so dusty and filled with flammable trash, that the entire vent caught on fire in the ductwork and a harsh burnt plastic smoke filled the entire tier and the

tier beneath us. Wicks never went out and I even had a cellmate who liked to smoke. The jail was out of control. I was constantly trying to clear my respiratory tract after all of the damage I was subjected to. I've really been confined to a gas chamber, and I am not exaggerating.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations contained in this paragraph.**

43.     Superintendent Beachum *(SIC)* oversaw the division and did not instruct staff to effectively combat or change the smoking environment of the tiers.  Smoking drugs in the jail was done as if was acceptable and legal.

**ANSWER: Defendant Superintendent McCray specifically denies that he was the Superintendent of Division 6 between June and September 2021 and denies the remaining allegations contained in this paragraph, and therefore it is denied.**

44.     John Doe Officer was negligent to stop the tiers from being smoke filled. Everyday I was forced to breathe smoke filled, polluted air.

**ANSWER: The allegation in this paragraph is not directed at Defendant and therefore requires no response. To the extent response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and therefore it is denied.**

### Count VI

45.     From September 3, 2021 through December 23, 2021 I was confined in Division 6 tier 2R.

**ANSWER: Defendant admits that Plaintiff was housed in Division 6 Tier 2R from September 3, 2021 to December 23, 2021 at the Cook County Department of Corrections.**

46.     It was during this time period Superintendent McCray took over Division 6

approximately the second week of October 2021. From 10/7/21 to 10/28/21 Superintendent McCray personally did an outstanding job to combat smoking and wicks. She personally visited our tier unexpectedly and would catch burning wicks in the jail bathroom. She would look cell to cell for wicks. Inmates on the deck slowed the smoking down as a result.

**ANSWER: Defendant Superintendent McCray admits that she was superintendent in October of 2021. Defendant Superintendent McCray further admits that detainees in the Cook County Department of Corrections frequently light "wicks" using any available material, and deny the remaining allegations contained in this paragraph.**

47. From September through the first week of October inmates on tier 2R kept wicks burning and smoked drugs prevalently. The dayroom was always smoke filled but I got a job on the compound as I got somewhat of a break from the gas chamber environment during the period from September through October.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations of this paragraph.**

48. While I was on the tier wicks and 2nd hand smoke never dissipated.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

49. After October 28, 2021, Superintendent McCray must've lost her initial motivation to stop smoking and wicks because she didn't pop up anymore, unexpectedly.

**ANSWER: Defendant Superintendent McCray denies the allegations contained in this paragraph.**

50. I didn't work anymore, and I stayed on the tier, inmates amped up the smoking again and 2nd hand smoke became an aggravating factor again. During this time, I became the deck worker, but I didn't condone or participate in smoking or drug activities. I refused to pass

wicks as favors, and I really began documenting the smoking problem. I refused to pass wicks or favors and I really began documenting the smoking problem. Inmates started associating me with police because I didn't conform to their drug habits and things became violent. It was me against the smokers. Staff started to realize by what I was documenting in grievances about the smoke, what my future legal intentions were.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations contained in this paragraph.**

53. Jail life became difficult because there is staff that participate in the drug activity and facilitate inmates drug use. Some staff are indifferent to the smoking, some promote it, and some staff want to protect their job and combat the smoking.

**ANSWER: The allegation on this paragraph is not directed towards Defendant Superintendent McCray, and therefore requires no response. To the extent a response is required, Defendant denies the allegations in this paragraph.**

54. I moved off of tier 2R after I fought ( wasn't documented). Inmate threatened to jump me for two weeks and finally on December 23, 2021 after my cellmate, Jamal Saefir, chain smoked 15 drug joints and ran out of food and experienced psychosis I moved myself.

**ANSWER: The allegations in this paragraph are not direct towards Defendant Superintendent McCray, and therefore requires no response. To the extent a response is required, Defendant Superintendent McCray deny the allegations contained in this paragraph.**

55. I couldn't escape the smoke and it was as if the executives of the jail condone the drug use, so inmates are stuck in a stupor and care less to fight their criminal charges.

**ANSWER: Defendant Superintendent McCray denies the allegations in this paragraph.**

56.     Even after being subjected to a constant detrimental environment, I am determined to stay focused and stand affirmatively on my principles.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations contained in this paragraph.**

57.     The Federal law is very clear, 2nd hand spoke is not a constitutional prisoner living condition.

**ANSWER: Defendant Superintendent McCray submits that this is a statement of law that does not require factual admission or denial.**

58.     Lt. Holmes only cares sometimes to stop smokes.  He replies to my grievances about trying to stop smoking, but he doesn't stop much of anything or instruct his subordinates on how to effectively stop tiers from becoming smoke filled.

**ANSWER:  The allegation in this paragraph is not directed towards Defendant Superintendent McCray, and therefore requires no response. To the extent a response is required, Defendant Superintendent McCray lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and therefore it is denied.**

59.     Also, around November of 2021, Division 6 became extremely short staffed. C.O.s would be responsible for two different tiers at once, and they would fail to supervise inmate behavior. With sheriff's barely present, inmates would smoke freely, and I'd be breathing the 2nd hand spoke that lingered in cloud form.

**ANSWER: The allegations in this paragraph are not directed towards Defendant Superintendent McCray, and therefore requires no response. To the extent a response is required, Defendant Superintendent McCray deny the allegations of this paragraph.**

60.     For this count, I name Superintendent McCray for every week, except the three

weeks cited, as a defendant. She failed to hire more staff or keep enough sheriffs on duty to combat smoking, and she failed to effectively have her subordinates prevent smoke filled air.

**ANSWER: Defendant Superintendent McCray denies that she has the power to hire or fire any Sheriff's staff member or personnel, and deny the remaining allegations in this paragraph.**

61.     Lt. Holmes is also named as a defendant, he replies to my grievances about combating smoke and he hasn't changed more than 20% of the smoke-filled environment Plaintiff lived in during the time complained of.

**ANSWER: This allegation in this paragraph is not directed at Defendant Superintendent McCray and therefore requires no response. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and therefore it is denied.**

62.     I also name John Doe Executive Director as a defendant for being so obvious or careless to the jail's smoked filled existence, to have allowed it to deteriorate and function as a gas chamber for so long, without maintaining an acceptable prisoner living standard.

**ANSWER: This allegation in this paragraph is not directed at Defendant Superintendent McCray and therefore requires no response. To the extent response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and therefore it is denied.**

63.     I name all defendants in this amended complaint on this basis. It was not until I began to write, did I start nothing ranking of officials within the jail, start to acknowledge this particular issue I grieve, and act. There is corruption and indifference, which created a large margin for unconstitutional prisoner living conditions. The sheriffs protect each other and the

county by all means, even to conceal federal offenses, knowingly. I seek redress.

**ANSWER: Defendant Superintendent McCray deny the allegations of this paragraph.**

### Count VII

64.     From December 23, 2021 through April 4, 2022 I was housed on Tier 2N of Division 6.

**ANSWER: Defendant Superintendent McCray admits that Plaintiff was housed in Division 6 Tier 2N from December 23, 2021 to April 4, 2022 at the Cook County Department of Corrections.**

65.This tier has been a hub or distribution point, for sheets of paper drugs, throughout the Division.  Drugs came through or came into the Jail, from multiple avenues at once.

**ANSWER: Defendant Superintendent McCray admits only that detainees in the Cook County Department of Corrections frequently light "wicks" using any available material, in violation of facility rules. Defendant Superintendent McCray deny the remaining allegations of this paragraph.**

66.     At this time, a teacher's assistant from the high school program, was smuggling drugs into the Jail. Specifically, the two inmates in the cell next to me, to the left, received those drugs from class, and supplied it to others wholesale, to be sold everywhere. I also witnessed multiple C.O.s give drugs and tobacco, to specific inmates, hand to hand, off of the camera's view. I also witnessed a C.O. drop drugs and tobacco into an inmate's cell at night during checks, all while on this tier.

**ANSWER: Defendant Superintendent McCray denies the allegations remaining allegations of this paragraph and any liability.**

67.     The profits compelled the Sheriffs to facilitate or promote the culture of smoking in

the Jail. I watched these same sheriffs pass drugs on behalf of other inmates, to assist in transactions. These sheriffs possessed an extraordinary power over inmates because the profits motivated inmates to do whatever the sheriffs asked of them, to further their common goal.

**ANSWER**: **Defendant Superintendent McCray denies the allegations in this paragraph and any liability.**

68.     At some point, the teacher's assistant was caught smuggling in contraband, and a few months after I left the deck, an inmate was caught with lots of smoking contraband.

**ANSWER**: **Defendant Superintendent McCray lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

69.     This tier had inmates that were mentally very slow and did nothing but smoke drugs in toilet paper wrappers and keep wicks burning every single day. Not a day went by where I didn't breathe smoke. The inmate to my right, in the cell next to me, frequently rolled the toilet paper wrapper with his crushed Depacote pilis and smoked it. Bipolar medication is being burned into the air, it's 2nd hand smoke is terrible. The neighbor to my left burned wicks all night and I couldn't see it, but we shared a vent.

**ANSWER**: **Defendant Superintendent McCray admits only that some detainees in the Cook County Department of Corrections lit "wicks" using any available material, in violation of facility rules and policies. Defendant Superintendent McCray lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore it is denied.**

70.     When I would wake up, my nose, throat and chest, hurt bad and I was congested. I spent hours trying to clear out my congestion, only to be forced to breathe more chemical smoke again. I tried very hard to maintain my sanity and my health. I frequently felt sick and terrible

from the drug smoke and wick smoke. For a long time I breathed terrible stuff, consistently. It damaged me, and I've been hold with out bond, as a pre-trial detainee, so I didn't have any opinions. It was imposed upon me. I dreamed of clean, fresh air. I do my best to preserve my health, but toxic smoke has been imposed on me by the Jail's ranking officials and the culture they knowingly condone, for just short of two years.

**ANSWER**: **Defendant Superintendent McCray lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

71. Additionally, after the filing of the original complaint March 29, 2022, where I stated "My Complaint will incite a lot of emotion and retaliation, but it's all true," I was cornered by approximately 8 inmates. They said a specific C.O., who I viewed giving people smoking material, told them I was the police.

**ANSWER**: **Defendant Superintendent McCray lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

72. They said "You got this coming" and I was attached April 3, 2022 on tier 2N. I was forced to fight in Defense, but I had fasted that day, and sustained a physical injury.

**ANSWER**: **Defendant Superintendent McCray lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

73. The Sheriff, who I disclosed in discovery, used his power to order inmates to attack me for filing this complaint. A few weeks later that sheriff told me, "I'm supposed you're still here and you haven't copped out yet," as he glared at me.

**ANSWER**: **The allegations in this paragraph are not directed towards Defendant Superintendent McCray and therefore does not require a response. To the extent a response is required, Defendant Superintendent McCray lacks knowledge or information**

**sufficient to form a belief of the truth of the allegations in this paragraph, and it is therefore denied.**

74.     In July 2023, I encountered the same sheriff again and he said, "You're trying to get me in trouble huh? They told me." I gave his name in Discovery and that information was shared with him.

**ANSWER**: **The allegations in this paragraph are not directed towards Defendant Superintendent McCray and therefore does not require a response. To the extent a response is required, Defendant Superintendent McCray lacks knowledge or information sufficient to form a belief of the truth of the allegations in this paragraph, and therefore it is denied.**

75.     The complaint was processed by Ms. Milly, prior to April 3, 2022, for purposes of Plaintiff's application to proceed in forma pauperis. This information was shared immediately with Jail staff, and they ordered inmates to attack me. This is corruption, retaliation, and an unconstitutional culture, that undermines federal law.

**ANSWER**: **The allegations in this paragraph are not directed towards Defendant Superintendent McCray and therefore does not require a response. To the extent a response is required, Defendant Superintendent McCray deny the allegations in this paragraph.**

76.     The executive Defendants, named in this amended complaint, are responsible for the conduct or culture they knowingly condone. Everything is documented and this particular sheriff still works here and enters my cell and/or searches me, which indicates executive Defendants care not for the standard of law acceptable, but for the control, that they maintain by all means, even outside of the scope of ethical.

**ANSWER**: **Defendant Superintendent McCray denies the allegations contained in this paragraph.**

77.     I name the same exact defendants from Count 6, for this Count, even for the injury sustained on tier 2N April 3, 2022, for knowingly upholding the culture, that caused me injury in many forms.

**ANSWER**: **Defendant Superintendent McCray denies the allegations contained in this paragraph.**

<u>**Count VIII**</u>

65.     From April 4, 2022 through April 11, 2022 I was housed on tier 1J of Division 6.

**ANSWER**: **Defendant Superintendent McCray admits that Plaintiff was housed in Division 6 Tier 1J from April 4, 2022 to April 11, 2022 at the Cook County Department of Corrections.**

66.      Many inmates on this deck also went to the same Classroom where drugs were smuggled in. They had a large amount of paper drugs to smoke, and the 2nd Hand smoke filled the air of the tier. Inmates were drug induced, but I was also forced to breathe the byproducts.

**ANSWER**: **Defendant Superintendent McCray lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

67.     From April 11, 2022 through August 22, 2022 I was housed on tier 2H of Division of Division 6.

**ANSWER**: **Defendant Superintendent McCray admits that Plaintiff was housed in Division 6 Tier 2H from April 13, 2022, at the Cook County Department of Corrections.**

68.     Here, inmates smuggled in drugs through commissary. They kept wicks lit, to

spoke the drugs they possessed abundantly. The paper dings were soaked with fentanyl, and inmate Corona died in the Cell, the nurses were barely able to resuscitate him with narcane and a defibrillator. Corona was just a few cells over from me, I breathed 2nd hand smoke containing the lethal substance. The tier was filled with smokers and their 2nd hand smoke of all sorts of substances.

**ANSWER**: **Defendant admits only that detainees in the Cook County Department of Corrections lit "wicks" using any available material, in violation of facility rules and policies. Defendant Superintendent McCray lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

69. The executive defendants named in this amended complaint, in other counts, for tiers in Division 6, are also responsible in this Count for the smoking culture they allowed in oversight. This includes Superintendent McCray, Assistant Executive Director Queen, Executive Director Beachem, and Lt. Holmes. At this point in time, Queen and Beachem assumed their new titles from Superintendents and possessed responsibility over Division 6 with their new roles in Director title and authority. The issue of smoke was nothing new and within their knowledge.

**ANSWER**: **Defendant Superintendent McCray denies the allegations contained in this paragraph and any liability or wrongdoing.**

## Count IX

70. In response to one of my grievances Lt. Holmes had me sent to Dispensary. I was called there and saw Nurse Alesia Hines approximately January 23, 2022

**ANSWER:** **Defendant Superintendent McCray admits that a response to Plaintiff's grievance was written to Plaintiff on January 24th, 2022 for the Grievance with the control # 2022X00766.**

71.     I was brought there by C.O. Mays who worked my tier, 2N, that day.

**ANSWER: The allegations in this paragraph are not directed towards this Defendant, and therefore no answer is required. To the extent a response is required, Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations of this paragraph.**

72.     I only saw Nurse Hines in Dispensary that day. She said she'd refer me to the doctor since she knows how the tiers are smoke filled herself,  when she experiences it firsthand, stepping onto tiers.  I told her how I can't breather and my heart is irregular, and my respiratory tract is damaged.  The cilia have been severely damaged over these past years from smoke inhalation, and my lungs have sustained damage. Additionally, periodic assessments to my heart, due to the heart disease I have, indicate that my aorta has narrowed by at least 3%, if not more, during my incarceration.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations of this paragraph.**

72.     I allege a clearly documented injury to my heart as a result of 2nd hand smoke inhalation, in combination with other claims as factors (No recreation/fresh air and Covid exposure). I haven't had my respiratory tract screened, except for an X-ray to my lungs in the spring of 2023, as well as a look at my nostrils, with plain eyes, around the same time.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegations of this paragraph**.

73.     In May 2023, the County finally ordered a test for me to breathe in a machine to test my lungs, but I have yet to have the test performed.  The County does not want to actually screen me, to prevent proving any injury as a result of 2nd hand smoke inhalation.

**ANSWER**: **The allegation in this paragraph is not directed toward Defendant Superintendent McCray, and therefore no response is required. To the extent a response is required, Defendant deny the allegations contained in this paragraph.**

74. On February 1, 2022, Nurse Olikagu Kingson told me, "I can't treat you medically for 2nd Hand smoke, it's a security issue." This was the only time I ever had a conversation with this man, and it was on the tier of 2N, Division 6, when medication was being administered.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's conversation with Nurse Olikagu Kingon contained in this paragraph.**

75. Now, a fraudulent medical report has been produced, showing I visited Kingson on January 23, 2022 instead of Alesia Hines.

**ANSWER**: **Defendant Superintendent McCray admit only that copies of Plaintiff's medical reports were previously produced to Plaintiff. Defendant Superintendent McCray deny the allegations contained in this paragraph.**

76. It appears County medical employees are willing to commit fraud for the County's security, while my medical needs are ignored or delayed, for extremely long periods of time.

**ANSWER**: **The allegation is this paragraph is not directed toward, Defendant Executive Direct Superintendent McCray, and therefore requires no response. To the extent a response is required, Defendant Superintendent McCray deny the allegation in this paragraph.**

77. Another fraudulent report was produced by the County, showing I went to Dispensary and saw Alesia Hines January 24, 2022, but I know it's false, due to the disclosure I

was called there on a Sunday because of a grievance I wrote. Medical attention was not given and the County aimed to fraudulently prove otherwise.

**ANSWER: Defendant Superintendent McCray admit only that copies of Plaintiff's medical reports were previously produced to Plaintiff. Defendant Superintendent McCray deny the allegations contained in this paragraph.**

78.     On February 2, 2022 Nurse Velinda Llorens came to my cell and said exactly the same thing about my condition, breathing 2nd hand smoke, "There is nothing I can do to treat you medically for 2nd hand smoke." She also said, "The doctor is too busy, we're backed up that's why I'm coming to your cell."

**ANSWER: The allegation in this paragraph is not directed towards Defendant Superintendent McCray, and therefore no response is required. To the extent a response is required, Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and it is therefore denied.**

79.     I dropped several medical request slips, and I wasn't even acknowledged about breathing smoke, by medical staff and any damage I may have incurred, until the Spring of 2023.

**ANSWER: Defendant Superintendent McCray denies the allegations contained in this paragraph.**

80.     Although, not much was done to screen me, nobody cares about the damage smoke has done to me, in the Jail, against my will.

**ANSWER: The allegations in this paragraph are not directed towards Defendant Superintendent McCray and therefore does not require a response. To the extent a response is required, Defendant Superintendent McCray deny the allegations in this**

**paragraph.**

81.     The Cook County employees only care to conceal misconduct or limit any liability they may face.

**ANSWER: The allegations in this paragraph are not directed towards Defendant Superintendent McCray, and therefore does not require a response. To the extent a response is required, Defendant Superintendent McCray deny the allegations contained in this paragraph.**

82.     Kingson and Llorens are defendants for indifference to my medical needs.

**ANSWER: The allegations in this paragraph are not directed towards Defendant and therefore does not require a response. To the extent a response is required, Defendant denies the allegations contained in this paragraph. Further, Kingson and Llorens have been terminated as parties to the case pursuant to this Honorable Courts 1915A Order.**

83.     Also, John Doe doctor and Alesia Hines are named as defendants, for not seeing me for the referral Alesia Hines claimed she was completing on January 23, 2022.

**ANSWER: The allegations in this paragraph are not directed towards Defendant Superintendent McCray, and therefore does not require a response. To the extent a response is required, Defendant Superintendent McCray lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph.**

84.     Alesia Hines is named as defendant for denying me medical treatment, preparing fraudulent reports on January 24, 2022, saying I saw her, and the role she played in seeing me in Dispensary January 23, 2022, but a medical report produced instead, showing I saw Olikagu Kingson instead, which never occurred.

**ANSWER: The allegations contained in this paragraph are not directed towards this**

**Defendant Superintendent McCray, and therefore a response is not required. To the extent a response is required, Defendant Superintendent McCray denies the allegations contained in this paragraph.**

85.    This fraudulent conduct ultimately led me to not receive medical attention for 2nd hand smoke in general and indifference can be inferred from the defendants' conduct.

**ANSWER: Defendant Superintendent McCray denies the allegations contained in this paragraph.**

86.    "It's a security issue", that gets handled fraudulently and never gets acknowledged medically either.

**ANSWER: Defendant Superintendent McCray deny the allegations contained in this paragraph.**

<u>**Conclusion to all Counts**</u>

79.    In 2006 Illinois out a ban to smoking indoors and that included Cook County jail. Cigarettes were taken off of the market in jail deliberately to limit liability for 2nd hand smoke.

<u>**ANSWER:**</u> **Defendant Superintendent McCray admits the smoking in the Cook County Department of Corrections had been banned, and such ban was in effect during the entirety of Plaintiff's custody. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and therefore it is denied.**

80.    Now a new day has come, where synthetic drugs are infused into paper and the jail population is smoking these drugs like cigarettes and using wicks, they keep lit to light the drugs. Smoke is always in the air. We don't go outside for fresh air or exercise and my heart is sensitive. The jail conditions are extremely harmful, and I've been subjected to it continuously for over a year, nonstop against my will. The jail is damaging my lifespan and immediate health.

There is nothing I can do but write this federal complaint.

**ANSWER: Defendant Superintendent McCray admits the smoking in the Cook County Department of Corrections had been banned, and such ban was in effect during the entirety of Plaintiff's custody. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph, and therefore it is denied.**

81.     I have numerous jail staff who are witnesses to the conditions I describe in this complaint, who I have not listed to protect them. At the right time they will be named if the process reaches a subpoena of witness point.

**ANSWER: Defendant Superintendent McCray lacks information sufficient to admit or deny the allegation contained in this paragraph.**

82.     My complaint will incite a lot of emotions and retaliation but it's all true completely and utterly. I seek the jurisdiction of this Federal court to intervene and correct the unlawful nature of the jail and to condone the state and conduct of the jail. Nobody has the right to impose conditions that damage my mind and body.

**ANSWER:  To the extent that this paragraph is deemed to present factual allegations of contentions, Defendant Superintendent McCray denies the allegations contained in this paragraph.**

## DEFENDANT'S AFFIRMATIVE DEFENSES

Pleading in the alternative, and without prejudice to the denials in his Answers, Defendant asserts the following separate affirmative defenses to Plaintiff's Complaint:

### I.    Qualified Immunity

**1.**    With respect to the Plaintiff's claims, Defendant did not cause the deprivation of any constitutional rights of Plaintiff.

**2.**    The conduct of Defendant was at all times objectively reasonable and did not violate

any of Plaintiff's clearly established Constitutional rights.

3.      Accordingly, Defendant is entitled to the defense of qualified immunity.

## II.      Failure to Exhaust -- 42 U.S.C. §1997e(a)

4.      Plaintiff was at all relevant times and the date of filing, a prisoner, or a pre-trial detainee. Under Section 1997e(a) of the Prisoner Litigation Reform Act, Plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

5.      The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

6.      Plaintiff failed to properly exhaust his administrative remedies and therefore, his claims are barred and should be dismissed without prejudice until he exhausts administrative remedies.

## III.      Failure to Mitigate

7.      Without waiving his denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, the claims are barred to the extent Plaintiff failed to act reasonably to mitigate his damages.

8.      Plaintiff obstructed health care providers and defendants by his own conduct and or negligence.

9.      Plaintiff has thus failed to mitigate his damages, and any award of damages may be reduced by the amount by reason of said failure to mitigate.

### IV.    42 U.S.C. §1997e(e)

**10.**    Plaintiff was at all relevant times and the date of filing a prisoner or pre-trial detainee.

**11.**    Plaintiff has requested compensatory damages but has not stated whether he seeks compensation for mental distress.

**12.**    Section 1997e(e) of the PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).

**13.**    Plaintiff cannot show physical injury caused by any defendant, and, as a result, under Section 1997e(e) of the PLRA cannot seek damages for alleged mental distress

### V.    Immunity from Punitive Damages

**14.**    To the extent Plaintiff seeks punitive damages from Defendant in his official capacities, the Defendant assert immunity from same.

**15.**    First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

**16.**    Second, a municipality is immune from punitive damages under 42 U.S.C. §1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

**17.**    Thus, the Defendant are immune from punitive damages in his official capacity.

The Defendant reserve the right to amend the affirmative defenses at any point throughout the course of discovery.

### JURY DEMAND

Defendant respectfully requests a trial by jury.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an order: (a) dismissing Plaintiff's Complaint with prejudice and assessing costs against Plaintiff and (b) providing such other and further relief that this Honorable Court deems necessary and appropriate.

Respectfully Submitted,

EILEEN O'NEILL BURKE
State' Attorney of Cook County

*/s/ Ashlee Doss*
Ashlee Doss
Jessica Ratner
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5500
Ashlee.doss@cookcountysao.org

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, Ashlee Doss, an attorney, hereby certifies that on January 3, 2024 the foregoing document was electronically filed using the CM/ECF system, which sent a notice of Electronic Filing to all parties of record. I certify that in accordance with Fed. R. Civ. P. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served upon All ECF users.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by certified mail, postage prepaid, and electronic mail to the follow non-CM/ECF participants on or before January 8, 2025:

Christopher Mansoori
20191007189
Cook County Jail
2700 S. California Ave.
Chicago, Illinois 60608

*/s/ Ashlee Doss*
Ashlee Doss