UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori | 2017-CV-8846 |
| | 2021-CV-5881 |
| Plaintiff, | 2021-CV-6173 |
| | 2021-CV-6242 |
| v. | 2021-CV-6379 |
| | 2022-CV-1632 |
| Defendants, et al | 2022-CV-1634 |
| | 2022-CV-1635 |
| Defendants | 2022-CV-1638 |
| | 2022-CV-1642 |
| | 2022-CV-2471 |
| | 2022-CV-3484 |
| | 2022-CV-3485 |
| | Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

Status hearing held on 1/22/25. The Court reviewed the Defendants' Global Joint Status Report filed in all cases. The parties are referred to the transcript of the 1/22/25 status hearing for a complete record of the hearing. This Order contains rulings in certain cases relating to specific matters discussed at the hearing.

Defendants shall depose Mr. Mansoori in the cases and on the dates outlined below, absent a court order allowing a deposition to occur on a different date upon a showing of good cause. These dates are agreed by the parties:

January 23, 2025 at 11:00 a.m.: *Mansoori v. Dart*, et al., 22-cv-1638 and *Mansoori v. Smith, et al.*, 21-cv-6242.

February 19, 2025 at 1:00 p.m.: *Mansoori v. Stadnicki*, 22-cv-1632 and *Mansoori v. Stadnicki*, 22-cv-2471.

1

February 26, 2025 at 11:00 a.m.: *Mansoori v. Squires, et al.*, 21-cv-5881, *Mansoori v. Patel*, 22-cv-3484 and *Mansoori v. Brown*, 17-cv-8846.

March 13, 2025 at 11:00 a.m.: *Mansoori v. Pickens*, et al., 22-cv-3485, *Mansoori v. Thomas* 22-cv1634 and *Mansoori v Milly*, 21-cv-6379.

March 25, 2025 at 11:00 a.m: *Mansoori v. Amadore*, et al., 22-cv-1642.

April 3, 2025 at 11:00 a.m.: Mansoori *v. Dart, et al.,* 22-cv-1638.

If any party wants to issue written discovery in *Mansoori v. Thomas*, 22-cv-1634, they shall do so by 1/30/25, a date previously set for issuance of discovery in other cases.

Certain Defendants' oral request in *Mansoori v. Amadore et al,* 22-cv-01642, to extend time to make their Rule 26(a)(1) disclosures is denied as unnecessary. On the record, Defendants reported that Rule 26(a)(1) disclosures likely were made previously in the *Amadore* case as part of a joint or global Rule 26(a)(1) disclosure for all cases. It therefore is unnecessary for Defendants to make duplicative Rule 26(a)(1) disclosures now. All parties, of course, are obligated under Rule 26(e) to serve timely supplemental Rule 26(a) disclosures when and as necessary.

A global status hearing is set for 2/11/25 at 1:30 p.m. in Courtroom 1386. The parties shall meet and confer prior to the hearing and file a proposed agenda/ joint status report for the hearing by noon on 2/6/25. The agenda/joint status report shall include at least the following information:

(1) Identification and a brief description of any/all discovery disputes that continue to exist in any pending case, when the dispute was first raised by the party now raising it, whether and when the parties met and conferred about the dispute per Local Rule 37.2, whether the parties are at impasse and, if not, next steps the parties will take to attempt to resolve the dispute, and all prior filings that relate to the dispute by CM/ECF number (with page number(s) cited) including any previously filed motions, responsive briefs, status reports, or Court orders;

(2) A list of all cases in which Defendants have not yet made Rule 26(a)(1) disclosures, and a date not more than 14 days after the filing of the agenda/status report by which Defendants will make Rule 26(a)(1) disclosures in any case in which they have not yet been made;

(3) Identification of any discovery motions that need to be filed and briefed, with a proposed briefing schedule for the motion, response, and reply; and

(4) Any other subject any party wants the Court to address with respect to discovery or settlement in any pending case;

Defense counsel shall appear in person at the next hearing. The Court requests that Defense counsel arrange for Plaintiff to appear by telephone for the next status hearing at 650-479-3207 and the access code is 180 946 2499#. Press # to bypass the Attendee ID number.

In *Mansoori v, Dart,* 22cv1638, Plaintiff's Motion for the Imposition of Sanctions [136] and Defendant's Motion to Quash, Stay, or For a Protective Order [109] are taken under advisement. The Court directs defense counsel in this case to re-mail to Mr. Mansoori Defendant Dart's response to Plaintiff's first request for production of documents and the Sheriff's Office's verification of interrogatory answers filed on the docket as ECF No. 142-1.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 24, 2025