THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | | 22 C 3485 |
| Plaintiff, | | Judge Lindsay C. Jenkins |
| v. | | |
| | | Magistrate Jeffery T. Gilbert |
| MS. PICKENS AND MS. VANCO, | | |
| Defendants. | | |

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | | 21 C 5881 |
| Plaintiff, | | Judge Lindsay C. Jenkins |
| v. | | |
| | | Magistrate Jeffery T. Gilbert |
| SQUIRES et al., | | |
| Defendants. | | |

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | | 22 C 2471 |
| Plaintiff, | | Judge Lindsay C. Jenkins |
| v. | | |
| | | Magistrate Jeffery T. Gilbert |
| STADNICKI. | | |
| Defendant. | | |

1

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 3484 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffery T. Gilbert |
| C.O. PATEL. | |
| Defendant. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1634 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffery T. Gilbert |
| JOVANTE THOMAS. | |
| Defendant. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 21 C 6173 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffery T. Gilbert |
| DIRECTOR JAMES MORRISON | |
| Defendant. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 21 C 6379 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffery T. Gilbert |
| MS. MILLY | |
| Defendant. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1632 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffery T. Gilbert |
| STADNICKI et al., | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1635 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffery T. Gilbert |
| SGT. WILLIAMS | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 17 C 8846 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffery T. Gilbert |
| SUPT. BROWN et al., | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1638 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffery T. Gilbert |
| SHERIFF DART et al., | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1642 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffery T. Gilbert |
| SGT. AMADOR et al., | |
| Defendants. | |

4

| | |
|---|---|
| CHRISTOPHER MANSOORI | 21 C 6242 |
| Plaintiff, | Judge Lindsay C. Jenkins |
| v. | |
| C.O. SMITH et al., | Magistrate Jeffery T. Gilbert |
| Defendants. | |

## THE PARTIES' JOINT GLOBAL STATUS REPORT

Plaintiff, Christopher Mansoori ("Plaintiff"), *pro se*, and Defendants, by their respective attorneys, EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her respective Assistant State's Attorneys, Ashlee Doss, Jessica Ratner and Oliver Kassenbrock; Special State's Attorneys, Jason DeVore, Troy Radunsky, and Zach Stillman from DEVORE RADUNSKY LLC; and Special State's Attorneys, William B. Oberts, and Kevin C. Kirk from Oberts Galasso Law Group, in compliance with this Honorable Court's January 24, 2025 Order, submit the following the following Joint Global Status Report.

## Executive Summary

On January 22, 2025, this Court held a status hearing on Plaintiff's thirteen pending cases. On January 24, 2025, this Court entered an order (1) continuing Plaintiff's thirteen pending case to February 11, 2025 at 1:30 p.m. for a global status hearing and (2) ordering the parties confer and submit an agenda/status report containing the information provided in this report by February 6, 2025 at 12:00 p.m. On February 5, 2025 at 12:30 p.m., in accordance with Local Rule 37.2, Plaintiff and Counsel for Defendants conferred via zoom and discussed the matters addressed in this report. Defense counsel spent a substantial amount of time drafting this report and provided as much detail in this report as possible. To the extent any information is missing or issues are not elaborated upon fully, that is due to time limitations.

## I. DISCOVERY DISPUTES

### Defendants' outstanding and reissued discovery requests

On December 6, 2024, this Court ordered defendants to reissue outstanding discovery requests in *Mansoori v. Squires, et al.* (21-cv-5881), *Mansoori v. Patel* (22-cv-3484), *Mansoori v. Stadnicki* (22-cv-2471), and *Mansoori v. Brown* (17-cv-8846), which were originally sent to Plaintiff's former counsel, Tia Haywood. This Court ordered Plaintiff to respond to these requests by January 30, 2025. The requests have been reissued as provided below:

*Mansoori v. Squires, et al.* (21-cv-5881): (1) On December 11, 2024, Defendants Delitz, Holmes, and Queen reissued their First Set of Interrogatories; (2) On December 6, 2024,

Defendant Squires reissued First Set of Interrogatories; (3) On December 6, 2024, Defendants reissued Joint First Set of Document Requests to Plaintiff; (4) Defendant Squires reissued First Set of Interrogatories and Defendants' Joint First Set of Document Requests to Plaintiff were sent to Plaintiff a third time, on January 23, 2024, after Plaintiff indicated that he did not receive the reissued requests at the January 22, 2025 status.

*Mansoori v. Patel* (22-cv-3484): On December 11, 2024, Defendant reissued First Set of Interrogatories and First Set of Requests for Production.

*Mansoori v. Stadnicki* (22-cv-2471): On December 11, 2024, Defendant reissued First Set of Interrogatories and First Set of Requests for Production.

*Mansoori v. Brown*, 17-cv-8846: On December 6, 2024, Defendants reissued Interrogatories, Requests for Production, and Requests to Admit.

On January 29, 2025, Plaintiff via a telephone call with ASA Oliver Kassenbrock, requested an extension of time to respond to Defendants' discovery requests in the above-referenced cases, up to and including February 6, 2025.

Defendants' sole objection to Plaintiff's request is based on the dates of Plaintiff's scheduled depositions in these matters. Plaintiff is currently scheduled to be deposed on February 19, 2025 in *Mansoori v. Stadnicki*, 22-cv-2471 and on February 26, 2025 in *Squires*, *Brown*, and *Patel*. Defendants need sufficient time to prepare for the depositions after receiving responses to discovery. Because Plaintiff's responses are sent via U.S. mail, there will be some delay between the date that Plaintiff submits his responses to staff at CCDOC for mailing and the date that Defendants actually receive the response.

During the parties' February 5, 2025 conference call, the parties discussed Defendants outstanding discovery requests.

Plaintiff indicated that he mailed responses in *Stadnicki* on January 30, 2025. Defense counsel has not received those responses yet. Defense counsel in *Stadnicki* will advise this Court at the February 11, 2025 status whether those responses have been received. If so, defense counsel will have sufficient time to prepare for Plaintiff's February 19, 2025 deposition.

Plaintiff requested until February 14, 2025 to respond to the remaining requests in *Patel*, *Squires*, and *Brown*. Plaintiff is scheduled to be deposed in these cases on February 26, 2025. Defense counsel in *Patel*, *Squires*, and *Brown* agreed to Plaintiff's request for an extension but noted that counsel may not have sufficient time to prepare for Plaintiff's depositions scheduled for February 26, 2025 depending on when the responses are actually received via U.S. mail. This is a concern because of the previously noted delay in receipt of mailings and the fact that February 17, 2025 is a holiday. Defense counsel indicated that they would make the Court aware of this issue and the fact that the depositions may need to be rescheduled. Due to the number of depositions that are scheduled for February 26, 2025 with outstanding responses to discovery requests, defense counsel would need to receive the responses by February 19, 2025 in order to

adequately prepare. This timeline seems extremely unlikely given the circumstances. Defense counsel requests that the parties discuss new potential deposition dates at the February 11, 2025 status hearing.

**Plaintiff's discovery requests in *Squires*, *Patel*, *Stadnicki* (22-cv-2471), and *Brown***

On December 6, 2024, this Court ordered Plaintiff to issue discovery requests in *Mansoori v. Squires, et al.* (21-cv-5881), *Mansoori v. Patel* (22-cv-3484), *Mansoori v. Stadnicki* (22-cv-2471), and *Mansoori v. Brown*, 17-cv-8846, by January 30, 2025.

In *Stadnicki*, Plaintiff indicated that he mailed his requests on January 30, 2025. Defense counsel has not yet received these requests.

In *Squires*, Plaintiff had originally sent discovery requests on March 26, 2023 and supplemental requests in October 26, 2023. These were responded to by defendants. At the February 5, 2025 conference call, Plaintiff indicated that he did not receive these responses from any of the defendants besides Defendant Squires. ASAs Doss and Ratner will mail these responses to Plaintiff by February 7, 2025.

In *Patel*, Plaintiff issued discovery requests on April 26, 2023. Defendant responded to these requests. ASAs Doss and Ratner will mail these responses to Plaintiff by February 7, 2025.

In *Brown*, Plaintiff requested an extension of time to issue his discovery requests by February 14, 2025. Defendants have no objection to the extension for Plaintiff to issue what will be his first set of merits written discovery requests in *Brown*.

In these cases, Plaintiff indicated that he may want to issue additional discovery requests but needs time to determine whether additional requests are necessary.

To the extent that Plaintiff has already issued discovery that has been responded to by defendants, defendants object to Plaintiff issuing duplicative discovery or interrogatories that would exceed the amount permitted.

Moreover, to the extent this Court permits Plaintiff to issue additional requests, counsel for Defendants requests that this Court set a firm deadline by which Plaintiff must issue any outstanding discovery requests, which Defendants respectfully request this Honorable Court set said deadline on February 14, 2025.

**Defendants' reissued Requests to Admit**

On December 6, 2024, this Court ordered defendants to reissue all outstanding discovery requests which were sent to Plaintiff's former counsel, Tia Haywood. On December 11, 2024, Defendants reissued Requests to Admit in *Mansoori v. Dart, et al.* (22-cv-1638), *Mansoori v. Stadnicki* (22-cv-2471), *Mansoori v. Stadnicki, et al.* (22-cv-1632), and *Mansoori v. Smith, et al.* (21-cv-6242) because these requests were initially sent to Plaintiff on September 6, 2024, when he was *pro se*, but shortly before he obtained Tia Haywood as counsel. Therefore, Defendants

reissued these because Plaintiff was represented by counsel during the time-period that the responses were due.

At the January 22, 2025 status, Plaintiff orally objected to the Requests to Admit as untimely, and the Court instructed Defendants to file a motion to compel the responses or deem them admitted.

During the February 5, 2025 conference call, Plaintiff indicated that he had already mailed out responses in both *Stadnicki* cases. Plaintiff indicated that he no longer objects to responding to the requests to admit in *Dart* and *Smith* and stated that he would mail them out by February 14, 2025. Defense counsel has no objection to this extension.

<strong>Discovery Requests in <em>Pickens</em>, <em>Amador</em>, and <em>Thomas</em></strong>

On December 6, 2024, this Court ordered Plaintiff and Defendants in *Pickens* and *Amador* to issue discovery, if they want to do so, in these cases by January 30, 2025. On January 24, 2025, the Court ordered the parties to issue written discovery in *Mansoori v. Thomas*, 22-cv-1634 by January 30, 2025.

***Mansoori v. Pickens, et al.* (22-cv-3485)**

Defendants' Requests[1]

On January 30, 2025, Defendant Vanco issued Amended First Set of Interrogatories and Amended first Set of Requests for Production to Plaintiff.

On January 31, Defendant Pickens issued Amended First Set of Interrogatories and Amended First Set of Request to Produce to Plaintiff.

During the parties' February 5, 2025 conference call, Plaintiff indicated he had not received these requests. Plaintiff also inquired about the previous requests that were issued in this case, as discussed in footnote 1. The parties agreed that Plaintiff will timely respond to the amended requests once received, and that these requests are intended to replace rather than supplement any requests issued prior to the amending of the complaint.

---

[1]  On April 5, 2023, Defendants Caitlin Vanco and LaToya Pickens, who were both represented by the Cook County State's Attorney's Office at the time, issued Defendants' First Set of Requests for Production to Plaintiff, which was served on Plaintiff's former counsel, George Pontikes. Defendants never received a response to their April 5, 2023 document requests. On September 18, 2023, Kevin Kirk and William Oberts substituted their appearances for Defendant Pickens. On March 19, 2024, Plaintiff filed a Third Amended Complaint, which is the operative complaint, and which contains claims that were not included in the complaint that was pending at the time that the April 5, 2023 document request were issued. [Dkt. 94.] For the foregoing reasons, Defendants Pickens and Vanco issued their respective amended first set of discovery requests.

Plaintiff's Requests

Defendants have not received any discovery requests from Plaintiff.

During the parties' February 5, 2025 conference call, Plaintiff asked for extension to issue these requests to February 14, 2024. Defendants have no objection.

### *Mansoori v. Amador, et al.* (22-cv-1642)

Defendants' Requests: Amador, Holmes, McCray, Queen, and Beachem

On January 29, 2025, Defendants Amador, Holmes, McCray, Queen, and Beachem issued their respective Amended Interrogatories to Plaintiff and Defendants' Amended First Set of Requests for Production to Plaintiff. At the time these requests were issued, counsel for Defendants were unaware that Plaintiff responded to requests issued on March 16, 2023. On February 5, 2025, Defense counsel located Plaintiff's responses.

Therefore, counsel for Defendants Amador, Holmes, McCray, Queen, and Beachem needs additional time to review Plaintiff's responses to the original discovery requests. Defense counsel requests until February 14, 2025 to issue any additional requests that are not duplicative and would not exceed the amount of interrogatories permitted.

Plaintiff's Requests: Amador, Holmes, McCray, Queen, and Beachem

In March of 2023, Defendants Amador, Holmes, McCray, Queen, and Beachem responded to extensive discovery requests issued by Plaintiff.

During the February 5, 2025 call, Plaintiff indicated that he may want to issue additional request to Amador, Holmes, McCray, Queen, and Beachem but needs time to determine whether additional requests are necessary.

To the extent that Plaintiff has already issued discovery that has been responded to by defendants, defendants object to Plaintiff issuing duplicative discovery or interrogatories that would exceed the amount permitted. To the extent that this Court permits Plaintiff to issue additional requests on Defendants Amador, Holmes, McCray, Queen, and Beachem, counsel for Defendants respectfully request that this Honorable Court set a firm deadline by which Plaintiff must issue any outstanding discovery requests, as February 14, 2025.

Additionally, during the February 5, 2025 conference call, Plaintiff referenced a July 12, 2024 order [Dkt. 126] order denying Plaintiff's previously filed Motion to Compel relating to Defendants' discovery responses [Dkt. 84]. The order stated that "Plaintiff is also advised that if Defendants are not in possession, custody, or control of the relevant documents, then he will need to subpoena them from Cook County." [Dkt. 126.] Plaintiff noted that he is deciding whether to issue a subpoena and will issue any subpoena by February 21, 2025.

Defendants' Requests: Defendant Hines

On January 29, 2025, Defendant Hines issued Interrogatories and Requests for Production to Plaintiff. During the conference call on February 5, 2025, Plaintiff indicated that he has not received these requests.

Plaintiff's Requests: Defendant Hines

Defendants have not received any discovery requests from Plaintiff. During the parties' February 5, 2025 conference call, Plaintiff requested an extension of until February 14, 2025 to issue these requests. Defense counsel has no objection.

**Mansoori v. Thomas (22-cv-1634)**

Defendant's Requests

On January 30, 2025, Defendant issued Interrogatories and Requests for Production to Plaintiff. During the parties' February 5, 2025 conference call, Plaintiff indicated that he has not yet received these requests.

Plaintiff's Requests

Defendant has not received any discovery requests from Plaintiff. Defense counsel does not object to Plaintiff's request for a February 14, 2025 extension.

### *Mansoori v Milly*, 21-cv-6379: Request for Additional Records

During the parties' January 9, 2025 conference call, Plaintiff requested (1) law library records from 2020-2022 and (2) records showing an alert that he should not be housed in Division 11 due to pending litigation against law librarian. Defense counsel indicated that they would look into this request and supplement their production if additional records were obtained. During the February 5, 2025 conference call, Plaintiff indicated that plans to file motions to compel relating to these issues in the next three weeks.

Law Library Records

Defense counsel looked into Plaintiff's request for the law library records and learned that starting in 2020, the CCSO stopped scanning law library record request forms and maintaining them electronically. Instead, the CCSO transitioned to storing the forms in boxes. Defense counsel was informed that IIC Services receives thousands of requests each month and the request forms must be manually searched, as they are not organized by IIC name or booking ID number. Defense counsel was told that there are 42 boxes that would need to be manually searched in order to respond to Plaintiff's request for law library records from 2020 through 2022.

On December 26, 2023, Defendants objected to this request contained in Plaintiff's request for production as unduly burdensome.

During the February 5, 2025 conference call, Plaintiff explained that he had previously filed a March 19, 2024 Motion to Compel related to the law library request forms. [Dkt. 71.]

On May 10, 2024, Defendant filed a response to the Motion to Compel in which she argued that Plaintiff's discovery requests are overly broad, unduly burdensome, and fall outside the scope of the pending litigation. *See* Dkt. 79 at 4-6. Specifically, Defendant argued that responding to the request would be unduly burdensome for the reasons previously stated in this report. *See id.* at 6.

During the February 5, 2024 conference call, Plaintiff referenced July 12, 2024 order denying Plaintiff's motion to compel without prejudice. [Dkt. 87.] In the July 12, 2024 order, Judge Gilbert only addressed the issue of the requests being *overly broad* objection in relation to the time-period during which Plaintiff alleges his law library requests were denied. The July 12, 2024 order provides:

> Defendants have thus far produced Plaintiff's request slips for 2019, but not thereafter. Plaintiff's request for library request slips for the remainder of the requested time period is denied without prejudice as overbroad. The entirety of the remaining requested time period is not relevant and proportional to Plaintiff's claims. For example, Plaintiff does not allege he his library requests were denied or that Defendant interfered with his access to court during any portion of 2020. Plaintiff must narrow his request and specify time periods that are relevant and proportional to the needs of the case. [Dkt. 87.]

During the February 5, 2024 conference call, Plaintiff explained that the Court subsequently ordered Defendant Milly to produce the records at issue in an August 7, 2024 order. [Dkt. 91.] However, that order only addressed the *overly broad* objection. *See* Dkt. 91 ("For the reasons discussed on the record, Mr. Mansoori should identify for Defendant a date or date ranges for which he requests production of his library request slips. Consistent with the Court's ruling in that case on 7/12/24, Defendant should produce relevant documents created during those time periods as long as Plaintiff has asserted a claim or claim that arises during those time periods."

Neither the July 12, 2024 nor the August 7, 2024 order address Defendant's overly burdensome objection to producing the law library records. Defendants sustain their objection to producing these records for the reasons previously provided in their December 26, 2023 discovery response, for the reasons provided in the briefing on the motion to compel, and for the reasons provided in this status report. Responding to the request would be unduly burdensome.

Moreover, Plaintiff's claims in *Milly* pertain to library requests allegedly submitted to Defendant Milly during years 2019 through 2022. On September 8, 2022 and May 24, 2024, defense counsel produced Plaintiff's law library request forms that he submitted through the end of year 2019. Seven of the request forms from 2019 already produced relate to the allegations in

Plaintiff's complaint. Additionally, on October 25, 2023, defense counsel produced Plaintiff's law library sign-in sheets from 2019 through 2021.

Updated Alerts

Regarding Plaintiff's request for alerts, defense counsel Plaintiff's Inmate Alerts on September 8, 2022. On January 16, 2025, defense counsel received Plaintiff's updated Inmate Alerts and will supplement production accordingly. However, the Inmate Alert Spreadsheet does not include the alert that Plaintiff mentioned during the January 9, 2025 call. During the February 5, 2025 conference call, Plaintiff suggested that the records provided to counsel are missing the relevant information.

### *Mansoori v. Dart*, 22-cv-1638: Motion for Protective Order and Motion for Sanctions

At the January 22, 2025 status, and in Judge Gilbert's January 24, 2025 order, the Court took Plaintiff's Motion for the Imposition of Sanctions [Dkt. 136] and Defendant's Motion to Quash, Stay, or For a Protective Order [Dkt. 109] under advisement.

Additionally, at the January 22, 2025 status date, Plaintiff indicated that he not receive Dkts. 142-1 (Sheriff Dart's Response to Plaintiff's First Request for Production) and 142-2 (Verification of Sheriff Dart's Answers to Plaintiff's First Set of Interrogatories), which were attached as exhibits to Defendant's Combined Supplemental Reply in Support of Motion to Quash and Response to Plaintiff's Motion for Sanctions [Dkt. 142], and mailed to Plaintiff on January 16, 2025. At the January 22, 2025 status, the Court ordered Defendant to send these documents to Plaintiff a second time. These documents were mailed to Plaintiff again on January 23, 2025.

During the parties' February 5, 2025 conference call, Plaintiff indicated he received these documents and needs time to review them.

### *Mansoori v. Smith, et al.*, 21-cv-6242: Parties' Additional Requests

At Plaintiff's January 23, 2025 deposition in *Mansoori v. Smith, et al.*, 21-cv-6242, off the record and prior to the start of the deposition, Plaintiff raised an issue with the specific court reporter who was transcribing the deposition for the first time. Specifically, Plaintiff claimed that the court reporter had altered his testimony in the transcript in previous deposition. Plaintiff claimed that he had addressed this issue in a response to a Motion for Summary Judgment in another case. Prior to the start of the deposition, Plaintiff demanded that the court reporter record the deposition for purposes of verifying the validity of the transcript. Plaintiff acknowledged that he had never specifically raised these issues to this Court in a discovery motion. Ultimately, Plaintiff agreed to have his deposition taken on January 23, 2025 but indicated that he would be bringing these issues to the Court's attention.

The parties did not get a chance to discuss this issue during the February 5, 2025 conference call with Plaintiff. However, defense counsel requests that this Honorable Court address this issue at

the February 11, 2025 status hearing so that this issue can be resolved prior to Plaintiff's deposition which are scheduled for February 19, 2025 in the *Stadnicki* cases.

Defendants' Request for Additional Supplemental Written Discovery

At the January 23, 2025 deposition, Plaintiff raised issue relating to the authenticity of video evidence utilized during his deposition; specifically, that the video evidence was altered. Accordingly, Defendants seek leave of court to issue limited supplemental discovery relating to Plaintiff's claim that the video evidence is altered.

During the parties' February 5, 2025 conference call, Plaintiff indicated that he has no objection to Defendants issuing these limited requests. Defendants plan to issue such requests by February 7, 2025.

Plaintiff's Verbal Requests for Additional Records

Following the January 23, 2025 deposition and off the record, Plaintiff made verbal requests to defense counsel for records that would help him identify the proper defendant Smith. During the deposition, Plaintiff testified that an individual who has not been named but was visible in the video was the individual who used excessive force on him. Plaintiff claimed that the portion of the video showing that individual using excessive force was cut out of the video. Plaintiff also testified that prior defense counsel ASA Zeid had shown him the video on a prior occasion.

This issue had not been raised by Plaintiff at the prior status dates or conference calls where ASA Ratner or Doss were present, or at any time prior to the January 12, 2025 deposition, which had already been rescheduled from November 20, 2024.

During the parties' February 5, 2025 conference call, Plaintiff indicated that he plans to file a motion for leave to issue additional interrogatories to Defendant Hadaad for purposes of asking Defendant Hadaad to identify a specific individual in the video evidence shown at Plaintiff's deposition. Plaintiff indicated that he would like to amend his complaint to name that individual, once identified, as a defendant.

Defendants objected to Plaintiff's untimely request on January 23, 2025 and during the February 5, 2025 conference call. Plaintiff should have raised any issues that he had with Defendant's responses to his discovery requests in a timely matter and well in advance of the deposition, especially because he had already viewed the video prior to the deposition and should have timely brought to defense counsel and the Court's attention any issues regarding whether he named the proper defendants.

## II.    26(a)(1) DISCLOSURES

At the January 22, 2025 status hearing, defense counsel for Amador, Holmes, McCray, Queen, and Beachem in *Mansoori v. Amadore et al.*, 22-cv-01642 moved for an extension of time to issue Rule 26(a)(1) disclosures. This Court's January 24, 2025 order, which was entered in all the *Mansoori* cases, provides that: "Certain Defendants' oral request in *Mansoori v. Amadore et*

*al, 22-cv-01642*, to extend time to make their Rule 26(a)(1) disclosures is denied as unnecessary. On the record, Defendants reported that Rule 26(a)(1) disclosures likely were made previously in the Amadore case as part of a joint or global Rule 26(a)(1) disclosure for all cases. It therefore is unnecessary for Defendants to make duplicative Rule 26(a)(1) disclosures now. All parties, of course, are obligated under Rule 26(e) to serve timely supplemental Rule 26(a) disclosures when and as necessary. to extend time to make their Rule 26(a)(1) disclosures is denied as unnecessary."

On September 9, 2022, defendants issued joint 26(a)(1) disclosures in all cases. Therefore, consistent with this Court's January 24, 2022 order, this Court should find that it is unnecessary for defendants to make duplicative disclosures now.

Additional disclosures have been made by the following defendants:

**Brown:** On October 16, 2024, counsel for Defendant Brown in issued 26(a)(1) disclosures in *Brown* to Plaintiff's former counsel, Tia Haywood. These disclosures were reissued to Plaintiff on December 6, 2025.

**Hines:** On December 16, 2024, counsel for Defendant Hines in *Amadore* issued 26(a)(1) disclosures.

**Vanco**: On January 7, 2025, Defendant Vanco issued 26(a)(1) disclosures in *Pickens*.

**Mansoori v. Sgt Williams  (22-cv-1635):** On January 24, 2025, Defendant Williams in *Williams* issued supplemental 26(a) disclosures pursuant to Rule 26(e). The following was discussed at the conference call on February 5, 2025: Written discovery is completed. The plaintiff has been deposed. The plaintiff has not deposed Sgt. Willaims yet, but he can be made available for his deposition on any mutually convenient date and time in the next 30-45 days. The defendant recently supplemented his Rule 26(a) disclosure to add a known witness, Sgt. Dabrowski. Plaintiff has received that disclosure. The defendant may wish to depose Sgt. Dabrowski in the next 60 days.

## III.    DISCOVERY MOTIONS TO BE FILED AND BRIEFED

See response to discovery dispute section.

## IV.    ADDITIONAL ISSUES

This Court's January 24, 2025 Order states Plaintiff's deposition in *Mansoori v. Dart, et al.*, 22-cv-1638 will take place on January 23, 2025 and April 3, 2025. As the parties noted at the January 22, 2025 status date, this deposition is scheduled for April 3, 2025.

Defendants request that the Court set a date by which Plaintiff must raise any remaining discovery-related issues in any of his cases.

Once all remaining discovery-related issues are addressed, Defendants respectfully requests this Honorable Court enter a discovery deadline for all Mansoori cases currently pending before this court. This Court had previously indicated that depending on the status of outstanding discovery requests and the scheduling of the depositions, that date may need to be pushed back. The current discovery deadline is March 30, 2025. However, Plaintiff's final deposition—in *Mansoori v. Dart, et al.*, 22-cv-1638— will not take place until April 3, 2025. Defendants will need additional time to supplement their disclosures once all depositions have been taken.

Respectfully submitted,

*/s/ Jessica Ratner*
Jessica Ratner
Ashlee Doss
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
jessica.ratner@cookcountysao.org
ashlee.doss@cookcountysao.org


*/s/ Troy S. Radunsky*
Special State's Attorney
DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606

*/s Kevin C. Kirk*
Special State's Attorney
William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
Chicago, IL 60601
wboberts@obertsgalasso.com
kckirk@obertsgalasso.com

*/s/ Oliver Kassenbrock*
Oliver Kassenbrock
Assistant States Attorney
Conflicts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
oliver.kassenbrock@cookcountysao.org

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on February 5, 2025, I electronically filed the ***Parties' Joint Global Status Report*** with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

The undersigned attorney further certifies that the Plaintiff in the case is *pro se* and that on February 6, 2025, the ***Parties' Joint Global Status Report*** was emailed and mailed to Plaintiff via First-Class U.S. Mail at the following address:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

/s/ *Jessica Ratner*
Jessica Ratner