UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori, | 2017-CV-8846 |
| | 2021-CV-5881 |
| Plaintiff, | 2021-CV-6173 |
| | 2021-CV-6242 |
| v. | 2021-CV-6379 |
| | 2022-CV-1632 |
| Brown, et al, | 2022-CV-1634 |
| | 2022-CV-1635 |
| Defendants. | 2022-CV-1638 |
| | 2022-CV-1642 |
| | 2022-CV-2471 |
| | 2022-CV-3484 |
| | 2022-CV-3485 |
| | |
| | Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

Status hearing held on 2/11/25. The Court reviewed the parties' Global Joint Status Report filed in all cases. The parties are referred to the transcript of the status hearing for a complete record of the hearing. This Order contains rulings in certain cases relating to some specific matters discussed at the hearing.

In *Mansoori v, Dart, (*22cv1638), Defendant's Motion to Quash, Stay, or For a Protective Order [109] is granted for the reasons stated on the record. Briefly stated, Sheriff Dart is being sued in his official capacity in this case and Plaintiff has not shown that he has unique personal knowledge about the matters alleged in Plaintiff's complaint. Rather, it appears that there are others within the Sheriff's office who have first-hand and more particularized knowledge of the matters about which Plaintiff has inquired in his written discovery requests and about which Plaintiff wants to inquire in a deposition. In the Court's view, it would impose an undue hardship on Sheriff Dart to be required to sit for a deposition under these circumstances. *See Little v. Pritzker,* Case No. 18-cv-6954, 202 WL 868528 (N.D. Ill. 2020).

1

Also in *Mansoori v, Dart, (*22cv1638), Plaintiff's Motion for the Imposition of Sanctions [136] is denied with respect to the dispute concerning verification of Sheriff Dart's answers to interrogatories. If Plaintiff continues to believe that the Sheriff's responses to interrogatories and requests for production are deficient, the parties shall meet and confer and file a joint motion to resolve any discovery disputes by 3/12/25. Plaintiff's Motion [136], as presented, does not sufficiently detail any individual disputes that require judicial resolution. The Sheriff has responded to Plaintiff's interrogatories in substance as far as the Court can tell without a more particularized challenge from Plaintiff and compliance with Local Rule 37.2. Plaintiff's oral motion to amend his interrogatories to the Sheriff is denied for the reasons stated on the record. If Plaintiff wants to narrow or focus individual interrogatories, he can and should do so as part of the Local Rule 37.2 process.

For the reasons discussed on the record, the Court also finds that the verification of the Sheriff's answers to Plaintiff's interrogatories submitted by the Deputy General Counsel of the Sheriff's Office is proper under Federal Rule of Civil Procedure 33(b)(5) in this case brought against the Sheriff in his official capacity.

Plaintiff's request for an extension of time until February 21, 2025, to issue discovery requests to Defendant Hines in *Mansoori v. Amadore et al, (*22-cv-01642) is granted.

Plaintiff's request for an extension of time to February 14, 2025, to respond to the remaining discovery requests in *Mansoori v. Squires, et al.* (21-cv-5881), *Mansoori v. Patel* (22-cv-3484), and *Mansoori v. Brown* (17-cv-8846), is granted.

In *Mansoori v. Smith*, et al., (21-cv-6242), Plaintiff's oral motion to issue an additional interrogatory to Defendant Hadaad for purposes of asking Defendant Hadaad to identify a specific individual in the video evidence shown at Plaintiff's deposition is granted for the reasons stated on the record. That interrogatory should be served promptly if it is going to be served.

Although the Court ordered that the depositions in *Mansoori v Milly*, (21-cv-6379), scheduled for 3/13/25, and in *Mansoori v. Dart*, (22-cv-1638), scheduled for 4/3/25, should proceed as scheduled, the Court intends to revisit those rulings at the status hearing now set for 2/19/25 which was scheduled after the hearing on 2/11/25.

The remaining depositions referenced in the Court's order of 1/24/25 will be rescheduled.

Although the Court ordered the parties to meet and confer on 2/19/25 and file a joint status report by 2/26/25 with confirmed dates for Plaintiff's depositions in all other pending cases, the Court, upon further reflection, withdraws that directive pending further discussion with the parties about a case management schedule on 2/19/25.

      A continued status hearing is set for 3/5/25 at 11:00 a.m. in Courtroom 1386 as of now. That date may change based upon further discussion about a case management schedule at the hearing now set for 2/19/25. If the hearing proceeds, defense counsel shall appear in person and Mr. Mansoori can appear by telephone. The Court requests that Defense counsel arrange for Plaintiff to appear by telephone for the that hearing at 650-479-3207 and the access code is 180 946 2499#. Press # to bypass the Attendee ID number.

      It is so ordered.

                                            Jeffrey T. Gilbert
                                            United States Magistrate Judge

Dated: February 13, 2025