THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Mansoori,<br><br>    Plaintiff,<br><br>v.<br><br>Ms. Pickens and Ms. Vanco,<br><br>    Defendants. | 22 C 3485<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| Christopher Mansoori,<br><br>    Plaintiff,<br><br>v.<br><br>Squires, et al.,<br><br>    Defendants. | 21 C 5881<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| Christopher Mansoori,<br><br>    Plaintiff,<br><br>v.<br><br>Stadnicki,<br><br>    Defendant. | 22 C 2471<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

1

| | |
|---|---|
| Christopher Mansoori,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C.O. Patel,<br><br>　　　　Defendant. | 22 C 3484<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| Christopher Mansoori,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Jovante Thomas,<br><br>　　　　Defendant. | 22 C 1634<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| Christopher Mansoori,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Director James Morrison,<br><br>　　　　Defendant. | 21 C 6173<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| Christopher Mansoori,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Ms. Milly,<br><br>　　　　Defendant. | 21 C 6379<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

2

| | |
|---|---|
| Christopher Mansoori,<br><br>      Plaintiff,<br><br>      v.<br><br>Stadnicki, et al.,<br><br>      Defendants. | 22 C 1632<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| Christopher Mansoori,<br><br>      Plaintiff,<br><br>      v.<br><br>Sgt. Williams,<br><br>      Defendant. | 22 C 1635<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| Christopher Mansoori,<br><br>      Plaintiff,<br><br>      v.<br><br>Supt. Brown, et al.,<br><br>      Defendants. | 17 C 8846<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| Christopher Mansoori,<br><br>      Plaintiff,<br><br>      v.<br><br>Sheriff Dart, et al.,<br><br>      Defendants. | 22 C 1638<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

| | |
|---|---|
| Christopher Mansoori,<br><br>   Plaintiff,<br><br>   v.<br><br>Sgt. Amador, et al.,<br><br>   Defendants. | 22 C 1642<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| Christopher Mansoori<br><br>   Plaintiff,<br><br>   v.<br><br>C.O. Smith, et al.,<br><br>   Defendants. | 21 C 6242<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

## **THE DEFENDANTS' JOINT GLOBAL STATUS REPORT**

  Defendants, by their respective attorneys, EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her respective Assistant State's Attorneys, Ashlee Doss, Jessica Ratner and Oliver Kassenbrock; Special State's Attorneys, Jason DeVore, Troy Radunsky, and Zach Stillman from DEVORE RADUNSKY LLC; and Special State's Attorneys, William B. Oberts, and Kevin C. Kirk from Oberts Galasso Law Group, in response to this Honorable Court's February 13, 2025 Order, submit the following the following Defendants' Joint Global Status Report.

### **Introduction**

On February 13, 2025, this Court entered an order continuing Plaintiff Christopher Mansoori's thirteen pending cases to February 19, 2025 at 2:00 p.m. for a global status hearing to discuss the Court's proposal of separating Plaintiff's cases into tranches for the purpose of discovery based upon the progress with discovery in each individual case. The Court proposed that cases that are the farthest along in written and/or oral discovery shall be placed in the first tranche so that the Court can address discovery disputes, scheduling, and other issues in those cases first so they can proceed to summary judgment practice, settlement, or trial in a timely manner. This Court noted that discovery in the other cases will not be stayed but will be sequenced so that discovery in those cases can proceed without interrupting the cases that are farther along. The Court noted that Plaintiff can be scheduled for deposition in each case in which a deposition is sought as written discovery in each case is completed or when the case is far enough along for a deposition

to be taken. The Court instructed the parties to consider which cases should be placed in each tranche and in what order of priority, in the event this approach is adopted.

## Defense Counsel's Position

Counsel for defendants in the thirteen *Mansoori* matters object to separating the cases into tranches with different discovery schedules for each case for the following reasons:

- **Prejudicial due to shared discovery:** Discovery is shared amongst all thirteen cases, which were originally filed as a single lawsuit. Counsel for defendants have been, and intend to continue observing all depositions taken in any case because Plaintiff or another deponent's testimony in one case may relate to issues in another case. Closing fact discovery at different points in time in different cases would be prejudicial to the defendants in the cases where fact discovery closes sooner. It would also complicate disclosures that the attorneys are required to make, because the defendants share a very lengthy and detailed discovery log which is continually being updated.

- **Delay the progression of the cases:** Addressing discovery issues on a case-by-case basis while discovery is still ongoing takes up significant time that detracts from the parties' ability to take depositions, issue discovery, and respond to all outstanding requests. At this point, defendants have issued all written discovery requests but are still awaiting responses in some cases. This Court has not yet set a date by which the parties are to issue all written discovery in any case, and Mr. Mansoori has indicated that he intends to issue more requests in some cases. The Court should address any and all discovery disputes once the parties have finished taking depositions and responding to any outstanding discovery requests. Defense counsel wants to prioritize taking Plaintiff's depositions without further delay.

- **Complications regarding coordination amongst attorneys:** Due to the volume of cases and the number of attorneys representing defendants in the *Mansoori* matters, it has been difficult for defense counsel to coordinate times to meet and confer and appear for statuses even with the cases proceeding along the same deposition timeline. The frequency of these meetings detracts from the time that counsel is able to spend on discovery. Separating the cases into different discovery schedules would overly complicate rather than streamline the progression of these cases.

- **Settlement:** At this time, defense counsel is only interested in pursuing a global settlement.

## Defense Counsel's Proposal

Defense counsel proposes the following discovery proposal, which allows the parties sufficient time to complete discovery without further delay.

1. **Set a deadline of March 14, 2025 for Mr. Mansoori to respond to defendants' outstanding discovery requests.**

Defendants have already issued all discovery requests and are waiting on responses in six cases

Mr. Mansoori was granted an extension of February 14, 2025 to respond to outstanding requests in three of those cases: Pickens/Vanco, 22-cv-3485; Squires, 21-cv-5881; and Brown, 17-cv-8846. Those responses should have already been sent to defense counsel.

In the three cases, this Court ordered requests to be issued by January 30, 2025, and Mr. Mansoori confirmed receipt of those requests at the February 11, 2025 status: Amadore, 22-cv-1642; Patel, 22-cv-3484; and Thomas, 22-cv-1634. Mr. Mansoori should be ordered to respond to those requests by March 14, 2025.

### 2. Set a deadline of March 30, 2025 for the parties to issue any remaining discovery requests.

This Court has not yet set a deadline for the parties to issue written discovery requests in any case. Mr. Mansoori has indicated that he may still want to issue additional discovery requests. Defendants have issued all requests at this time. Regardless, the Court should order all parties to issue any remaining discovery requests by March 30, 2025. This will provide Mr. Mansoori with sufficient time to issue discovery requests after responding to defendants' outstanding discovery requests by March 14, 2025.

### 3. Set a deadline of May 15, 2025 for the parties to take depositions.

Plaintiff has been deposed in the following cases:

- Williams, 22-cv-1635
- Smith, 21-cv-6242
- Morrison, 21-cv-6173

Defendants have received responses to discovery in the following cases and Plaintiff's deposition should be scheduled in these cases first, in March and early April:

- Dart, 22-cv-1638—previously scheduled for April 3, 2025 at 11:00 a.m.
- Milly, 21-cv-6379—previously scheduled for March 13, 2024 at 11:00 a.m.
- Stadnicki, 22-cv-1632
- Stadnicki, 22-cv-2471

Plaintiff had until February 14, 2025 to mail out responses in the following cases. Defendants expect to receive these responses by early March, and these depositions should be scheduled for late March through early April.

- Squires, 21-cv-5881
- Brown, 17-cv-8846
- Pickens/Vanco, 22-cv-3485

On February 11, 2025, Plaintiff indicated that he received defendants' written discovery requests in the following cases. As previously noted, the Court should order Plaintiff to respond to these requests by March 14, 2025 so that defendants can receive the responses by early April and schedule these depositions for late April or early May:

6

- Amadore, 22-cv-1642
- Patel, 22-cv-3484
- Thomas, 22-cv-1634

The May 15, 2025 deadline allows the parties sufficient time to coordinate dates that work for Mr. Mansoori and defense counsel in all cases and flexibility in case any depositions need to be rescheduled. It also allows defendants time to take some depositions while they are waiting on Mr. Mansoori's discovery responses in other cases. However, Defendants will be prepared to take all of Mr. Mansoori's depositions by the May 15, 2025 deadline regardless of the status of the discovery responses.

4. **The parties should reconvene in late May or early June to discuss any outstanding discovery disputes, set a date for the close of fact discovery, and for final disclosures to be made.**

By May 15, 2025,, all written discovery will have been issued and responded to and Plaintiff will have been deposed in all cases.. At this point, the parties can address any remaining discovery issues and the Court can set a definitive deadline for the close of fact discovery. Addressing discovery disputes while discovery is still ongoing is the reason why the parties have needed extensions for issuing discovery, responding to requests, and taking depositions.

**In sum, this streamlined discovery timeline allows the parties to move forward in terms of taking depositions and responding to all written discovery requests so that any remaining discovery issues can be addressed in late May or early June.**

Respectfully submitted,

*/s/ Jessica Ratner*
Jessica Ratner
Ashlee Doss
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
jessica.ratner@cookcountysao.org
ashlee.doss@cookcountysao.org


*/s/ Troy S. Radunsky*
Special State's Attorney
DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606

/s Kevin C. Kirk
Special State's Attorney
William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
Chicago, IL 60601
wboberts@obertsgalasso.com
kckirk@obertsgalasso.com

/s/ Oliver Kassenbrock
Oliver Kassenbrock
Assistant States Attorney
Conflicts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
oliver.kassenbrock@cookcountysao.org

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on February 19, 2025, I electronically filed the ***Parties' Joint Global Status Report*** with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

The undersigned attorney further certifies that the Plaintiff in the case is *pro se* and that on February 19, 2025, the ***Parties' Joint Global Status Report*** was emailed and mailed to Plaintiff via First-Class U.S. Mail at the following address:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

/s/ *Jessica Ratner*
Jessica Ratner