UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori<br><br>Plaintiff,<br><br>v.<br><br>Defendants, et al<br><br>Defendants | 2017-CV-8846<br>2021-CV-5881<br>2021-CV-6173<br>2021-CV-6242<br>2021-CV-6379<br>2022-CV-1632<br>2022-CV-1634<br>2022-CV-1635<br>2022-CV-1638<br>2022-CV-1642<br>2022-CV-2471<br>2022-CV-3484<br>2022-CV-3485<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

Status hearing held on 3/5/25. The Court reviewed Defendants' Joint Global Status Report ("Status Report") filed in all cases. That report was prepared by Defendants following the parties' meetings on 2/27/25 and 3/4/25. The parties are referred to a transcript of the status hearing for a complete record of that hearing.

I.

The Court explained that it is grouping Mr. Mansoori's cases into four separate groups for the purpose of discovery. These groups coincide with the groupings in the Status Report based on the parties' progress with discovery in these cases:

Group A cases: *Mansoori v. Williams*, 22-cv-1635, *Mansoori v. Smith*, et al., 21-cv-6242, and *Mansoori v. Morrison*, 21-cv-6173.

Group B: *Mansoori v. Stadnicki*, 22-cv-1632, Mansoori v. Stadnicki, 22-cv-2471, and *Mansoori v. Dart*, et al., 22-cv-1638.

Group C: *Mansoori v. Squires*, et al., 21-cv-5881, *Mansoori v. Patel*, 22-cv-3484, *Mansoori v. Brown*, 17-cv-8846, and Mansoori v Milly, 21-cv-6379.

Group D: *Mansoori v. Amadore*, et al., 22-cv-1642, *Mansoori v. Thomas*, 22-cv-1634, and *Mansoori v. Pickens*, et al., 22-cv-3485.

II.

Defendants orally updated Section I of the Status Report [206][1] to identify additional written discovery requests received from Plaintiff at the end of February, but not reflected in the Status Report as filed, in *Mansoori v. Stadnicki*, 22-cv-1632, *Mansoori v. Stadnicki*, 22-cv-2471, *Mansoori v. Thomas*, 22-cv-1634, *Mansoori v. Pickens*, 22-cv-3485, and as to Defendant Hines in *Mansoori v. Amadore*, 22-cv-01642. Defendants will respond to these discovery requests by 3/30/2025.

In *Mansoori v. Smith*, et al., 21-cv-6242, Plaintiff will respond to Defendant's Second Set for Interrogatories and Request for Production issued 2/7/25 by 3/30/25, consistent with the Court's prior Order [205] reflecting the parties' agreement to this effect.

III.

In *Mansoori v. Williams*, 22-cv-1635, the Court denies Plaintiff's request for leave to issue a subpoena to Cook County Jail or to the Cook County Sheriff for body worn camera footage taken on 6/1/21 or records relating to the use of body worn cameras by Defendants Williams and Amadore on that date or any other date as unnecessary and duplicative of discovery requests previously served and responded to. The Court already has addressed the issue of video footage, or the lack thereof, from the incident that allegedly occurred on 6/1/21 as set forth in Plaintiff's Complaint. *See* Order entered on 5/3/24 [65] in *Mansoori v. Williams*, 22-cv-1635. Defense counsel represented then and represent now they have searched for body worn camera footage for that date from Defendants Williams and Amadore and none exists. *Id.* Plaintiff acknowledges the body cameras worn by the Defendant Officer(s) on the date in question were not turned on because he saw that the light on the camera was green, not red. But Plaintiff wants to impeach Defendant Williams's deposition testimony about his and Defendant Amadore's wearing of body cameras on 6/1/21 and on other occasions. The Court explained that it does not consider this discovery for the purpose of impeaching Defendant Williams's deposition testimony to be relevant or proportional to the needs of this case, and impeachment on these points appears to be collateral to the matters at issue in this case. In addition, Plaintiff can testify based on his personal knowledge about what he says occurred on 6/1/21 and the Officers wearing of body cameras on that or on other occasions. Records about whether and when the Defendant Officers wore body cameras on other

---

[1] Unless otherwise noted, docket numbers herein refer to filings on the docket in *Mansoori v. Brown*, 17-cv-8846, but the referenced Orders were filed via the CM/ECF system in all the cases in Groups A-D with docket numbers specific to those cases.

2

occasions will not advance legitimate inquiry into Plaintiff's claims arising from what allegedly occurred on 6/1/21.

Also, with respect to *Mansoori v. Williams*, 22-cv-1635, Plaintiff says he cannot read the name of the person who signed the legal mail logbook that Plaintiff says contains a false entry. The Court also has addressed issues relating to the logbook before. *See* Order entered on 5/3/24 [65] in *Mansoori v. Williams*, 22-cv-1635 (denying motion to compel in part, noting "Plaintiff's claims about mail being delayed, undelivered, and opened outside his presence" were dismissed and therefore "discovery related to the logbook entries is beyond the scope of this case as limited by the Court's initial review . . ."). Plaintiff says the signature on the logbook previously produced is illegible. Plaintiff also says he may want to serve a trial subpoena on the person who signed the logbook as a possible trial witness. It is not clear to the Court whether that person would be allowed to testify at trial or that identification of that person will advance Plaintiff's cause in the *Williams* case as presently framed. *Id.* (". . . as presently framed, this case involves one claim of retaliation and intimidation by Defendant Williams. It does not involve claims about the delivery or delayed delivery of mail or the alteration of entries in mail delivery log books."). Nevertheless, to put this matter to rest, avoid potential motion practice, and move the case forward, and for the reasons discussed on the record, the Court orders Defendant Williams or his counsel to identify, if possible, the person who signed the legal mail logbook as described by Plaintiff during the hearing, and defense counsel shall meet and confer with Plaintiff about the information he is seeking and their ability to provide it. If Defendants can provide the information without undue burden or expense, the Court orders them to do so. It is possible this information is relevant, but the Court is not making that finding now and neither the parties nor the Court fully addressed that issue during the hearing. For the avoidance of doubt, nothing in this Order should be interpreted as a finding the information Plaintiff is requesting necessarily is relevant information in this case, that Plaintiff will be allowed to take further discovery down this road, or that Defendants cannot object to further discovery along those lines or any others should Plaintiff seek to pursue this matter further.

IV.

With respect to *Mansoori v. Morrison*, 21-cv-6173, the parties shall meet and confer about Plaintiff's request for temperature logs and discuss whether the logs exist and can be provided, or if motion practice about that issue will be needed. It appears that this issue also was the subject of a prior Court ruling, *see* Order entered on 7/11/24 [71] in *Mansoori v. Morrison*, 21-cv-6173, as well as previous conferral by the parties following that ruling, *see* Parties' Joint Global Status Report filed on 8/6/24 [74] in *Mansoori v. Morrison*, 21-cv-6173. Defendants apparently were "working on their supplemental answer" to Plaintiff's document requests back in August 2024. *See* Parties' Joint Global Status Report filed on 8/6/24 [74] in *Mansoori v. Morrison*, 21-cv-6173. The parties should take these prior orders into account when

3

they address this issue following the 3/5/25 hearing. The parties shall address this issue in their next status report.

## V.

With respect to *Mansoori v. Dart*, et al., 22-cv-1638, the Court's prior order requiring the parties to file a joint motion for any additional discovery Plaintiff desires from Defendant Dart by 3/12/25 [203] ([146] in *Mansoori v. Dart*, 22-cv-1638) is stricken. The parties will continue to meet and confer about any additional information Plaintiff is requesting from Defendant Dart and whether it can be provided, or if any motion practice with respect to that issue will be needed. The parties shall address that issue in their next status report.

## VI.

Deposition discovery has been completed in *Mansoori v. Williams*, 22-cv-1635, *Mansoori v. Smith*, et al., 21-cv-6242 and *Mansoori v. Morrison*, 21-cv-6173 and the fact discovery close date of 3/30/2025 in those three cases stands [184]. Defendants still want to take Plaintiff's deposition in the other pending cases. Therefore, the fact discovery close date of 3/30/25 previously set [176] [179] [184] will be construed as applying only to written discovery in all the other Mansoori cases. The fact discovery close date in *Mansoori v. Amadore*, et al., and 22-cv-164, and in *Mansoori v. Pickens*, et al., 22-cv-3485, which has not yet been set, similarly will apply only to written discovery in those cases unless otherwise stated in a future order. The parties' next joint status report should begin to include confirmed and proposed dates for depositions in all cases other than *Williams*, *Smith*, and *Morrison* referenced above, so the Court can set those dates. The next status report also should include proposed dates for the close of written fact discovery in *Mansoori v. Amadore*, et al., and 22-cv-164, and *Mansoori v. Pickens*, et al., 22-cv-3485.

## VII.

In connection with *Mansoori v Milly*, 21-cv-6379, Plaintiff continues to request library requests slips that he allegedly submitted. Defendants have produced Plaintiff's library request slips for the year 2019. *See* Order entered on 7/12/24 [87] in *Mansoori v Milly*, 21-cv-6379. Plaintiff wants library request slips for other years. The Court previously addressed this issue and ordered Plaintiff to identify dates or date ranges for the slips he is requesting. *See* Orders entered on 7/12/24 [87] and 8/7/24 [91] in *Mansoori v Milly*, 21-cv-6379. Plaintiff did not provide those dates or dates to Defendants in a timely manner after the Court's prior orders issued seven or eight months ago. Nevertheless, the parties shall continue to meet and confer in an effort to see if Plaintiff's request for library request slips can be addressed in a manner that is proportional to the needs of this case even at this late date. The parties will include an update on those discussions in their next status report. For the

avoidance of doubt, if Defendants intend to introduce into evidence at trial any of Plaintiff's library request slips or the absence of such request slips, then they should take that into account in their discussions with Plaintiff about the production of additional library request slips. Defendants say there are 42 boxes of library request slips organized by month and year. [206]

## VIII.

The deadline for the filing of the parties' next status report is reset from 3/24/25 to 3/31/25 at Defendants' request. The Court assumes that between now and the filing of the next joint status report that Plaintiff and defense counsel will meet and confer on one or more occasions to address as many of the issues that need to be addressed in that status report as possible. The Court recognizes that, as indicated in the Status Report, the parties have yet to meet and confer about a number of the issues referenced in that Report.

## IX.

A continued status hearing is set for 4/8/25 at 2:15 p.m. in-person in Courtroom 1386. Any defense counsel that needs to appear by telephone may do so. Plaintiff Mansoori can appear by telephone. The Court requests that Defense counsel arrange for Plaintiff to appear by telephone for that hearing at 650-479-3207 and the access code is 180 946 2499#. Press # to bypass the Attendee ID number.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 6, 2025