THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 3485 |
| Plaintiff, | Judge Lindsay C. Jenkins |
| v. | |
| MS. PICKENS AND MS. VANCO, | Magistrate Jeffrey T. Gilbert |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 21 C 5881 |
| Plaintiff, | Judge Lindsay C. Jenkins |
| v. | |
| SQUIRES et al., | Magistrate Jeffrey T. Gilbert |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 2471 |
| Plaintiff, | Judge Lindsay C. Jenkins |
| v. | |
| STADNICKI. | Magistrate Jeffrey T. Gilbert |
| Defendant. | |

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | | 22 C 3484 |
| Plaintiff, | | |
| | | Judge Lindsay C. Jenkins |
| v. | | |
| | | Magistrate Jeffrey T. Gilbert |
| C.O. PATEL. | | |
| Defendant. | | |

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | | 22 C 1634 |
| Plaintiff, | | |
| | | Judge Lindsay C. Jenkins |
| v. | | |
| | | Magistrate Jeffrey T. Gilbert |
| JOVANTE THOMAS. | | |
| Defendant. | | |

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | | 21 C 6173 |
| Plaintiff, | | |
| | | Judge Lindsay C. Jenkins |
| v. | | |
| | | Magistrate Jeffrey T. Gilbert |
| DIRECTOR JAMES MORRISON | | |
| Defendant. | | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 21 C 6379 |
| Plaintiff, | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffrey T. Gilbert |
| MS. MILLY | |
| Defendant. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1632 |
| Plaintiff, | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffrey T. Gilbert |
| STADNICKI et al., | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1635 |
| Plaintiff, | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffrey T. Gilbert |
| SGT. WILLIAMS | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 17 C 8846 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffrey T. Gilbert |
| SUPT. BROWN et al., | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1638 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffrey T. Gilbert |
| SHERIFF DART et al., | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1642 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffrey T. Gilbert |
| SGT. AMADOR et al., | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 21 C 6242 |
| Plaintiff, | Judge Lindsay C. Jenkins |
| v. | |
| C.O. SMITH et al., | Magistrate Jeffrey T. Gilbert |
| Defendants. | |

## DEFENDANTS' JOINT GLOBAL STATUS REPORT

The Plaintiff, Christopher Mansoori ("Plaintiff"), Pro Se and Defendants, by their respective attorneys, EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her respective Assistant State's Attorneys, Ashlee Doss, Jessica Ratner and Oliver Kassenbrock; Special State's Attorneys, Jason DeVore, Troy Radunsky, and Zach Stillman from DEVORE RADUNSKY LLC; and Special State's Attorneys, William B. Oberts, and Kevin C. Kirk from Oberts Galasso Law Group, in compliance with this Honorable Court's March 6, 2025 Order, submit the following Joint Global Status Report

## Executive Summary

Ahead of the March 31, 2025, Status Report Deadline, ASA Ashlee Doss and Jessica Ratner (collectively, "Liason Counsel") conferred with Plaintiff on March 21, 2025, and March 27, 2025, to facilitate continued discovery discussions[1]. Pursuant to this Honorable Court's Order, Liaison Counsel provide the following discovery progression updates:

---

[1] Liaison Counsel originally scheduled meetings with Plaintiff for March 14, 2025, and March 27, 2025. At the start of the March 14, 2025 meeting CCJ personnel informed Liaison Counsel that Plaintiff was in Fantus receiving medical treatment. Accordingly, on March 14, 2025, Liaison Counsel rescheduled the meet and confer for March 20, 2025. On March 18, 2025, Liaison Counsel learned that Plaintiff was scheduled for a court appearance that conflicted with the March 20, 2025 meeting, and the meeting was rescheduled for March 21, 2025.

A. First, this Honorable Court has ordered the second status reports relating to discovery progression updates be submitted on or before March 31, 2025.

B. Second, given the scheduling conflicts referenced in footnote 1, Liaison Counsel have been unable to discuss in detail all of the discovery issues raised at the March 5, 2025, status hearing and outlined in this Court's March 6, 2025, order.

C. Third, Liaison Counsel respectfully request extensions of time on behalf of all parties in which to respond to outstanding discovery requests, up to and including April 30, 2025. During the meet and confers with Plaintiff, Plaintiff and Liaison Counsel agreed to requests for additional time to respond to all outstanding discovery requests.

D. Fourth, Plaintiff and Liaison Counsel did not have sufficient time to discuss proposed dates for Plaintiff's deposition in the cases where Plaintiff has not yet been deposed. Liaison Counsel intends to discuss proposed dates at future meet and confers[2].

## I.     Status of Discovery Progression

A. First, Group A Cases:

     i. *Mansoori v. Williams*, 22-cv-1635
     ii. *Mansoori v. Smith, et al.*, 21-cv-6242
     iii. *Mansoori v. Morrison*, 21-cv-6173

     iv. <u>Outstanding Discovery:</u>
Oral discovery of Plaintiff is complete in these cases. Liaison Counsel has requested an extension of time to respond to outstanding discovery on behalf of all parties up to and including April 30, 2025.

### *Smith*

Plaintiff requests additional time to respond to Defendant's written discovery requests served on 2/7/25, and Defendants request additional time to respond to Plaintiff's written discovery requests served on 2/26/25.

### *Williams*

At the March 21, 2025 meet and confer, Liaison Counsel, on behalf of defense counsel Troy Radunsky, provided Plaintiff with an update regarding the identities of the individuals who prepared the logbook.

### *Morrison*
This Honorable Court ordered the parties to determine if such logs exist and can be produced. Defendant is in the process of looking into this request.

---

[2] A meet and confer is currently scheduled to proceed on April 3, 2025.

B. Second, Group B Cases:

      v.    *Mansoori v. Stadnicki*, 22-cv-1632

      vi.   *Mansoori v. Stadnicki*, 22-cv-2471

      vii.  *Mansoori v. Dart, et al.*, 22-cv-1638

      viii.  <u>Outstanding Discovery:</u>
Defendants' written discovery is complete in these cases. Liaison Counsel has requested an extension of time to respond to outstanding discovery on behalf of all parties up to and including April 30, 2025. Parties have not had an opportunity to confer regarding potential deposition dates for Plaintiff.

***Dart***
Plaintiff has raised issues with Defendant's Answers to Interrogatories and Request for Production. Specifically, Plaintiff has now raised issues relating to Request for Production No. 2, 3, 4, 7, 10, 11, 12, 19, 20, 21, in addition to previously raised 'issues' relating to Request for Production No. 16, 17, 18, 24, 26, and 25.

Specifically, Plaintiff contends that he did not receive tier logs referenced in Defendant's Answers—Electronic Tier Log DIV6-Tier1K (3.4.20-3.31.20), Electronic Tier Log DIV6-Tier1K (4.1.20-4.16.20)—that relating to inmate movement transfers. Defendants have confirmed that the aforesaid Tier Logs contain the requested information relating to inmate transfers and will discuss at upcoming meet and confer.

Plaintiff rephrased RFP # 4 to request records of how many tiers in Division 6 were quarantined between March 17, 2020 and April 16, 2020, which is the date range when Plaintiff was housed in Division 6. Without waiving prior objections, Defendant will discuss this request at the upcoming meet and confer.

Without waiving the Defendant's prior objection, on March 27, 2025, Defendant requested from CCSO Plaintiff's calls placed from March 27, 2020 through April 30, 2020, which relate to RFPs # 16-18.

Plaintiff rephrased RFP # 7 to request records of how many COVID-19 tests the CCSO was in possession of from March 17, 2020 through April 16, 2020. Despite Plaintiff's attempt to rephrase his request, Defendant responds that that Cook County Health is the entity that would have administered COVID-19 tests and that Cook County Health is a separate and distinct entity not controlled by the CCSO. This information was previously provided in Defendant's Answer to RFP # 7.

On March 27, 2025, the parties discussed RFP # 24, and Defendant sustains its prior objection. Pursuant to Local Rule 37.2, parties will continue to meet and confer.

***Stadnicki* (22-cv-2471)**
Defendants must respond to additional written discovery requests received from Plaintiff.

Additionally, Plaintiff contends that medical records previously produced in the course of litigation does not contain blood test conducted on an unspecified date. Plaintiff has raised this issue for the first time. As of the filing of this status report, parties have not had an opportunity to meet and confer pursuant to local rule 37.2, said meeting will be conducted at a later date.

***Stadnicki* (22-cv-1632)**
Defendants must respond to additional written discovery requests received from Plaintiff.

C. Third, Group C Cases:
    i. *Mansoori v. Squires, et al.*, 21-cv-5881
    ii. *Mansoori v. Patel*, 22-cv-3484
    iii. *Mansoori v. Brown*, 17-cv-8846
    iv. *Mansoori v Milly*, 21-cv-6379

    v. <u>Outstanding Discovery:</u>
    Liaison Counsel has requested an extension of time to respond to outstanding discovery on behalf of all parties up to and including April 30, 2025. Parties have not had an opportunity to confer regarding potential deposition dates for Plaintiff.

    ***Squires*:**
    Plaintiff has raised issues related to tier logs requested for the 12/30/19 through 12/31/2019 in Division 6, Tier 1N. As of the filing of this status report, parties have not had an opportunity to meet and confer pursuant to local rule 37.2, said meeting will be conducted at a later date.

    ***Milly***
    Pursuant to local rule 37.2, Plaintiff has 'narrowed' the timeframe for library requests slips from March 2021 to March 2022. Accordingly, Defendants object to Plaintiff's request on the basis that Plaintiff has not complied with the court's order to narrow his request. Without waiving said objection, on March 27, 2025, Defendants asked the CCSO to determine how many boxes out of the 42 boxes previously identified would need to be searched to locate any library requests slips submitted during this thirteen-month time period.

Additionally, Plaintiff has raised issues related to call logs. As of the filing of this status report, Defendant are still looking into this request and intent to meet and confer pursuant to local rule 37.2 regarding this issue. Said meeting will be conducted at a later date.

### Brown
Defendant has responded to Plaintiff's discovery. Mansoori will supplement Mayo Clinic and Cleveland Clinic documents.

Counsel for Brown and Garcia has filed and caused to be mailed a copy of the Suggestion of Death Record for Defendant Joseph Brown.[3]

### Patel
Defendants request additional time to respond to Plaintiff's written discovery requests served on 2/26/25.

D. Fourth, Group D Cases:
   i. *Mansoori v. Amadore, et al.,* 22-cv-1642
   ii. *Mansoori v. Thomas*, 22-cv-1634
   iii. *Mansoori v. Pickens, et al.*, 22-cv-3485

   ix. <u>Outstanding Discovery:</u>
   Defendants' written discovery is complete in these cases. Liaison Counsel has requested an extension of time to respond to outstanding discovery on behalf of all parties up to and including April 30, 2025. Plaintiff still awaits responses to Interrogatories and Request for Production, which Defendants received on 2/25/25.

### Pickens & Vanco
Plaintiff requests additional time to respond to Defendants' written discovery requests served on 1/30/25. Defendants request additional time to respond to Plaintiff's written discovery requests served on 2/25/25.

### Thomas
Plaintiff requests additional time to respond to Defendants' written discovery requests served on 1/30/25. Defendants request additional time to respond to Plaintiff's written discovery requests served on 2/25/25.

### Amadore

Defendants request additional time to respond to Plaintiff's written discovery requests.

---

[3] As of the meet and confer held on March 27, 2025, Liaison Counsel has not had an opportunity to inform Plaintiff about the death of Defendant Brown.

Respectfully submitted,


/s/ Ashlee Doss
Ashlee Doss
Jessica Ratner
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
ashlee.doss@cookcountysao.org
jessica.ratner@cookcountysao.org

/s/ Troy S. Radunsky
Special State's Attorney
DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606


/s/ Oliver Kassenbrock
Oliver Kassenbrock
Assistant States Attorney
Conflicts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
oliver.kassenbrock@cookcountysao.org

/s/ Kevin C. Kirk
Special State's Attorney
William B. Oberts
Kevin C. Kirk
Tribler, Orpett, & Meyer P. C.
225 W. Washington – Suite 2250
Chicago, IL 60660
wboberts@tribler.com
Kckirk@tribler.com

## <u>CERTIFICATE OF SERVICE</u>

I, Ashlee Doss hereby certify that I have caused true and correct copies of Parties' Global

***Joint Status Report*** and foregoing to be served on all Parties pursuant to ECF and in accordance

with the rules of electronic filing of documents a copy was mailed via U.S. Mail on or before April

1, 2025, to:


**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

/s/ <u>*Ashlee Doss*</u>
Ashlee Doss