THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MS. PICKENS AND MS. VANCO,<br><br>　　　　　　Defendants. | 22 C 3485<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SQUIRES et al.,<br><br>　　　　　　Defendants. | 21 C 5881<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STADNICKI.<br><br>　　　　　　Defendant. | 22 C 2471<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

1

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 3484 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffrey T. Gilbert |
| C.O. PATEL. | |
| Defendant. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1634 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffrey T. Gilbert |
| JOVANTE THOMAS. | |
| Defendant. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 21 C 6173 |
| Plaintiff, | |
| | Judge Lindsay C. Jenkins |
| v. | |
| | Magistrate Jeffrey T. Gilbert |
| DIRECTOR JAMES MORRISON | |
| Defendant. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 21 C 6379 |
| Plaintiff, | |
| v. | Judge Lindsay C. Jenkins |
| | Magistrate Jeffrey T. Gilbert |
| MS. MILLY | |
| Defendant. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1632 |
| Plaintiff, | |
| v. | Judge Lindsay C. Jenkins |
| | Magistrate Jeffrey T. Gilbert |
| STADNICKI et al., | |
| Defendants. | |

| | |
|---|---|
| CHRISTOPHER MANSOORI | 22 C 1635 |
| Plaintiff, | |
| v. | Judge Lindsay C. Jenkins |
| | Magistrate Jeffrey T. Gilbert |
| SGT. WILLIAMS | |
| Defendants. | |

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | | 17 C 8846 |
| Plaintiff, | | Judge Lindsay C. Jenkins |
| v. | | |
| | | Magistrate Jeffrey T. Gilbert |
| SUPT. BROWN et al., | | |
| Defendants. | | |

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | | 22 C 1638 |
| Plaintiff, | | Judge Lindsay C. Jenkins |
| v. | | |
| | | Magistrate Jeffrey T. Gilbert |
| SHERIFF DART et al., | | |
| Defendants. | | |

| | | |
|---|---|---|
| CHRISTOPHER MANSOORI | | 22 C 1642 |
| Plaintiff, | | Judge Lindsay C. Jenkins |
| v. | | Magistrate Jeffrey T. Gilbert |
| SGT. AMADOR et al., | | |
| Defendants. | | |

CHRISTOPHER MANSOORI

        Plaintiff,

        v.

C.O. SMITH et al.,

        Defendants.

21 C 6242

Judge Lindsay C. Jenkins

Magistrate Jeffrey T. Gilbert

## DEFENDANTS' JOINT GLOBAL STATUS REPORT

The Plaintiff, Christopher Mansoori ("Plaintiff"), Pro Se and Defendants, by their respective attorneys, EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her respective Assistant State's Attorneys, Ashlee Doss, Jessica Ratner and Oliver Kassenbrock; Special State's Attorneys, Jason DeVore and Troy Radunsky from DEVORE RADUNSKY LLC; and Special State's Attorneys, William B. Oberts, and Kevin C. Kirk from Oberts Galasso Law Group, in compliance with this Honorable Court's April 11, 2025 Minute Entry, submit the following the following Joint Global Status Report

## Executive Summary

Ahead of the May 2, 2025, Joint Status Report Deadline, ASA Ashlee Doss and Jessica Ratner met with Plaintiff conferred on April 15 and 22, 2025.

### I.    Initial Matters to Bring to the Court's Attention

On April 22, 2025, Plaintiff noted that in a few weeks, he expects to have a financial backer to fund forensic expert analysis regarding video footage and to pay for depositions. Plaintiff also noted that he has recruited a video analyst and that the expert requires that any video sent for analysis must be sent by an attorney.

On April 30, 2025, liaison counsel received Plaintiff's global settlement demand. Although liaison counsel did not have an opportunity to discuss Plaintiff's demand with him during the meet and confers, it is clear that the Parties' settlement positions are too far apart to have productive settlement dialog at this time.

### II.    Status of the Cases

**A. Group A Cases, with a close of discovery date of April 30, 2025:** Oral and written discovery is complete in these cases. However, Plaintiff indicated that once he has financial backing, he may want to depose defendants in *Morrison* and *Smith*.

### i.  *Mansoori v. Williams*, 22-cv-1635

In response to Plaintiff's request for the identity of a "Bell" who prepared a logbook entry, defense counsel Troy Radunsky has confirmed that Star 15169 was assigned to Bernadette Bell in July 2021. This information was not previously provided to Plaintiff as it was not made available to defense or liaison counsel at the time of the meet and confers.

Additionally, Plaintiff has indicated that he may want to conduct expert video analysis of video footage. Defense counsel maintains responsive video footage does not exist and that the topic of video footage is an issue that this Court has already ruled upon. *See also* Dkt. 106 (March 6, 2025 Order) ("The Court already has addressed the issue of video footage, or the lack thereof, from the incident that allegedly occurred on 6/1/21 as set forth in Plaintiff's Complaint. See Order entered on 5/3/24 65 in Mansoori v. Williams, 22-cv-1635.) Specifically, defense counsel reports that no body cam video of the incident and the only video that exists is a CCTV video of the incident involving Mr. Lemon in the dayroom area that does not capture activity in or Plaintiff's cell, where Plaintiff alleged the incident occurred. The Court previously addressed this video footage in its order dated May 5, 2025. *See* Dkt. 65.

### ii.  *Mansoori v. Smith, et al.*, 21-cv-6242

On April 23, 2025, defense counsel served Plaintiff with Defendants' responses to all of Plaintiff's outstanding discovery requests.

Plaintiff has indicated that he has contacted a company who he plans to hire to conduct expert analysis of the video of the incident. Plaintiff also indicated that he will have funding to pay for the expert's analysis. Plaintiff asked liaison counsel if they would be willing to send the video to the company for analysis, as Plaintiff noted that the company requires that the video be sent by an attorney.

Defense counsel maintains that the video shown to Plaintiff at his deposition is authentic and, contrary to Plaintiff's belief, has not been manipulated. Nevertheless, the issues of whether this Court will allow expert discovery should be discussed at the next status. Defense counsel objects to serving as an intermediary for purposes of scheduling or transferring funds to pay for such discovery. Moreover, defense counsel objects to sending any non-party a copy of the video recording in the absence of a protective order.

Plaintiff indicated that he may want to depose Defendant Haddad if he obtains finances to do so.

### iii.  *Mansoori v. Morrison*, 21-cv-6173

On April 22, 2025, defense counsel served Plaintiff with copies of the requested logbooks from Cook County, Facilities Management.

Plaintiff indicated that he may want to depose Defendant Morrison if he obtains financing.

**B. Group B Cases:** Written discovery is complete in these cases. Parties have not had an opportunity to confer regarding potential deposition dates for Plaintiff. Plaintiff indicated that he may want to take depositions if he obtains the finances to do so.

### iv. *Mansoori v. Stadnicki*, 22-cv-1632

No updates.

### v. *Mansoori v. Stadnicki*, 22-cv-2471

Plaintiff contends that medical records previously produced in the course of litigation do not contain blood test(s) conducted on an unspecified date. Plaintiff has raised this issue for the first time. As of the filing of this status report, parties have still not had an opportunity to meet and confer pursuant to local rule 37.2. Said meeting will be conducted at a later date.

### vi. *Mansoori v. Dart, et al.*, 22-cv-1638

On April 29, 2025, defense counsel sent Plaintiff records responsive to his narrowed request for records showing inmate transfers for Division 6 Tier 1K from March 6, 2020 to April 16, 2020.

As to Plaintiff's request for phone calls, defense counsel has received the phone calls. However, the only way to produce the recordings is for defense counsel to play the calls for Plaintiff during scheduled meetings. There are hours of recordings. Therefore, defense counsel objects to producing the calls as overly burdensome. Moreover, Plaintiff has indicated that he can testify to the matters discussed in the phone calls, such as how he was allegedly sick with Covid-19 and how other individuals on his tier had Covid-19.

Defense counsel has informed Plaintiff that he will need to motion before the Court any remaining discovery disputes that the parties were unable to resolve during the meet and confers.

**C. Third, Group C Cases**: Liaison Counsel has requested an extension of time to respond to outstanding discovery on behalf of all parties. Parties have not had an opportunity to confer regarding potential deposition dates for Plaintiff. Plaintiff indicated that he may want to take depositions if he obtains the finances to do so.

### i. *Mansoori v. Squires, et al.*, 21-cv-5881

Plaintiff has raised issues related to tier logs requested for the 12/30/19 through 12/31/2019 in Division 6, Tier 1N. As of the filing of this status report, parties have not had an opportunity to meet and confer pursuant to local rule 37.2. Said meeting will be conducted at a later date.

### ii. *Mansoori v. Patel*, 22-cv-3484

Defendants request additional time to respond to Plaintiff's written discovery requests served on 2/26/25.

### iii.    *Mansoori v. Brown*, 17-cv-8846

Defendants acknowledge receipt of Mr. Mansoori's supplemental documents from the Cleveland Clinic and the Mayo Clinic that Mr. Mansoori indicated he had sent, but do not stipulate to their accuracy, relevance, or admissibility.

Mr. Mansoori has indicated that he intends to file a motion to amend the complaint in this case in light of Defendant Brown's passing to name Defendant Garcia in both counts of the complaint. The current operative complaint is the Fourth Corrected Amended Complaint. Defense counsel has conferred with Mr. Mansoori about his anticipated amendments and the basis thereof and believes, subject to reviewing the proposed amended complaint, that the motion to amend may be able to be filed as unopposed. This could resolve the issue of Defendant Brown's death without requiring Mr. Mansoori to name a successor/representative. Defense counsel also affirmatively states that as of the time of drafting, diligent searches indicate that there is still no probate estate open for Defendant Brown.

### iv.    *Mansoori v Milly*, 21-cv-6379

Pursuant to local rule 37.2, Plaintiff has 'narrowed' the timeframe for library requests slips from March 2021 to March 2022. Accordingly, Defendants object to Plaintiff's request on the basis that Plaintiff has not complied with the court's order to narrow his request. Without waiving said objection, Defendants have confirmed that 15 out of the 42 boxes would need to be searched to locate any library requests slips submitted during this thirteen-month time period. The boxes are organized by date and cover a one-month to two-month span. Within each box, the slips are organized into packets by day and by law librarian. Specifically, all slips collected by each law librarian on a specific day are contained within a folded piece of paper noting the date and law librarian. The boxes are very full, and it would take a considerable amount of time to go through all of the packets, separate all packets containing slips collected by Ms. Milly, and then look through those packets. At this point, liaison counsel has not had an opportunity to search a single box, and objects to searching the boxes as overly burdensome.

**D.  Fourth, Group D Cases:** Liaison Counsel has requested an extension of time to respond to outstanding discovery on behalf of all parties. Parties have not had an opportunity to confer regarding potential deposition dates for Plaintiff. Plaintiff indicated that he may want to take depositions if he obtains the finances to do so.

### i.    *Mansoori v. Amadore, et al.*, 22-cv-1642

Defendants request additional time to respond to Plaintiff's written discovery requests.

### ii.    *Mansoori v. Thomas*, 22-cv-1634

Defendants request additional time to respond to Plaintiff's written discovery requests served on 2/25/25.

### iii. *Mansoori v. Pickens, et al.*, 22-cv-3485

Plaintiff requests additional time to respond to Defendants' written discovery requests served on 1/30/25. Defendants request additional time to respond to Plaintiff's written discovery requests served on 2/25/25.

Respectfully submitted,

*/s/ Ashlee Doss*
Ashlee Doss
Jessica Ratner
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
ashlee.doss@cookcountysao.org
jessica.ratner@cookcountysao.org

*/s/ Troy S. Radunsky*
Special State's Attorney
DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606

*/s Kevin C. Kirk*
Special State's Attorney
William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
181 W. Madison, Suite 4700
Chicago IL 60602
wboberts@obertsgalasso.com
Kckirk@obertsgalasso.com

*/s/ Oliver Kassenbrock*
Oliver Kassenbrock
Assistant States Attorney
Conflicts Counsel Unit
50 W. Washington St., Ste 2760
Chicago, Illinois 60602
oliver.kassenbrock@cookcountysao.org

## <u>CERTIFICATE OF SERVICE</u>

I, Jessica Ratner, hereby certify that I have caused true and correct copies of Parties' Global ***Joint***

***Status Report*** and foregoing to be served on all Parties pursuant to ECF and in accordance with

the rules of electronic filing of documents a copy was mailed via U.S. Mail on May 5, 2025 to:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

/s/ *Jessica Ratner*
Jessica Ratner