UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori | 2017-CV-8846 |
| | 2021-CV-5881 |
| Plaintiff, | 2021-CV-6173 |
| | 2021-CV-6242 |
| v. | 2021-CV-6379 |
| | 2022-CV-1632 |
| Defendants, et al | 2022-CV-1634 |
| | 2022-CV-1635 |
| Defendants | 2022-CV-1638 |
| | 2022-CV-1642 |
| | 2022-CV-2471 |
| | 2022-CV-3484 |
| | 2022-CV-3485 |
| | |
| | Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

Status hearing held on 5/6/25. The Court reviewed Defendants' Joint Global Status Report filed in all cases referenced in the caption of this Order. The parties are referred to the transcript of the status hearing for a complete record of the proceedings. The Court memorializes certain of its rulings in this Order. The parties are advised that certain matters set forth below may not have been fully discussed or articulated during the hearing on 5/6/25.

A continued status hearing is set for 5/27/25 at 1:30 p.m. in Courtroom 1386. Defense counsel shall appear in-person. Plaintiff Mansoori can appear by telephone. The Court requests that defense counsel arrange for Plaintiff to appear by telephone for that hearing at 650-479-3207 and the access code is 180 946 2499#. Press # to bypass the Attendee ID number.

With respect to *Mansoori v. Williams*, 22-cv-1635 and *Mansoori v. Smith, et al.*, 21-cv-6242, Plaintiff reports he is in the process of hiring a forensic expert to examine CCTV video footage in one or both of these cases that he claims has been

altered. The Court anticipates entering a protective order that will govern production of a copy of the video(s) to Plaintiff's third-party forensic consultant for its review subject to confirmation by the consultant that it has been retained for this particular project and it is prepared to go forward with the forensic analysis for Plaintiff. The Court orders Defense counsel to draft a proposed protective order along these lines and those discussed during the hearing, and further orders Defense counsel to meet and confer with Plaintiff (and his forensic consultant, if possible) about a proposed protective order as well as the technical specifications for production of the CCTV video to the third-party consultant so the consultant can effectively review the video for any alleged alterations. Defense counsel will communicate with Plaintiff's consultant only with Plaintiff present by telephone or video absent Plaintiff's consent to another arrangement. Any proposed protective order shall be submitted to the Court by 5/23/2025 via the following email: Proposed_Order_Gilbert@ilnd.uscourts.gov. The Court will address further and as necessary the potential production of the CCTV video(s) and a related protective order at the status hearing scheduled for 5/27/25 at 1:30 p.m.

By 5/20/25, the parties shall file a status report in *Mansoori v. Smith, et al.*, 21-cv-6242 and *Mansoori v. Morrison*, 21-cv-6173, that indicates whether Plaintiff received Defendants' responses to Plaintiff's discovery requests mailed to him by defense counsel on 4/22/25 and 4/23/25, including temperature logbooks in the *Morrison* case. That status report also should identify any disputes about those discovery responses, and, if there are disputes, the report also should identify or propose next steps to resolve them. The Court intends to address that status report at the status hearing scheduled for 5/27/25 at 1:30 p.m.

With respect to *Mansoori v. Dart, et al.*, 22-cv-1638, Defense counsel shall provide Plaintiff with a list of Plaintiff's phone calls recorded while he was at Cook County jail to or from the four telephone numbers identified in Plaintiff's discovery requests (and identified, in part, on the record at the 5/6/25 hearing) which calls were made or received on 4/1/20 and 4/2/20, and the length of each call. The Court further orders Defense counsel to arrange a call with Plaintiff so Plaintiff can listen to any of the calls on that list that are responsive to his discovery request as narrowed. The parties should discuss an appropriate method for Defendant to produce to Plaintiff, at his expense, any of the phone call recordings or transcripts of those calls that Plaintiff has requested as long as that material is relevant to the claims and defenses in this case and proportional to the needs of this case. To be clear, if Plaintiff wants a physical copy of a recording or a transcript of a recording, he should be prepared to pay the cost of those productions. The parties should be prepared to report about their progress with these recorded phone calls at the status hearing scheduled for 5/27/25 at 1:30 p.m.

With respect to *Mansoori v Milly*, 21-cv-6379, the Court finds that Plaintiff's request for production of his library request slips sent to or addressed by Defendant Milly from March 2021 to March 2022 seeks information that is relevant and proportional to the needs of this case. Defendants represent that 15 out of the 42 boxes of library slips they have identified pertain to this time period and that, within each box, the slips are organized into packets separated by day and by librarian. Defendants' argument that it "would take a considerable amount of time to go through all of the packets" to identify Ms. Milly's library slips is insufficient to establish that this discovery is unduly burdensome and not proportional to the needs of the case. Defendants' burden is lessened because they do not need to closely review the entire contents of each box as they should be able to locate the Milly library request slips in each box based on how the boxes are said to be organized. Defense counsel estimated it could take at least an hour to review each of the 15 boxes which, in the Court's view, is not disproportionate to the needs of this case. At the status hearing set for 5/27/25 at 1:30 p.m., Defendants should be prepared to report on their progress, if any, in reviewing the 15 boxes containing the relevant library request slips and provide an anticipated completion date for that review and the eventual production of responsive documents to Plaintiff.

At their joint request [213], all parties are given an extension of time to 6/25/25 to respond to outstanding written discovery requests in *Mansoori v. Thomas*, 22-cv-1634, *Mansoori v. Pickens, et al.*, 22-cv-3485, *Mansoori v. Amadore*, et al., 22-cv-1642, *Mansoori v. Patel*, 22-cv-3484, and *Mansoori v. Squires, et al.*, 21-cv-5881. The Court encourages the parties to prioritize responding to outstanding discovery requests in these cases. This date will not be extended absent extraordinarily good cause based upon a showing that the parties could not meet this extended deadline through the exercise of reasonable diligence. At this stage of discovery in these cases, the press of other work will not be sufficient to establish good cause.

At Plaintiff's request, the Court will mail to him copies of the following docket entries in *Mansoori v. Brown*, 17-cv-8846 – ECF Nos. [4], [19], [32], [67], and [68] – and docket entry ECF No. [106] in *Mansoori v. Pickens, et al.*, 22-cv-3485.

Defendants state in their Joint Status Report that Plaintiff made a global settlement demand in these cases on 4/30/25, but the parties remain far apart and a global settlement is not a realistic possibility at this time. Ordinarily, under these circumstances, the Court would direct the parties to discuss the settlement of some but not all of Plaintiff's cases, but the Court is aware that Cook County generally does not want to settle only certain cases brought by a civil rights plaintiff such as Mr. Mansoori. Defense counsel should be prepared to report at the next status hearing on 5/27/2025 whether the County would consider settling one or more of Plaintiff's individual cases if it receives individual demands from him and, if so, which cases are in this category.

3

The parties shall meet and confer to set dates for Plaintiff's deposition in any of the Group B, C and D cases where the parties' progress with written discovery would allow such depositions to proceed. The parties should be prepared to report on the status of these scheduling discussions, if any, at the status hearing set for 5/27/2025.

Finally, by 6/23/25, the parties shall meet and confer, one or more times as necessary, about the status of discovery in the above-captioned cases and, on 6/25/25, they shall file an updated joint global status report that summarizes their progress with such discovery.

A continued status hearing is set for 7/9/25 at 1:30 p.m. in Courtroom 1386. The Court hopes and anticipates that the interval between the filing of that status report and the status hearing is sufficient for Plaintiff to have received a copy of the joint status report as filed before the status hearing. Defense counsel shall appear in person at the status hearing on 7/9/25. Plaintiff Mansoori can appear by telephone. The Court requests that defense counsel arrange for Plaintiff to appear by telephone for that hearing at 650-479-3207 and the access code is 180 946 2499#. Press # to bypass the Attendee ID number.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 7, 2025

4