THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>MS. PICKENS AND MS. VANCO,<br><br>Defendants. | 22 C 3485<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>SQUIRES et al.,<br><br>Defendants. | 21 C 5881<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>STADNICKI.<br><br>Defendant. | 22 C 2471<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

1

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>C.O. PATEL.<br><br>Defendant. | 22 C 3484<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>JOVANTE THOMAS.<br><br>Defendant. | 22 C 1634<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR JAMES MORRISON<br><br>Defendant. | 21 C 6173<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>    Plaintiff,<br><br>  v.<br><br>MS. MILLY<br><br>    Defendant. | 21 C 6379<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>    Plaintiff,<br><br>  v.<br><br>STADNICKI et al.,<br><br>    Defendants. | 22 C 1632<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>    Plaintiff,<br><br>  v.<br><br>SGT. WILLIAMS<br><br>    Defendants. | 22 C 1635<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPT. BROWN et al.,<br><br>　　　　　Defendants. | 17 C 8846<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHERIFF DART et al.,<br><br>　　　　　Defendants. | 22 C 1638<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. AMADOR et al.,<br><br>　　　　　Defendants. | 22 C 1642<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

4

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>C.O. SMITH et al.,<br><br>　　　　　Defendants. | 21 C 6242<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

## DEFENDANTS' JOINT GLOBAL STATUS REPORT

The Plaintiff, Christopher Mansoori ("Plaintiff"), Pro Se and Defendants, by their respective attorneys, EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her respective Assistant State's Attorneys, Ashlee Doss, Jessica Ratner and Oliver Kassenbrock; Special State's Attorneys, Jason DeVore and Troy Radunsky from DEVORE RADUNSKY LLC; and Special State's Attorneys, William B. Oberts, and Kevin C. Kirk from Oberts Galasso Law Group, in compliance with this Honorable Court's May 8, 2025 Minute Entry, submit the following the following Joint Global Status Report

### Executive Summary

Ahead of the May 20, 2025, Joint Status Report Deadline, ASA Ashlee Doss and Jessica Ratner met and conferred with Plaintiff on May 19, 2025.

I.　　Initial Matters to Bring to the Court's Attention

On May 19, 2025, Plaintiff informed liaison counsel that his trial started on May 14, 2025 and will continue on June 5, 2025. If the trial does not conclude on June 5, 2025, Plaintiff expects the trial to resume in mid-July.

In addition, Plaintiff has an appellate brief due on June 9, 2025 in his malpractice case.

Plaintiff has provided liaison counsel with the following update regarding the status of hiring a forensic expert for video footage analysis.

> On or about May 9, 2025, Plaintiff spoke with a representative from Primeau Forensics, who explained that the company will need to receive a signed contract from Plaintiff before accepting payment, and that the company is not retained until receipt of payment. Plaintiff believes that the contract was mailed to him around May 9, 2025.

5

>As of May 19, 2025, Plaintiff had not yet received the contract. Once Plaintiff receives the contract, he will need to review, sign, and send it back to Primeau Forensics. Then, Plaintiff will need to arrange for payment to be made to Primeau Forensics. Plaintiff has already provided with the representative from Primeau Forensics with instructions for notifying the Court once it has been retained by Plaintiff.
>
>Plaintiff also informed liaison counsel that Primeau Forensics requires that the video footage be sent in the original format.

Additionally, this Court ordered defense counsel to submit a proposed protective order (relating to the video footage) to the Court by May 23, 2025. Due to the status of Plaintiff obtaining Primeau Foresnics as an expert, defense counsel requests an extension to submit the proposed protective order. Defense counsel requests that this request be discussed further at the May 27, 2025 status date.

Due to the amount of topics discussed during the May 19, 2025 meet and confer and time constraints, liaison counsel did not have time to discuss deposition dates with Plaintiff. Liaison counsel plans to discuss deposition dates with Plaintiff in advance of the June 25, 2025 status report. Plaintiff will be able to provide an update on his criminal cases and his availability for depositions at that point.

**II.     Status of the Cases**

**A. Group A Cases, with a close of discovery date of April 30, 2025:** Oral and written discovery is complete in these cases. However, Plaintiff indicated that once he has financial backing, he may want to depose defendants in *Smith*.

> **i.     *Mansoori v. Williams*, 22-cv-1635**

Plaintiff may want to hire an expert to conduct expert video analysis of video footage in *Williams*, but indicated that he would be prioritizing such analysis in the *Smith* case.

> **ii.     *Mansoori v. Smith, et al.*, 21-cv-6242**

On April 23, 2025, defense counsel served Plaintiff with Defendants' responses to all of Plaintiff's outstanding discovery requests. On May 19, 2025, Plaintiff indicated that he has not received those responses. The responses were sent a second time, on May 19, 2025, via certified mail.

Plaintiff is in the process of contracting with an expert to conduct analysis of the video footage of the incident.

Plaintiff indicated that he may want to depose Defendant Haddad if he obtains finances to do so.

       iii.     *Mansoori v. Morrison*, **21-cv-6173**

On April 22, 2025, defense counsel served Plaintiff with copies of the requested logbooks from Cook County, Facilities Management. On May 19, 2025, Plaintiff indicated that he has received those responses. Plaintiff indicated that the responsive records contained some, but not all, of the information he was seeking. However, Defense counsel has turned over all of the response records received from non-party Cook County, Facilities Management.

Plaintiff indicated that he may want to depose Defendant Morrison if he obtains financing.

   **B. Group B Cases:** Written discovery is complete in these cases. Parties have not had an opportunity to confer regarding potential deposition dates for Plaintiff. Plaintiff indicated that he may want to take depositions if he obtains the finances to do so.

       iv.     *Mansoori v. Stadnicki*, **22-cv-1632**

No updates.

       v.     *Mansoori v. Stadnicki*, **22-cv-2471**

Plaintiff contends that medical records previously produced in the course of litigation do not contain certain records relating to an x-ray and blood test(s). Defense counsel is still working on producing these records.

       vi.     *Mansoori v. Dart, et al.*, **22-cv-1638**

On April 29, 2025, defense counsel sent Plaintiff records responsive to his narrowed request for records showing inmate transfers for Division 6 Tier 1K from March 6, 2020 to April 16, 2020. On May 19, 2025, Plaintiff indicated that he has not received those responses. The responses were sent a second time, on May 19, 2025, via certified mail.

On May 19, 2025, in accordance with this Court's May 8, 2025 order, liaison counsel played for Plaintiff all calls made to or from the phone numbers identified in Plaintiff's discovery requests that were made or received on the narrowed-time frame of April 1 and 2, 2020. Plaintiff was satisfied with production of these calls during the meet and confer.

Plaintiff did not provide an update during the May 19, 2025 meet and confer regarding whether he plans to motion before the Court any remaining discovery disputes that the parties were unable to resolve during the prior meet and confers.

C. **Third, Group C Cases**: Liaison Counsel has requested an extension of time to respond to outstanding discovery on behalf of all parties. Parties have not had an opportunity to confer regarding potential deposition dates for Plaintiff. Plaintiff indicated that he may want to take depositions if he obtains the finances to do so.

  i. *Mansoori v. Squires, et al.*, **21-cv-5881**

Plaintiff has requested recreation tier logs for 12/30/19 through 12/31/2019 in Division 6, Tier 1N, as Plaintiff claims that the prior production was missing these two days. Defense counsel is working on responding to Plaintiff's request.

  ii. *Mansoori v. Patel*, **22-cv-3484**

Defendants have until June 25, 2025 to respond to Plaintiff's written discovery requests served on 2/26/25.

  iii. *Mansoori v. Brown*, **17-cv-8846**

Plaintiff indicated that he still intends to file a motion to amend the complaint in this case in light of Defendant Brown's passing to name Defendant Garcia in both counts of the complaint. Due to Plaintiff's pending criminal trial and appellate briefing, Plaintiff requests additional time to file an amended complaint.

  iv. *Mansoori v Milly*, **21-cv-6379**

Defense counsel has searched one of the fifteen boxes that potentially contain law library request slips responsive to Plaintiff's discovery requests. The search took one hour and produced two records. In order to complete an exhaustive search, defense counsel will need to search the remaining fourteen boxes, which will take a minimum fourteen more hours. Due to the way in which the boxes are organized, defense counsel must complete the search of each box in one sitting, which requires defense counsel to dedicate a minimum of one hour of uninterrupted time to the search while in the office. As a result, and due to upcoming deadlines and litigation demands in other cases and prioritizing responding to written discovery requests and attending meet and confers in the assorted *Mansoori* cases, defense counsel does not realistically anticipate being able to search more than one box a week for the next several weeks. Defense counsel maintains that searching the boxes is overly burdensome.

During the May 19, 2025 meet and confer, defense counsel updated Plaintiff on the two requests that the search produced. Plaintiff indicated that one of the requests was not relevant to any pending count, and the other request was minimally relevant.

D. **Fourth, Group D Cases:** The parties have been granted extensions of time to respond to outstanding discovery requests by June 25, 2025. At this point, the parties are prioritizing responding to written discovery requests and plan to discuss potential deposition dates in late June.

      i.    *Mansoori v. Amadore, et al.*, **22-cv-1642**

Defendants have until June 25, 2025 to respond to Plaintiff's written discovery requests. Plaintiff has until June 25, 2025 to respond to Defendant Hine's written discovery requests.

      ii.    *Mansoori v. Thomas*, **22-cv-1634**

Defendants have until June 25, 2025 to respond to Plaintiff's written discovery requests served on 2/25/25. Defense counsel expects to send out the responses by May 23, 2025.

      iii.    *Mansoori v. Pickens, et al.*, **22-cv-3485**

Defendants and Plaintiff have until June 25, 2025 to respond to outstanding written discovery requests.

Respectfully submitted,

*/s/ Ashlee Doss*
Ashlee Doss
Jessica Ratner
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
ashlee.doss@cookcountysao.org
jessica.ratner@cookcountysao.org

*/s/ Troy S. Radunsky*
Special State's Attorney
DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606

/s Kevin C. Kirk
Special State's Attorney
William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
181 W. Madison, Suite 4700
Chicago IL 60602
wboberts@obertsgalasso.com
Kckirk@obertsgalasso.com

/s/ Oliver Kassenbrock
Oliver Kassenbrock
Assistant States Attorney
Conflicts Counsel Unit
50 W. Washington St., Ste 2760
Chicago, Illinois 60602
oliver.kassenbrock@cookcountysao.org

**CERTIFICATE OF SERVICE**

I, Jessica Ratner, hereby certify that I have caused true and correct copies of Parties' Global ***Joint Status Report*** and foregoing to be served on all Parties pursuant to ECF and in accordance with the rules of electronic filing of documents a copy was mailed via U.S. Mail on May 20, 2025 to:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

/s/ *Jessica Ratner*
Jessica Ratner