UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori<br><br>Plaintiff,<br><br>v.<br><br>Defendants, et al<br><br>Defendants | 2017-CV-8846<br>2021-CV-5881<br>2021-CV-6173<br>2021-CV-6242<br>2021-CV-6379<br>2022-CV-1632<br>2022-CV-1634<br>2022-CV-1635<br>2022-CV-1638<br>2022-CV-1642<br>2022-CV-2471<br>2022-CV-3484<br>2022-CV-3485<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER**

Status hearing held on 5/27/25. The Court reviewed The Defendants' Joint Global Status Report. The parties are referred to the transcript of the status hearing for a complete record of the hearing.

With respect to *Mansoori v. Williams*, 22-cv-1635 and *Mansoori v. Smith, et al.*, 21-cv-6242, Plaintiff reports he has contacted another forensic expert, Garrett Discovery, to examine CCTV video footage (from stationary cameras as opposed to body worn cameras) in both cases that he claims has been altered. (Plaintiff reports that the potential forensic expert referenced in the Court's order entered on 5/7/25 subsequently declined to undertake this engagement for him.) Plaintiff now reports that Garrett Discovery will conduct a preliminary review of the stationary video footage in these cases prior to deciding whether to accept an engagement in this case. Aside from Defendants' objection to the relevance and proportionality of any forensic examination of the CCTV footage in this case, which Defendants continue to maintain and the Court preliminarily at this time overrules, defense counsel does not object to providing Garrett Discovery with the video footage subject to entry of an appropriate Protective Order. Accordingly, the Court orders defense counsel to draft a proposed

protective order and further orders defense counsel to meet and confer with Plaintiff regarding the protective order to the extent reasonably possible before submitting the proposed order to the Court. Plaintiff should discuss the proposed protective order with Garrett Discovery. Defense counsel will endeavor to submit a motion for entry of a protective order by 6/6/25. If it cannot do so by then, the parties should file a short status report indicating when that can be accomplished. The proposed order will, among other things, provide that Garrett Discovery shall not use or disclose the video footage for any purpose other than the *Williams* and *Smith* cases and that Garrett Discovery will return all copies of the video footage to defense counsel once it has reviewed the footage and completed any engagement with Plaintiff in this case. The Court ordered defense counsel to send to the Court via the courtroom deputy the video footage in *Mansoori v. Williams*, 22-cv-1635 by the close of business by 5/28/25. The Court acknowledges receipt of both that video footage and the footage in *Mansoori v. Smith, et al.*, 21-cv-6242, as of the date of this Order.

Fact discovery is complete in *Mansoori v. Morrison*, 21-cv-6173. The Court inquired about the possibility of settlement in that case and defense counsel firmly indicated that the County is not interested in settling this case particularly separate from the other cases Plaintiff has filed. Accordingly, the referral in this case is terminated, and the case is returned to the District Judge for further proceedings on the merits.

Plaintiff reports he still has not received Defendants' discovery responses in *Mansoori v. Smith, et al.*, 21-cv-6242, despite defense counsel's representations that they sent those responses to Plaintiff by certified mail on 4/23/25, and a second time on 5/19/25. The Court requests that defense counsel in this case facilitate delivery of those responses to Plaintiff at Cook County Jail by contacting someone in the Cook County Sheriff's Office who might be able to assist in getting those responses to Plaintiff.

In the Court's view, and without apparent objection by any party, it appears that Plaintiff's deposition can be scheduled in the Group B, C, and D cases. Written discovery has been completed in some of those cases and will be completed in others by the end of June 2025. Therefore, liaison counsel shall meet and confer with Plaintiff, and consult with other defense counsel as necessary, about scheduling dates for his depositions in the Group B cases (*Mansoori v. Stadnicki*, 22-cv-1632, *Mansoori v. Stadnicki*, 22-cv-2471, and *Mansoori v. Dart, et al.*, 22-cv-1638), in the Group C cases (*Mansoori v. Squires, et al.*, 21-cv-5881, *Mansoori v. Patel*, 22-cv-3484, *Mansoori v. Brown*, 17-cv-8846, and *Mansoori v. Milly*, 21-cv-6379) and in the Group D cases (*Mansoori v. Amadore, et al.*, 22-cv-1642, *Mansoori v. Thomas*, 22-cv-1634, and *Mansoori v. Pickens, et al.*, 22-cv-3485). Those depositions should be scheduled to occur, if possible, before 7/31/25. The parties shall file a short joint status report by 6/11/25 with confirmed dates for Plaintiff's depositions in those cases. Defendants

are given leave to depose Plaintiff in these cases as a person in custody if leave has not already been granted.

In the Group C and Group D cases, the parties shall respond to outstanding written discovery by 6/25/25, as previously ordered [112]. This includes Defendants' response to Plaintiff's request for recreation tier logs for 12/30/19 and 12/31/19 in Division 6, Tier 1N in *Mansoori v. Squires, et al.*, 21-cv-5881.

In *Mansoori v Milly*, 21-cv-6379, Defendants shall complete their review of the remaining boxes of law library request slips and the production of any responsive slips by 6/25/25. For the reasons discussed on the record, the Court does not consider that to be an unduly or unreasonably burdensome task in the context of this case. If, however, after the review of at least half of the 15 boxes, including boxes for the months during which Plaintiff believes it is most likely that responsive documents should be found, and discussion with Plaintiff about the documents that have been found, Defendants have not located more than a handful of responsive documents, they may, if they wish, renew their request to limit their search of the remaining boxes of stored library slips on a proportionality basis, or they can simply finish the task at hand and complete their review of all the boxes. The Court assumes the time it takes counsel to review each box will decrease somewhat as they become more familiar with the process for doing so.

In *Mansoori v. Dart, et al.*, 22-cv-1638, Plaintiff and defense counsel shall meet and confer in an effort to identify a previous discovery request that Plaintiff says he made that Defendant identify the person or persons who made the decisions about inmate or detainee transfers for Division 6 Tier 1K from March 6, 2020 to April 16, 2020. Plaintiff maintains he previously made such a discovery request and Defendant has not responded to it. If Defendant has not yet fully responded to any such request, Defendant shall do so within 14 days of the parties' conferral. If Plaintiff did not make such a request in the past, then he cannot initiate new discovery requests at this late date without leave of court. For the avoidance of doubt, the Court is not ordering the disclosure of any information that would reveal any confidential medical information of non-parties.

For the reasons discussed on the record, to allow the parties more time after the current 6/25/25 written discovery response date in these cases, the deadline for filing the next joint global status report is extended from 6/25/25 to 7/2/25. Liaison counsel shall facilitate delivery of that joint status report to Plaintiff after it is filed so that he has it before the next status hearing if he remains in Cook County Jail at that time.

A continued status hearing is set for 7/9/25 at 1:30 p.m. in Courtroom 1386. Defense counsel shall appear in person at the status hearing on 7/9/25. Plaintiff Mr. Mansoori can appear by telephone. The Court requests that defense counsel arrange

3

for Plaintiff to appear by telephone for that hearing at 650-479-3207 and the access code is 180 946 2499#. Press # to bypass the Attendee ID number.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 29, 2025