**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MS. PICKENS AND MS. VANCO,<br><br>　　　　　Defendants. | 22 C 3485<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SQUIRES et al.,<br><br>　　　　　Defendants. | 21 C 5881<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STADNICKI.<br><br>　　　　　Defendant. | 22 C 2471<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>C.O. PATEL.<br><br>Defendant. | 22 C 3484<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>JOVANTE THOMAS.<br><br>Defendant. | 22 C 1634<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR JAMES MORRISON<br><br>Defendant. | 21 C 6173<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MS. MILLY<br><br>　　　　　Defendant. | 21 C 6379<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STADNICKI et al.,<br><br>　　　　　Defendants. | 22 C 1632<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SGT. WILLIAMS<br><br>　　　　　Defendants. | 22 C 1635<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

| | |
|---|---|
| CHRISTOPHER MANSOORI <br><br> Plaintiff, <br><br> v. <br><br> SUPT. BROWN et al., <br><br> Defendants. | 17 C 8846 <br><br> Judge Lindsay C. Jenkins <br><br> Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF DART et al., <br><br> Defendants. | 22 C 1638 <br><br> Judge Lindsay C. Jenkins <br><br> Magistrate Jeffrey T. Gilbert |
| CHRISTOPHER MANSOORI <br><br> Plaintiff, <br><br> v. <br><br> SGT. AMADOR et al., <br><br> Defendants. | 22 C 1642 <br><br> Judge Lindsay C. Jenkins <br><br> Magistrate Jeffrey T. Gilbert |

4

| | |
|---|---|
| CHRISTOPHER MANSOORI<br><br>Plaintiff,<br><br>v.<br><br>C.O. SMITH et al.,<br><br>Defendants. | 21 C 6242<br><br>Judge Lindsay C. Jenkins<br><br>Magistrate Jeffrey T. Gilbert |

## PARTIES' JOINT GLOBAL STATUS REPORT

The Plaintiff, Christopher Mansoori ("Plaintiff"), Pro Se and Defendants, by their respective attorneys, EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her respective Assistant State's Attorneys, Ashlee Doss, Jessica Ratner and Oliver Kassenbrock; Special State's Attorneys, Jason DeVore and Troy Radunsky from DEVORE RADUNSKY LLC; and Special State's Attorneys, William B. Oberts, and Kevin C. Kirk from Oberts Galasso Law Group, in compliance with this Honorable Court's May 8, 2025 Minute Entry, submit the following the following Joint Global Status Report:

### Executive Summary

Ahead of the July 2, 2025, Joint Status Report Deadline, ASA Ashlee Doss and Jessica Ratner met and conferred with Plaintiff on June 9 and June 17, 2025.

I. **Initial Matters to Bring to the Court's Attention**

   a. **Parties' agreed request for entry of order allowing discovery to be shared amongst cases**

On February 2, 2023, the following language was included in a global status report: "The Parties agree to have Plaintiff be presented for depositions involving multiples of his cases instead of taking a deposition of Plaintiff one by one in all of his cases. The Parties agree that any of Plaintiff's discovery including written, documents, depositions, or other forms taken in any of the pending Mansoori cases can be used in any of his other pending cases."

It does not appear that this language was ever included in a Court order. The parties respectfully request that this Honorable Court include this language in a Court order. The existence of such an order directly impacts the scheduling of the depositions in the remaining nine cases. If such an order is not on file, then defense counsel will need to allocate considerably more time for each deposition, and will need to schedule each deposition for a different day.

5

b.  **Proposed Deposition Dates**

Mr. Mansoori still needs to be deposed in the following cases. Proposed deposition dates are provide below. The proposed dates take into consideration the dates that Mr. Mansoori indicated that he would not be available for depositions in July. These dates were selected by defense counsel after liaison counsel met with Mr. Mansoori. As of the date of the filing of this status report, liaison counsel had not communicated the proposed dates to Mr. Mansoori. Defense counsel will be prepared to schedule and notice the depositions after the dates have been discussed at the July 9, 2025 status hearing.

Cases where depositions have been taken: *Smith*, *Milly*, *Williams*, *Morrison* (referral terminated)

The parties request that the following depositions be scheduled once written discovery is complete: *Pickens/Vanco*, *Patel*, and *Amadore*

July 28, 2029: *Thomas* and *Squires*

July 29, 2025: *Dart* and *Brown*

August 6, 2025: Both *Stadnicki* cases

c.  **Update regarding Mr. Mansoori's criminal/civil proceedings**

On June 17, 2025, Plaintiff informed liaison counsel that his criminal trial had been continued to July 15, 2025.

On June 18, 2025, the Illinois Appellate Court affirmed the judgment of the trial court which ordered defendant's continued detention and subsequently denied his Rule 604(h) motion for relief. *See* 2025 IL App (1st) 250481-U.

Plaintiff also informed liaison counsel that his appeal in his civil case is currently due on July 7, 2025, but he will likely be seeking an extension.

II.   **Status of the Cases**

A. **Group A Cases, with a close of discovery date of April 30, 2025:** Oral and written discovery is complete in these cases.

On June 27, 2025, this Honorable Court entered an Agreed Confidentiality/Protective Order in the *Williams* and *Smith* cases for purposes providing copies of the video footage to Garrett Discovery on a preliminary and confidential basis, subject to entry of a protective order. On June 30, 2025, liaison counsel sent Garrett Discovery a copy of the Agreed Confidentiality/Protective Order and is still awaiting receipt of a signed copy.

       ***i.***     ***Mansoori v. Williams*, 22-cv-1635**

Plaintiff may want to hire Garrett Discovery to conduct expert video analysis of video footage in *Williams*, but indicated that he would be prioritizing such analysis in the *Smith* case.

       ***ii.***     ***Mansoori v. Smith, et al.*, 21-cv-6242**

On June 9, 2025, Mr. Mansoori confirmed receipt of Defendants' responses to all of his written discovery requests and the parties met and conferred regarding issues that he had with responses.

The following was confirmed after the June 9, 2025 meet and confer and as of the date of the filing of this status report, has not yet been communicated to Plaintiff. In response to Plaintiff's inquiry regarding whether Defendant Denzel Smith is the same D Smith referenced in records responsive to Plaintiff's requests for production, defense counsel has confirmed that Defendant Smith is, in fact, the D Smith referenced in those records. Defendant Smith is also the individual depicted in the surveillance video footage shown to Plaintiff during his deposition who Plaintiff has represented, on numerous occasions, is <u>not</u> the individual depicted in the video who Plaintiff claims used excessive force on him.

Moreover, Plaintiff is in the process of contracting with Garrett Discovery to conduct analysis of the video footage of the incident.

On July 1, 2025, in connection with the *Smith* case, counsel received a supplemental discovery request for "the name of each person who possessed, prepared, handled, held in their custody, or otherwise maintained control over the video footage produced in this case, from November 15, 2019, tier 1N of Division 6, at any time." Counsel objects to this request as it is unduly burdensome, overly vague, and calls for information outside the needs of this case.

Without waiving said objections, on June 2, 2025, Defendants mailed Plaintiff a copy of an evidence audit trail that defense counsel generated from evidence.com, which is where the video footage at issue was shared with counsel from the Cook County Sheriff's Office. Moreover, a review of the Cook County Sheriff's Office's Office of Professional Review's review of the video footage produced during the course of discovery was previously produced at Bates 2686.

The video footage, its original G64 format, was sent to counsel during the course of discovery and will be sent to Garrett Discovery upon receipt of the signed confidentiality order.

Prior to Plaintiff's deposition, defense counsel had the file converted from a G64 file to an MP4 file, which is a format that can be filed with the Court's electronic exhibit submission portal in conjunction with a filing a motion for summary judgment. The MP4 file was shown to Plaintiff during his deposition. Counsel will also send Garrett Discovery a copy of converted MP4 file played to Plaintiff during his deposition for comparison. Counsel has reviewed both the G64 and MP4 file and has confirmed that files are identical in terms of the length of the video and the footage depicted.

   iii. *Mansoori v. Morrison*, 21-cv-6173

The referral in this case has been terminated.

 **B. Group B Cases:** Written discovery is complete in these cases. Parties have not had an opportunity to confer regarding potential deposition dates for Plaintiff. Plaintiff indicated that he may want to take depositions if he obtains the finances to do so.

   iv. *Mansoori v. Stadnicki*, 22-cv-1632

No updates.

   v. *Mansoori v. Stadnicki*, 22-cv-2471

Plaintiff contends that medical records previously produced in the course of litigation do not contain certain records relating to an x-ray and blood test(s). Defense counsel is still working on determining if such records exist.

   vi. *Mansoori v. Dart, et al.*, 22-cv-1638

On June 17, 2025, Plaintiff confirmed that he received records responsive to his narrowed request for records showing inmate transfers for Division 6 Tier 1K from March 6, 2020 to April 16, 2020. There are 132 inmate transfers on that list, produced as Bates 4381-4382.

On May 29, 2025, this Court ordered Defendant to identify and respond to a previous discovery request that Plaintiff indicated that he had made regarding the identity of the person who made the decisions about detainee transfers from Division 6 Tier 1K from March 6, 2020 to April 16, 2020. This Court indicated that if Defendant has not fully responded to such request, Defendant shall do so. However, this Court noted that if Plaintiff did not previously make this request, he cannot initiate a new discovery request without leave of court.

Defense counsel has confirmed that Plaintiff previously made the following discovery request: "The names of each classification employee who executed each inmate transfer onto tier 1K and off of tier 1K, between March 6, 2020 and April 16, 2020 of Division 6. The employees clicking the buttons, their names, produce it, for each instance."

Dart responded to that discovery request on August 12, 2024, objecting on the basis that the request was overbroad, unduly burdensome, and seeks information not reasonably related to the claims or defenses of any party and not proportionate to the needs of the case.

In recent months, the parties met and conferred about that response on numerous occasions, and defense counsel informed Plaintiff that Defendant Dart sustains his objections. Specifically, in order to respond to Plaintiff's prior discovery request, the Cook County Sheriff's Office would need to conduct a search for the name of the employee who entered each of the 132 updated bed

assignments for each entry in the list produced as Bates 4381-4382. Defendants maintain that conducting this search would be unduly burdensome and not produce information helpful to Plaintiff's claim because the information produced would *only* identify the individual who *typed* in the updated bed assignment. That person who entered that data is not necessarily the person who made the determination about the updated bed assignment. Therefore, responding to Plaintiff's request would not provide Plaintiff with information related to why the inmate transfer determination was made, the name of the individual who made that determination, or the name of people who may have knowledge about why the determination was made. Therefore, Defendant Dart sustains his prior objections.

Moreover, Plaintiff's request discussed by this Court in the May 29, 2025 order for the name of the individuals who made *decisions* about the 132 inmate transfers at issue is outside the scope of Plaintiff's prior discovery request. Defendant objects to Plaintiff being granted leave to issue new discovery requests at this time, after written discovery is complete.

If Plaintiff is granted leave of Court to make such a request for the first time, Defendant will object to the request as unduly burdensome. For each and every inmate transfer noted on the previously produced list, defense counsel would need to conduct an investigation to determine *why* the inmate transfer decision was made, which would be unduly burdensome and not proportional to the needs of this case. Even if defense counsel were to conduct such an investigation, defense counsel may only be able to determine why the person was moved but would not necessarily be able to identify the name of the individual who actually made the determination. And to the extent that any of the inmate transfers were due to medical need, Defendant Dart and the individual who typed in the updated bed assignment would not have access to information about that medical determination, including the name of the individual who made that determination.

   C. **Third, Group C Cases**: Liaison Counsel has requested agreed extensions of time on behalf of all parties to respond to any outstanding discovery noted below. Plaintiff indicated that he may want to take depositions if he obtains the finances to do so.

      i. *Mansoori v. Squires, et al.*, **21-cv-5881**

On June 16, 2025, Defendants responded to Plaintiff's Request for recreation tier logs for 12/30/19 through 12/31/2019 in Division 6, Tier 1N.

      ii. *Mansoori v. Patel*, **22-cv-3484**

Defendant was not able to respond to Plaintiff's written discovery requests by the June 25, 2025 deadline and will be requesting a short extension at the July 9, 2025 status hearing.

      iii. *Mansoori v. Brown*, **17-cv-8846**

Plaintiff indicated that he still intends to file a motion to amend the complaint in this case in light of Defendant Brown's passing to name Defendant Garcia in both counts of the complaint. Due to

9

Plaintiff's pending criminal trial and appellate briefing, Plaintiff requests additional time to file an amended complaint. While Plaintiff has not yet filed a motion to amend the complaint or provided defense counsel with his proposed amended complaint, defense counsel is generally not opposed to Plaintiff's amending the complaint, subject of course to reviewing the proposed amended complaint.

    iv.    *Mansoori v Milly*, **21-cv-6379**

Defendants completed the search of the fifteen boxes that contain library requests slips from March of 2021 through March of 2022. On June 16, 2025, Defendants responded to Plaintiff's request for law library slips that he submitted to Ms. Milly during that time period.

On June 25, 2025, Plaintiff informed liaison counsel that he intends to request leave of Court to issue supplemental discovery requests requesting information relating to the identity of the individual who entered an inmate alert previously produced during the course of discovery. On July 1, 2025, defense counsel received a supplemental request for "the name of each person who entered, ordered, or otherwise has knowledge of the alert stating "Do not house in Div. 11 pending litigation against the law librarian," in Bates 003948, in this above captioned matter and the discovery thereof."

Defendants object to Plaintiff's request to issue supplemental discovery as the time to issue written discovery in this case has passed and written discovery is complete. Moreover, the request seeks information unrelated to and outside the needs of this case. The alert went into effect on October 31, 2019, and on that same date Plaintiff was transferred out of Division 11. The allegations in this case pertain to law library requests that Plaintiff made from March of 2020 through March of 2021 when he was housed in Division 6, which have nothing to do with the October 31, 2019 alert. Moreover, Plaintiff's request is overly broad, vague, and unduly burdensome ("each person who entered, ordered, or otherwise has knowledge").

D. **Fourth, Group D Cases:** Liaison Counsel has requested agreed extensions of time on behalf of all parties to respond to any outstanding discovery noted below.

    i.    *Mansoori v. Amadore, et al.*, **22-cv-1642**

Defendant Hines has not yet received responses to written discovery requests served on Plaintiff on January 29, 2025. Plaintiff requested an extension of time to respond to those requests on during the meet and confers.

Liaison counsel had taken a note during a meet and confer regarding an employee tier log from January 23 and 24, 2022, tier 2N, but was unable to address this issue further with Plaintiff due to time constraints. Liaison counsel was not able to locate such a request and, therefore, is not able to provide an update without more information.

On July 1, 2025, counsel for the CCSO defendants received a subpoenas from Plaintiff addressed to Sheriff Tom Dart seeking: "All records of any Cook County Sheriff complaining of smoke filled work conditions, while employed on the job, at cook county jail, in Division 4 or Division

10

6, between the time period of December of 2020 through August 2022, in your possession, custody, or otherwise under your control."

Defendant Dart will be moving to squash this subpoena because searching for the requested records would be unduly burdensome for the following reasons. Plaintiff's request for records is overly vague as Plaintiff has not indicated the type of records that would contain the requested information and, therefore, Sheriff Dart cannot determine where such records would be located. Plaintiff's request is overly broad because he is requesting records of any Cook County Sheriff Office staff working in Division 4 or Division 6 making certain complaints during a time period of over two-and-a-half years. Thus, conducting a search for such records would be unduly burdensome because the Cook County Sheriff's Office would need to search all emails and other unspecified types of records associated with all employees working in those divisions during the extensive time period. Moreover, the time to issue discovery in this case has passed, and Plaintiff should have timely requested such information and/or records during the course of discovery.

On July 1, 2025, counsel for the CCSO defendants also received a subpoena addressed to Dr. Erik Mikailis of Cook County Health seeking: "A statistical disclosure, including the # of times narcane was administered on inmates in CCJ, the # of time inmates needed medical attention after ingestion and toxicity of any chemicals, the # of deaths by overdose, each variant drug by name, present in the blood if inmates receiving medical services, including autopsy, while in the custody of the Cook County Sheriff, and while the relevant inmates were housed in Division 4 or 6, immediately prior to receive medical attention, of Cook County Jail, between the time period of December 2020 through August 2022."

It is not clear why Plaintiff sent this subpoena to defense counsel, who cannot accept service of this subpoena on behalf of Cook County Health employees.

        ii.    *Mansoori v. Thomas*, **22-cv-1634**

Defendant is still working on responding to Plaintiff's written discovery requests and will request an extension at the July 9, 2025 status hearing, if the requests have not been responded to by that date.

        iii.    *Mansoori v. Pickens, et al.*, **22-cv-3485**

On June 25, 2025, Defendants responded to Plaintiff's requests for production of documents and Defendant Vanco responded to Plaintiff's interrogatories served on her.

Defendant Pickens was not able to respond to Plaintiff's written interrogatories served on her by the June 25, 2025 deadline and will be requesting a short extension at the July 9, 2025 status hearing, if the requests have not already been responded to by that date.

During the June 17, 2025 meet and confer, Plaintiff indicated that he is still working on responding to Defendants' requests.

The parties have agreed to their respective requests for extensions.

Respectfully submitted,

*/s/ Ashlee Doss*
Ashlee Doss
Jessica Ratner
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
ashlee.doss@cookcountysao.org
jessica.ratner@cookcountysao.org

*/s/ Troy S. Radunsky*
Special State's Attorney
DEVORE RADUNSKY LLC
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606

*/s Kevin C. Kirk*
Special State's Attorney
William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
181 W. Madison, Suite 4700
Chicago IL 60602
wboberts@obertsgalasso.com
Kckirk@obertsgalasso.com

*/s/ Oliver Kassenbrock*
Oliver Kassenbrock
Assistant States Attorney
Conflicts Counsel Unit
50 W. Washington St., Ste 2760
Chicago, Illinois 60602
oliver.kassenbrock@cookcountysao.org

## CERTIFICATE OF SERVICE

I, Jessica Ratner, hereby certify that I have caused true and correct copies of *Parties' Global Joint Status Report* and foregoing to be served on all Parties pursuant to ECF and in accordance with the rules of electronic filing of documents a copy was mailed via U.S. Mail on July 3, 2025 to:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

                                              */s/ Jessica Ratner*
                                                Jessica Ratner