UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher James Mansoori | 2017-CV-8846 |
| | 2021-CV-5881 |
| Plaintiff, | 2021-CV-6242 |
| | 2021-CV-6379 |
| v. | 2022-CV-1632 |
| | 2022-CV-1634 |
| Defendants, et al | 2022-CV-1635 |
| | 2022-CV-1638 |
| Defendants | 2022-CV-1642 |
| | 2022-CV-2471 |
| | 2022-CV-3484 |
| | 2022-CV-3485 |

Magistrate Judge Jeffrey T. Gilbert

**ORDER**

Status hearing held on 7/9/25. The Court reviewed The Defendants' Joint Global Status Report and Liaison Counsel's Updated Status Report filed in all cases. The parties are referred to the transcript of the status hearing for a complete record of the proceeding.

At the parties' request, the deadline to complete depositions, including of Plaintiff Mr. Mansoori, in the Group B cases (*Mansoori v. Stadnicki*, 22-cv-1632, *Mansoori v. Stadnicki*, 22-cv-2471, *Mansoori v. Dart*, et al., 22-cv-1638), the Group C cases (*Mansoori v. Squires, et al.*, 21-cv-5881, *Mansoori v. Patel*, 22-cv-3484, *Mansoori v. Brown*, 17-cv-8846, and *Mansoori v Milly*, 21-cv-6379), and the Group D cases (*Mansoori v. Amadore, et al.*, 22-cv-1642, *Mansoori v. Thomas*, 22-cv-1634, and *Mansoori v. Pickens, et al.*, 22-cv-3485) is extended from 7/31/25 to 9/15/25.

Although the Court did not address this topic at the hearing, given that the previously set written discovery close date of 3/30/25 has long passed, except for

specific extensions by the Court for certain discovery responses in particular cases, and in light of the parties' apparent progress in scheduling Plaintiff's deposition in the remaining cases, the Court sets a fact discovery close date of 9/30/2025 in the Group B, C, and D cases. If any party objects to this date, they should address the issue in the next status report or in an appropriate motion before then. Fact discovery previously closed in the Group A cases on 3/30/2025 and it remains closed other than as specifically extended by the Court with respect to potential expert review of video footage in *Mansoori v. Williams*, 22-cv-1635 and *Mansoori v. Smith, et al.*, 21-cv-6242. *See* 3/06/2025 Order ([207] in the *Mansoori v. Brown*, 17-cv-8846 docket).

With respect to *Mansoori v. Williams*, 22-cv-1635 and *Mansoori v. Smith, et al.*, 21-cv-6242, by 7/23/25 the parties shall file a status report addressing whether Garrett Discovery has signed Exhibit A to the Protective Order entered in these two cases ([119] and [136] respectively), assuming Plaintiff wants Garrett to review certain video footage. The Court will not hold in abeyance indefinitely discovery related to this proposed video review. The issue has been pending for some time. If necessary, Plaintiff may file a motion to extend the 7/23/25 date for good cause.

Also with respect to *Mansoori v. Smith*, et al., 21-cv-6242, Plaintiff's supplemental discovery request for the identity of every person who possessed, prepared, handled, held in their custody, or otherwise maintained control over the video footage is will be deferred until Plaintiff's proposed expert, Garrett Discovery, has signed the protective order referenced above and has had an opportunity to analyze the video. This discovery request is premature at this point for the reasons discussed at the hearing. The Court also notes the discovery request is very broad and may not produce relevant information that is proportional to the needs of this case, but the Court need not address those issues at this juncture.

In *Mansoori v. Dart, et al.*, 22-cv-1638, Defendants shall file by 8/1/25 any motion for protective order they intend to file regarding the matters discussed in the status report filed on 7/2/25. Plaintiff shall respond by 8/20/25. Defendants shall reply by 9/4/25.

In *Mansoori v. Patel*, 22-cv-3484, Defendant are given an extension of time to 7/23/25 to respond to Plaintiff's written discovery requests over Plaintiff's objection. Plaintiff's objection is that Defendant has had his discovery requests for awhile and it is unfair to give Defendant more time to respond. In the Court's view, obtaining

Defendant's discovery responses will assist Plaintiff in prosecuting his case, and a 14-day extension does not seem unreasonable as it will not delay the scheduling of Plaintiff's deposition in this case or any other discovery. If Defendant can provide discovery responses sooner than 7/23/25, they shall do so. This is the last extension of time that will be granted to Defendant to serve their discovery responses, however, absent extraordinarily good cause.

In *Mansoori v. Milly*, 21-cv-6379, Plaintiff shall file any motion for leave to serve his proposed supplemental discovery request by 8/1/25. Defendant shall respond by 8/20/25. Plaintiff shall reply by 9/4/25. The Court's analysis of Plaintiff's motion will include whether there is good cause to grant the motion within the meaning of Federal Rule of Civil Procedure 16(b)(4) which focuses largely on a moving party's diligence. *See McCann v. Cullinan,* 2015 WL 4254226 (N.D. Ill. July 14, 2015).

In *Mansoori v. Amadore*, et al., 22-cv-1642, Defendant shall file by 8/1/25 any motion for protective order he intends to file regarding the matters discussed in the status report filed on 7/2/25. Plaintiff shall respond by 8/27/25. Defendant shall respond by 9/11/25. If Plaintiff files a motion to reopen written discovery in this case or to serve more discovery requests after the close of written discovery, as he indicated he would do during the hearing, the Court will set a briefing schedule on any such motion when it is filed. The Court's analysis of any such motion will include whether there is good cause to grant the motion within the meaning of Federal Rule of Civil Procedure 16(b)(4) which focuses largely on a moving party's diligence. *See McCann v. Cullinan,* 2015 WL 4254226 (N.D. Ill. July 14, 2015).

In *Mansoori v. Thomas*, 22-cv-1634, Defendants are given an extension of time to 7/18/25 to respond to Plaintiff's written discovery requests. This is a short extension of time that will not otherwise delay discovery in this case or the scheduling of any deposition. This is the last extension of time that will be granted to Defendant to serve their discovery responses, however, absent extraordinarily good cause.

In *Mansoori v. Pickens*, et al., 22-cv-3485, Defendants are given an extension of time to 7/23/25 to respond to Plaintiff's interrogatories. There is good cause to grant this extension because defense counsel recently received documents from the Cook County Sheriff's Office relating to the divisions in which Defendant Pickens worked seven years ago, which Plaintiff has been pressing to obtain, and counsel requires a little more time to review and prepare them for production. This extension will not

otherwise delay discovery in this case or the scheduling of any deposition. This is the last extension of time that will be granted to Defendant to serve their discovery responses, however, absent extraordinarily good cause.

The parties shall file an updated joint global status report by 8/15/25. A continued status hearing is set for 9/4/25 at 10:30 a.m. in Courtroom 1386. Defense counsel shall appear in person at the status hearing on 9/4/25. Plaintiff Mr. Mansoori can appear by telephone. The Court requests that defense counsel arrange for Plaintiff to appear by telephone for that hearing at 650-479-3207 and the access code is 180 946 2499#. Press # to bypass the Attendee ID number.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 10, 2025