THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Mansoori, | ) | |
| | ) | |
| Plaintiff, | ) | 22-cv-1642 |
| | ) | |
| vs. | ) | Judge Lindsay C. Jenkins |
| | ) | |
| Sgt. Amador, et. al. | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**NON-PARTY COOK COUNTY SHERIFF THOMAS J. DART'S
MOTION TO QUASH PLAINTIFF'S SUBPOENA**

Non-party, Cook County Sheriff Thomas J. Dart, in his official capacity, by his attorney, Eileen O'Neill Burke, State's Attorney of Cook County, through her Assistant State's Attorneys, Jessica Ratner and Ashlee Doss, pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45, moves this Honorable Court to quash a subpoena issued by Plaintiff Christopher Mansoori. In support thereof, Defendants states as follows:

**BACKGROUND**

On July 1, 2025, undersigned counsel received a subpoena from Plaintiff, dated June 25, 2025, addressed to Sheriff Thomas Dart seeking: "All records of any Cook County Sheriff complaining of smoke filled work conditions, while employed on the job, at cook county jail, in Division 4 or Division 6, between the time period of December of 2020 through August 2022, in your possession, custody, or otherwise under your control."[1] *See* Ex. A.

---

[1] On July 1, 2025, undersigned counsel also received a subpoena addressed to Dr. Erik Mikailis of Cook County Health. This subpoena was addressed by this Court during the July 9, 2025 status hearing, and this Court agreed with undersigned counsel's position that they cannot accept service of a subpoena addressed to non-party Dr. Erik Mikailis, who is not a Cook County Sheriff Office Employee but rather an employee of Cook County Health.

1

On July 2, 2024, undersigned counsel filed a status report, outlining the basis for Defendant Dart's forthcoming Motion to Quash. Dkt. 195. On July 10, 2025, this Court ordered Defendant Dart to file that motion by August 1, 2025. Dkt. 197.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure permits the discovery of non-privileged matter "that is relevant" to a party's claim or defense and "proportional" to the needs of a case, weighing the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. *See* Fed. R. Civ. P. 26(b)(1); *Noble Roman's, Inc. v. Hattenhuaer Distrib. Co.*, 314 F.R.D. 304, 307, 2016 U.S. Dist. LEXIS 38428, *9 (S.D. Ind. Mar. 24, 2016). Rule 26 sets forth a liberal discovery standard, however the liberality causes the potential for abuse of the rules. *See Herbert v. Lando*, 441 U.S. 153, 176-77 (1979) ("There have been repeated expressions of concern about undue and uncontrolled discovery, and voices from this Court have joined the chorus . . [b]ut . . . reliance must be had on what in fact and in law are ample powers of the district judge to prevent abuse.").

One way in which the Federal Rules seek to limit this potential for abuse is through protecting the person subject to a subpoena under Fed. R. Civ. P. 45(d). Courts have the power to quash or modify a subpoena when responding would be unduly burdensome. Fed. R. Civ. P. 45(d)(3).

## ARGUMENT

Non-party Sheriff Dart requests that this Court quash Plaintiff's subpoena issued to him seeking: "All records of any Cook County Sheriff complaining of smoke filled work conditions, while employed on the job, at cook county jail, in Division 4 or Division 6, between the time period

2

of December of 2020 through August 2022, in your possession, custody, or otherwise under your control." *See* Ex. A. Defendant Dart requests that this Court quash the subpoena because Plaintiff did not issue this discovery request by the January, 2025 deadline and is attempting to circumvent the deadline by serving a subpoena. Further, Plaintiff's request is vague, overbroad, and overly burdensome.

**I.     Plaintiff not only issued his subpoena after the February 21, 2025 cutoff to issue written discovery, but on the exact date that written discovery closed.**

The time to issue discovery in this case has passed, and Plaintiff should have timely requested such information and/or records during the course of discovery. Specifically, Defendants Beacham, Queen, McCray, Holmes, and Amador responded to all discovery requests served on them in 2023. Although Plaintiff issued discovery requests on Cook County Health Defendant Hines[2] by the final February 21, 2025 deadline imposed by this Court,[3] he did not issue any other requests at that time.

Moreover, on May 8, 2025, this Court ordered a final June 25, 2025 deadline by which the parties were to respond to outstanding written discovery in *Amadore*, but did not grant Plaintiff leave to issue additional discovery in that case. Dkt. 191 at 3. On June 10, 2025, this Court explicitly stated that the previously set written discovery close date of March 30, 2025, was extended for the sole purpose of affording the parties additional time to *respond* to discovery in certain cases." *See* Dkt. 197 at 1-2 ("Although the Court did not address this topic at the hearing, given that the previously set written discovery close date of 3/30/25 has long passed,

---

[2] Plaintiff's Amended Complaint, filed on January 22, 2024, added Defendant Hines as a party. Dkt. 70. Defendant Hines is represented by outside counsel, who filed an appearance on her behalf on May 30, 2024. Dkts. 107-108.
[3] This Court originally ordered written discovery in *Amadore* by January 30, 2025. Dkt. 165 at 2. Defense counsel did not object to Plaintiff's request for a reasonable extension, and the deadline to issue written discovery was subsequently was extended to February 21, 2025. Dkts. 179 at 10, 181 at 2.

*except for specific extensions by the Court for certain discovery responses in particular cases*, and in light of the parties' apparent progress in scheduling Plaintiff's deposition in the remaining cases, the Court sets a fact discovery close date of 9/30/2025 in the Group B, C, and D cases."

Discovery has been ongoing in this case for over two years and firm deadlines have been in place. There is no reasonable basis for Plaintiff waiting until June 25, 2025—four months after the date by which Plaintiff was ordered to issue written discovery and the very date that written discovery closed in this case—to issue a subpoena on non-party Sheriff Dart. Because Plaintiff's subpoena is untimely and issued without leave of Court, it should be quashed.

**II.     Plaintiff's subpoena is vague, overbroad, and overly burdensome.**

Even if Plaintiff timely issued his request, which he has not, his request for records is vague, as Plaintiff has not indicated the type of records that would contain the requested information and, therefore, Sheriff Dart cannot determine where such records would be located. Plaintiff's request is also overly broad because he is requesting records of any Cook County Sheriff Office staff working in Division 4 or Division 6 making certain complaints during a time period of over two-and-a-half years. Thus, conducting a search for such records would be unduly burdensome because the Cook County Sheriff's Office would need to search all emails and other unspecified types of records associated with all employees working in multiple divisions during the extensive time period of two-and-a-half years.

On July 12, 2024, this Court denied Plaintiff's motion to compel relating to a similar discovery request for "all incident reports, including disciplinary tickets, for wicks, issued on all tiers, and any evidence of drugs, tobacco, smoke, smoking, and coffee squares for all tiers where Plaintiff was housed at any time, and statistical information regarding inmates that sought medical treatment for exposure to other inmates' drug use during these time periods." Dkts. 84

4

and 126. This Court determined that the request was overly broad and vague and instructed Plaintiff to narrow the scope. *Id*.

Plaintiff never narrowed the scope of that request in conversations with undersigned counsel.[4] *Id*. Instead, over a year later, Plaintiff issued an additional and untimely request to non-party Sheriff Dart, which is even *more* vague than his prior request because Plaintiff has not even identified the *type* of records he is seeking.

By sending a subpoena at this point in the litigation, Plaintiff is attempting to circumvent this Court's prior ruling by seeking records relating to employee rather than detainee complaints, outside of the reasonable deadlines set forth by the Court. But Plaintiff should not be permitted to engage in this improper fishing expedition. *See Sirazi v. Panda Express, Inc*., 2009 U.S. Dist. LEXIS 109558, at *11 (N.D. Ill. Nov. 24, 2009) (collecting cases) ("Indeed, the Seventh Circuit has often said that "discovery is not to be used as a fishing expedition.").

## **CONCLUSION**

WHEREFORE, for all the reasons stated herein, non-party Sheriff Dart requests that this Court grant his Motion to Quash and grant any other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Jessica Ratner*
Jessica Ratner
Ashlee Doss
Assistant States Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
jessica.ratner@cookcountysao.org
ashlee.doss@cookcountysao.org

---

[4] Three incident reports that appear to be responsive to that request were produced to Plaintiff as Bates 002731-002741 on October 21, 2024, and prior to undersigned counsel substituting their appearances for former counsel on November 14, 2024. Dkts. 149-152.

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 30, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

The undersigned attorney further certifies that the Plaintiff in the case is *pro se* and that on July 30, 2025, the foregoing document was mailed to Plaintiff via First-Class U.S. Mail at the following address:

**Christopher James Mansoori**
**2019-1007189**
**Cook County Jail - CCJ**
**2700 S. California Ave.**
**Chicago, IL 60608**

*/s/ Jessica Ratner*
Jessica Ratner